UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| ALBERTO RIVERA MONROY and IRMA PARRA-RIVERA, husband and wife,<br><br>                          Plaintiffs,<br><br>v.<br><br>REAL TIME RESOLUTIONS, INC., MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC., and MTC FINANCIAL INC. d/b/a TRUSTEE CORPS.<br><br>                          Defendants. | No.<br><br>**COMPLAINT**<br><br>DEMAND FOR JURY TRIAL |

        COME NOW the Plaintiffs, ALBERTO RIVERA-MONROY and IRMA PARRA-RIVERA, husband and wife, collectively ("Plaintiff") by and through counsel and bring this action against Defendants REAL TIME RESOLUTIONS, INC., MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC., and MTC FINANCIAL INC., d/b/a TRUSTEE CORPS, to enjoin the defendants' attempt to foreclose upon Plaintiff's homestead via nonjudicial means and for all damages, including those allowed under the Fair Debt Collection Practices Act ("FDCPA"), the Washington Consumer Protection Act ("CPA"), and the Real Estate Settlement Procedures Act ("RESPA"), resulting therefrom because the Subject Deed of Trust the Defendants' actions are based upon was reconveyed in 2009. Plaintiff states the following allegations:

**BARRAZA LAW PLLC**
10728 16TH AVE SW SEATTLE WA 98146
206-933-7861 phone 206-933-7863 fax

## I.   PARTIES

1.      Plaintiff owns and lives at the real property located at 23829 SE 248th Street, Maple Valley WA 98038, further identified as:

Lot(s) 57, Belmont Woods Division II, according to the Plat thereof recorded in Volume 172 of Plats, Page(s) 77 through 85, Records of King County, Washington, situated in the County of King, State of Washington.

2.      Defendant Real Time Resolutions, Inc. ("RTR") is a mortgage servicing company based out of Dallas, Texas. RTR purports to be the beneficiary of certain Deed of Trust under Instrument No. 20070301001246, as recorded in the official records of the Office of the Recorder of King County, Washington.

3.      Defendant Mortgage Electronic Registration Systems, Inc. ("MERS") is a foreign corporation doing business out of Reston, Virginia. MERS maintains an electronic registry of mortgages originated in the United States; it keeps track of transfers of and modifications to servicing rights and ownership of mortgage loans.  MERS declares to be the Beneficiary of the Deed of Trust under Instrument No. 20070301001246, as recorded in the official records of the Office of the Recorder of King County, Washington, securing Plaintiff's Property in second lien position.

4.      Defendant MTC Financial, Inc., d/b/a Trustee Corps. ("Trustee Corps"), is a Washington corporation in the business of foreclosing of real property through nonjudicial means on behalf of other entities. In this case, Trustee Corps acted on behalf of defendant RTR in effectuating a nonjudicial foreclosure upon Plaintiff's home and setting the sale date for October 1, 2021.

5.      At all times relevant, the Defendants are principal/agent or representative of one another and have acted in concert in their attempt to declare a debt owed and to effectuate a nonjudicial foreclosure to repossess Plaintiff's homestead. The defendants are liable to Plaintiff jointly and severally under the legal theories expressed herein.

BARRAZA LAW PLLC
10728 16TH AVE SW SEATTLE WA 98146
206-933-7861 phone 206-933-7863 fax

## II.    JURISDICTION AND VENUE

6.    Defendants' attempt to foreclose upon a deed of trust which had been reconveyed violates the FDCPA, 15 U.S.C.§1692f(6)(A) and (B), and other federal and state laws., including RESPA.

7.    Defendants' conduct also violates the Washington Consumer Protection Act, RCW 19.86, *et seq*., and tort laws.

8.    The Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 (general federal question), as well as supplemental jurisdiction for state law claims pursuant to 28 U.S.C. § 1367(a). If Plaintiff's federal claims against Trustee Corps failed, alternatively, Trustee Corps serves as a nominal defendant for purpose of curbing its attempt to conduct a nonjudicial foreclosure of Plaintiff's Property on behalf of RTS.  The Court has diversity jurisdiction pursuant to 28 U.S. Code § 1332 because the Plaintiff and the defendant RTR and MERS are citizens of different states, and the amount in dispute exceeds $75,000.

9.    Plaintiff seeks declaratory relief as available pursuant to 28 U.S.C. §§2201 and 2202.

10.    Venue is proper in this District under 28 U.S.C. §1391(b) because the Defendants conduct affairs and transacts business in this District, the unlawful acts giving rise to this complaint occurred in this District, and the Plaintiff in this District.

## III.    FACTUAL ALLEGATIONS

11.    Plaintiff acquired two loans at the same time to finance their home in 2007. They are current on the first mortgage.  The second mortgage was reconveyed in 2009. The second mortgage was evidenced by a Deed of Trust recorded in the official records of King County, Washington, under Instrument No. 20070301001246 (Exhibit A, Deed of Trust). The Reconveyance is evidenced by a "Substitution of Trustee and Deed of Conveyance" dated April 23, 2009, and recorded in the official records of King County under Instrument No. 20090603001231 (Exhibit B, Reconveyance).

12.    Despite the reconveyance, RTR launched an aggressive debt collection campaign against Plaintiff on the second mortgage which culminated with RTR's referral to Defendant

COMPLAINT - 3

Trustee Corps for nonjudicial foreclosure of Plaintiff's homestead (Exhibit C, Referral of Foreclosure).

13.     The nonjudicial foreclosure documents issued by Trustee Corps and RTR all referenced the Deed of Trust that was reconveyed 11 years prior (Exhibit D, Composite of Notice of Default dated 4/29/2021; Assignment of Deed of Trust recorded 5/12/2020; Notice of Trustee's Sale recorded 5/26/2021).

14.     The document, entitled "Substitution of Trustee and Deed of Conveyance" and referenced herein as "the Reconveyance" was signed in part by defendant MERS for the Substitution of Trustee. The Reconveyance portion was signed by Nationwide Title Clearing Inc., the successor trustee. The Instrument references the Subject Deed of Trust throughout and states that reconveyance of the Property was based on satisfaction of the indebtedness:

> NATIONWIDE TITLE CLEARING, INC., as successor Trustee under said Deed of Trust and as successor Trustee, **having received from the beneficiary under said Deed of Trust a written request to reconvey, reciting that the obligation(s) secured by the Deed of Trust have been fully satisfied**, does hereby grant, bargain, sell and convey, unto the parties entitled thereto all right, title and interest which was heretofore acquired by said Trustee under said Deed of Trust.

(Exhibit B, Reconveyance)

15.     The Reconveyance was picked up and relied upon by the public. Evidence of such reliance is found in the Commitment for Title Insurance issued by WFG National Title Insurance Company, issued under Order No. 20-211533 (Exhibit E, Title Commitment). Schedule B of the Commitment shows one Mortgage Lien recorded in the amount of $318,400.00 recorded on March 1, 2007, under Instrument No. 20070301001245, which represents the First Mortgage Lien.  However, there is no reference whatsoever of the Second Lien/the Subject Deed of Trust as recorded under Instrument No. 20070301001246.

16.     Despite the Reconveyance appearing clearly on the Official Records of King County, RTR, via defendant Trustee Corps, declared default and commenced nonjudicial foreclosure upon Plaintiff and their Property (Exhibit F, Request for Service made by Trustee

BARRAZA LAW PLLC
10728 16TH AVE SW SEATTLE WA 98146
206-933-7861 phone 206-933-7863 fax

Corps). The Notice of Default issued by Trustee Corps specifies that payments had not been made from **June 1, 2009, through April 19, 2021 in the amount of $123,946.98** and to cure the default, Plaintiff would have to pay said amount, as well as $2,074.74 in trustee's fees and costs (Exhibit D, Notice of Default).

17.     To effectuate the nonjudicial foreclosure of Plaintiff's property, MERS executed and caused to be recorded an Assignment of Deed of Trust.  This Assignment of Deed of Trust was signed and dated **May 12, 2020,** whereupon MERS purportedly assigned the very Deed of Trust that was reconveyed 11 years prior, to RTR (Exhibit G, Assignment of Deed of Trust).

18.     Upon learning about the Defendants' attempt of nonjudicial foreclosure, on **June 9, 2020,** Plaintiff served RTR with a Notice of Error pursuant to Regulation X of the Mortgage Servicing Act under RESPA, 12 CFR §1024.35, alerting RTR to the fact that the Subject Deed of Trust was reconveyed on June 3. 2009 (Exhibit H, NOE).

19.     Defendant RTR responded to Plaintiff via letter dated **June 22, 2020**, which states:

> **At this time, we do not have record that this loan was refinanced or otherwise satisfied**. If you have documentation showing that you are not responsible for the account in question, please forward it so that we may research this matter further.
> It is our position that this account remains outstanding and collectable as indicated by the enclosed Note, bearing your signature.  We have also included a copy of copy [sic] of the signed Deed of Trust that secures the loan to the associated property.

(Exhibit I, RTR's Letter of June 22. 2020).

20.     On May 26, 2021, Trustee Corps recorded a Notice of Trustee's Sale, announcing that RTR will, through Trustee Corps, sell Plaintiff's Property at auction on **October 1, 2021** (Exhibit J, Notice of Trustee's Sale).

21.     It is inexplicable how RTR failed to discern from the Official Records of King County that the Subject Deed of Trust being foreclosed upon was reconveyed, while a third-party was able to recognize the absence of a second lien on Plaintiff's Property.

BARRAZA LAW PLLC
10728 16TH AVE SW SEATTLE WA 98146
206-933-7861 phone 206-933-7863 fax

22.     Trustee Corps, in its business of handling nonjudicial foreclosures, routinely checks for military status, bankruptcy status and title status. Yet, it failed to discern from the Official Records of King County the fact that the Subject Deed of Trust was reconveyed 11 years prior.

23.     Plaintiff has relied, and continue to rely upon the representations made within the Reconveyance as recorded in the Official Records of King County, Instrument No. 20090603001231. Further, Plaintiff has never been notified by anyone or any entity that said Reconveyance was recorded by inadvertence, mistake, accident, or any reasons other than an intended act. In fact, no entity has ever sought to rescind the Reconveyance or reinstate the Subject Deed of Trust for any reasons during the past 11 years, as reflected by the Official Records of King County, Washington.

## IV. CAUSES OF ACTION

### CLAIM ONE: VIOLATION OF FAIR DEBT COLLECTION PRACTICES ACT

24.     Plaintiff repeats and realleges and  incorporate  by  reference  the  foregoing paragraphs.

25.     According to the Notice of Default, payments have not been made since June 1, 2009.  RTR was not the original loan servicer and became involved after the Loan was purportedly placed into default status. In the same Notice of Default, RTR is identified as the holder of "any Promissory Note or other obligation(s) secured by the Deed of Trust." Therefore, it appears that RTR was collecting the debt on behalf of another and meets the definition of a debt collector.

26.     While the Fair Debt Collection Practices Act (FDCPA) regulates security interest enforcement activity, it does so only through 15 U.S.C.S. § 1692f(6). RTR's referral of the Property to Trustee Corps for nonjudicial foreclosure fall within the ambit of §1692f(6)(A) and (C) which prohibit the use of unfair or unconscionable means to collect or attempt to collect any debt based upon the:

> (6) Taking or threatening to take any nonjudicial action to effect dispossession
> or disablement of property if—

COMPLAINT - 6

BARRAZA LAW PLLC
10728 16TH AVE SW SEATTLE WA 98146
206-933-7861 phone 206-933-7863 fax

(A) there is no present right to possession of the property claimed as collateral through an enforceable security interest; or

(C) the property is exempt by law from such dispossession or disablement.

27.      RTR violated §1692f(6)(A) because the Reconveyance operated to extinguish the lien upon the Property in 2009. Yet, in 2020, when RTR ordered nonjudicial foreclosure of the Property through its agent Trustee Corps, RTR did not have any right to possession of the Property because the security interest was unenforceable at the time of the referral.

28.      RTR violated §1692f(6)(B) because the same legal effect of the Reconveyance executed and recorded in 2009, operates to render Plaintiff's Property exempt or protected from RTR' attempt of dispossession.[1]

29.      RTR's violation of §1692f(6)(A) and (B) has caused financial injury to Plaintiff as they incurred time and resources to bring the Reconveyance to RTR's attention and to resist RTR's nonjudicial foreclosure. RTR's commencement of nonjudicial foreclosure has caused cloud of title of Plaintiff's Property, diminishing its marketability and the Plaintiff's earned equity. Furthermore, Plaintiff has incurred and continued to incur time and resources including attorney fees and costs to resist the nonjudicial foreclosure including the filing and prosecution of this action. Above all, Plaintiff would have to pay more than $120,000 to save the Property from foreclosure. RTR's violation of §1692f(6)(A) and (B) entitles Plaintiff to all relief accorded by §1692k, including actual damages and reasonable attorney fees and costs.

30.      Defendant Trustee Corps is a debt collector as defined under the FDCPA for purpose of §1692f(6). The definition includes any person who engages in any business the principal purpose of which is the enforcement of security interests. 15 U.S.C. §1692a(6).

31.      Trustee Corps' commencement of nonjudicial foreclosure against Plaintiff violates §1692f(6)(A) because the Reconveyance operated to extinguish the lien upon the Property as of 2009. When Trustee Corps recorded the Notice of Trustee's Sale setting the sale of Plaintiff's Property for October 2021, no entity had a right to possession of the Property through an enforceable security interest based on a lien in second position. Similarly, Trustee Corps violated

---

[1] *Dowers v. Nationstar Mortgage, LLC*, 852 F.3d 964 (9th Cir. 2017).

COMPLAINT - 7

BARRAZA LAW PLLC
10728 16TH AVE SW SEATTLE WA 98146
206-933-7861 phone 206-933-7863 fax

§1692f(6)(B) because the same legal effect of the Reconveyance, executed and recorded in 2009, provides that Plaintiff's Property is exempt or protected from Trustee Corps' nonjudicial foreclosure.

32.     Trustee Corps' violation of §1692f(6)(A) and (B) has caused financial injury to the Plaintiff. Trustee Corps' pursuit of nonjudicial foreclosure has directly caused cloud of title of Plaintiff's Property diminishing its marketability and distinguished Plaintiff's earned equity. Furthermore, Plaintiff has incurred and continued to incur time and resources including attorney fees and costs to resist the nonjudicial foreclosure as well as the filing and prosecution of this action. Above all, Plaintiff would have to pay more than $120,000 to save the Property from foreclosure. Thus, Trustee Corps' violation of §1692f(6)(A) and (B) entitles Plaintiff to all relief accorded by §1692k, including actual damages and reasonable attorney fees and costs.

**CLAIM TWO: VIOLATION OF REAL ESTATE SETTLEMENT PROCEDURES ACT**

33.     Plaintiffs repeat and reallege and incorporate by reference to the foregoing paragraphs.

34.     Section 2605(e) of the Real Estate Settlement Procedures Act ("RESPA") requires that servicers of federally related mortgage loans respond in a prescribed time and manner to qualified written requests from borrowers.12 U.S.C.S. § 2605(e). Regulation X is the implementing regulation. 12 C.F.R. § 1024.35 provides error resolution procedures which require the loan servicer to conduct a reasonable investigation of the asserted error. 12 C.F.R. § 1024.35(e)(1)(i)(B). RESPA provides for a private cause of action (12 U.S.C.S. § 2605(f)) to include violations of the implementing regulations 12 U.S.C.S. § 2601 et seq., including 12 C.F.R. §§ 1024.35, 1024.36, 1024.41, even if the underlying regulation does not specifically reference § 2605(f).

35.     It appears plainly from the face of RTR's Letter dated June 22, 2020, in response to Plaintiff's Notice of Error that the defendant failed to perform a reasonable investigation into the error notified by Plaintiff. The Letter, by its terms, did not mention the official title records of King County, Washington, or any other database of land records and yet it concluded that RTR

COMPLAINT - 8

did not have any record that the subject loan "**was refinanced or otherwise satisfied**." A satisfaction of the subject loan is evidenced by the Reconveyance of the subject deed of trust appearing in the official records of King County, Washington. Where the Regulation requires a reasonable investigation and such investigation requires verification through the land title records, RTR failed to conduct such an investigation.

36.     RTR's violation of RESPA has caused financial injury to the Plaintiff. RTR's referral of the Property to Trustee Corps resulted in the pursuit of nonjudicial foreclosure against Plaintiff and their Property. The nonjudicial foreclosure has directly causes cloud of title and diminution of  marketability as well as extinguished Plaintiff's earned equity. Furthermore, Plaintiff has incurred and continued to time and resources including attorney fees and costs to resist the nonjudicial foreclosure  as well as the filing and prosecution of this action. Above all, Plaintiff would have to pay more than $120,000 to save the Property from foreclosure. Therefore, RTR's violation of RESPA entitles Plaintiff to all relief accorded under the statute and regulations implementing the same, including actual damages and reasonable attorney fees and costs.

### CLAIM THREE: VIOLATION OF DEED OF TRUST ACT

37.     Plaintiff repeats and realleges and   incorporate   by   reference   the   foregoing paragraphs.

38.     The Subject Reconveyance recorded in King County Official Records constitutes proof that the Deed of Trust on the Second Mortgage of Plaintiff's Property was reconveyed pursuant to RCW 61.24.110(1) as of April of 2009. The statute provides that "[i]f no objection is recorded within sixty days following recording of the notarized declaration, any lien of the deed of trust against the real property encumbered must cease to exist." §61.24110(b). No objection appears in the public records of King County, Washington, and the Deed of Trust upon the second mortgage has ceased to exist. Therefore, MERS violated the Deed of Trust Act in assigning the Deed of Trust of the second mortgage lien to RTR.  RTR violated the Deed of Trust Act through its actions, among them, its issuance of the Beneficiary Declaration in aid of the nonjudicial

BARRAZA LAW PLLC
10728 16TH AVE SW SEATTLE WA 98146
206-933-7861 phone 206-933-7863 fax

foreclosure, whereupon RTR claims to be the beneficiary of a deed of trust that was reconveyed eleven years prior.

39.     Defendant Trustee Corps violates the Deed of Trust for its failure to conduct the cursory investigation into the existence of a valid deed of trust before commencing the nonjudicial foreclosure proceeding. Without such valid deed of trust, Trustee Corps' status as successor trustee is fictional or a nullity.

40.     The Defendants' violation of the Deed of Trust Act, occurring in a chain of events has caused financial injury to the Plaintiff. MERS' Assignment of Deed of Trust to RTR enabling RTR to refer the Property to Trustee Corps which then pursued nonjudicial foreclosure against Plaintiff and their Property. The nonjudicial foreclosure has directly caused cloud of title and diminution of marketability as well as extinguished Plaintiff's earned equity. Furthermore, Plaintiff has incurred and continued to incur time and resources including attorney fees and costs to resist the nonjudicial foreclosure as well as the filing and prosecution of this action. Above all, Plaintiff would have to pay more than $120,000 to save the Property from foreclosure. Therefore, the defendants' collective violation of the Deed of Trust Act entitles Plaintiff to all relief accorded under the statute and regulations implementing the same, including actual damages and reasonable attorney fees and costs.

## CLAIM FOUR: DECLARATORY JUDGMENT

41.     Plaintiff repeats and realleges and incorporate by reference the foregoing paragraphs.

42.     The current nonjudicial foreclosure of the Plaintiff's home is based upon the Deed of Trust that was actually reconveyed in 2009. The Reconveyance effectively eliminated the security interest provided for by the Deed of Trust. The Reconveyance has been relied upon by the Plaintiff and the public, evidence by the Title Commitment obtained by the Plaintiff in 2020.

43.     Even after having been alerted to the Reconveyance, none of the Defendants

BARRAZA LAW PLLC
10728 16TH AVE SW SEATTLE WA 98146
206-933-7861 phone 206-933-7863 fax

claimed any inadvertence, mistake, accident, or any other reasons.  No action was ever taken by MERS or any other entity to rescind the Substitution of Trustee and Reconveyance and to reinstate the Subject Deed of Trust and eleven years have passed since the recording of the Instrument. Thus, the Reconveyance remains valid and enforceable.

44.     There exists an actual justiciable conflict or controversy as between the Plaintiff and the Defendants: Plaintiff contends that the Reconveyance extinguished the security interest in the Subject Deed of Trust, and the Defendants are attempting to foreclose upon Plaintiff based on the same Deed of Trust. Therefore, Plaintiff seeks a declaratory judgment under RCW 7.24.020 from the Court entitling Plaintiff to be freed from the current nonjudicial foreclosure initiated by the defendants.

45.     Plaintiff is entitled to a Declaratory Judgment from this Court as to the status of their Property which is under an imminent nonjudicial foreclosure. Plaintiff prays for a Declaratory Judgment that restrains the impending nonjudicial foreclosure of Plaintiff's Property as currently being advanced by defendant Trustee Corps at the behest of defendants RTR and MERS.

**CLAIM FIVE: VIOLATION OF WASHINGTON CONSUMER PROTECTION ACT**

46.     Plaintiff repeats and realleges and  incorporate  by  reference  the  foregoing paragraphs.

47.     The Washington Supreme Court has held that it is possible for violations of the Deeds of Trust Act to constitute a violation of the Consumer Protection Act, even when there is no completed foreclosure sale and no allegation the plaintiff has paid any foreclosure fees. The analysis of the elements of a Consumer Protection Act claim premised on alleged Deeds of Trust Act violations is identical to the analysis of the elements of a Consumer Protection Act claim premised on any other allegedly unfair or deceptive practice with a public interest impact occurring in trade or commerce that has allegedly proximately caused injury to a plaintiff's

BARRAZA LAW PLLC
10728 16TH AVE SW SEATTLE WA 98146
206-933-7861 phone 206-933-7863 fax

business or property. To prove a cause of action under Washington's Consumer Protection Act ("CPA"), Plaintiff must prove five separate elements: (1) [an] unfair or deceptive act or practice; (2) occurring in trade or commerce; (3) public interest impact; (4) injury to plaintiff in his or her business or property; and (5) causation.

48.     MERS has acted and continues to act as a nominee for beneficiaries under deeds of trust in the State of Washington and beyond.  There are millions of documents signed by and recorded in MERS' name that are recorded in the public records of every state in the Union. The public actively relies upon these documents to buy and sell real property and transfer title accordingly. Said purchase and sale transactions affect commerce directly.

49.     In this case, MERS has caused for Assignments of Deed of Trust to be signed and recorded in its own name that directly conflicts with each other; one reconveyed a mortgage lien upon Plaintiff's property, and the other purports to assign the same mortgage lien to another entity. As such, MERS' documents are both deceptive and unfair; they deceptively induce reliance on the part of Plaintiff and the public where the information is contradictory. The unfairness stems from the exceedingly long period of time MERS allowed to pass between the creation and recording of these two documents.

50.     RTR's activities as a mortgage servicer go beyond the borders of the states.  Its handling of consumer mortgage accounts impacts an important public interest as consumers must depend on their lender or their servicer for the accuracy of the status of their accounts. Here, RTR, who is a complete stranger to the original transaction, caused for certain documents to be created, signed and recorded on the public records of King County, Washington, in order to foreclose on the Plaintiff's Property without a cursory investigation of the facts relating to said foreclosure. RTR has either intentionally or negligently overlooked the Subject Reconveyance in pursuit of an unlawful nonjudicial foreclosure.

51.     RTR's complete failure to discern the Reconveyance of 2009, and its June 22, 2020, letter to the Plaintiff, are both unfair and deceptive. Where the Reconveyance appears plainly on the Official Records, it was unfair for RTR to ignore it and to continue pursuing the

BARRAZA LAW PLLC
10728 16TH AVE SW Seattle WA 98146
206-933-7861 phone 206-933-7863 fax

nonjudicial foreclosure. RTR's Letter to Plaintiff is deceptive in that it indicates RTR does not have "**record that this loan was refinanced or otherwise satisfied**" when in fact the Reconveyance can be located readily from the Official Records of King County.

52.    Defendant Trustee Corps' sole business is nonjudicial foreclosure for profit. Trustee Corps' conduct affects consumers' real property, often results in the loss of a person's homestead.  Trustee Corps uses the telephone, the internet and the mail to conduct its business beyond the borders of the State of Washington. Washington courts have deemed the business of nonjudicial foreclosure as one occurring in and affecting commerce.

53.    The Washington Supreme Court has held that: "[a] foreclosure trustee must 'adequately inform' itself regarding the purported beneficiary's right to foreclose, including at a minimum, a 'cursory investigation' to adhere to its duty of good faith." It is well-known that Trustee Corps business requires the verification of military status, bankruptcy status and title search as part of the conduct of nonjudicial foreclosure.  As a matter of act, Trustee Corps regularly includes the cost of a title search in its foreclosure fees of real property.  Yet, in this case, Trustee Corps processed the nonjudicial foreclosure based on the Subject Deed of Trust without any mention of the Subject Reconveyance.  This proves that Trustee Corps either did not conduct the requisite investigation, or it did but simply omitted evidence of the Reconveyance of the Subject Deed of Trust. Regardless, Trustee Corps' failure violates the duty of good faith; it also constitutes an unfair or deceptive practice under the CPA.

54.    The unfair or deceptive aspect of the WACPA is determined on a case-by-case basis.  Neither intent nor actual deception must be proven for an act or practice to be deemed unfair or deceptive. Instead, the court asks the question of whether the defendant's conduct has the capacity to deceive as substantial portion of the public. Given the facts alleged herein, it is undeniable that the Defendants' conduct, individually and collectively, have the capacity to deceive a substantial portion of the public.

55.    The Defendants' conduct has caused financial injury to Plaintiff. The Defendants' violation of the Deed of Trust Act, occurring in a chain of events, has caused financial injury to

BARRAZA LAW PLLC
10728 16TH AVE SW SEATTLE WA 98146
206-933-7861 phone 206-933-7863 fax

the Plaintiff's Property and beyond.  MERS' Assignment of Deed of Trust to RTR enabling RTR to refer the Property to Trustee Corps which then pursued nonjudicial foreclosure against Plaintiff and their Property. The nonjudicial foreclosure has directly caused cloud of title and diminution of marketability as well as extinguished Plaintiff's earned equity. Furthermore, Plaintiff has incurred and continued to incur time and resources including attorney fees and costs to resist the nonjudicial foreclosure as well as the filing and prosecution of this action. Above all, Plaintiff would have to pay more than $120,000 to save the Property from foreclosure. Therefore, the defendants' collective violation of the Deed of Trust Act entitles Plaintiff to all relief accorded under the statute and regulations implementing the same, including actual damages and reasonable attorney fees and costs.

## CLAIM SIX: NEGLIGENT MISREPRESENTATION

56.     Plaintiff repeats and realleges and  incorporate  by  reference  the  foregoing paragraphs.

57.     The tort of negligent misrepresentation occurs when the defendant, in the course of business, profession, employment, or a transaction in which the defendant has a pecuniary interest, negligently supplies false information for the guidance of others in their business transactions, and the plaintiff justifiably relies on such information to his detriment.

58.     MERS committed negligent misrepresentation against Plaintiff because it creates and maintains a database of mortgage information for profit. MERS is supposed to accurately keep track of transfers and modifications to servicing rights and ownership of mortgage loans. MERS' services are widely used by the real estate finance industry for residential and commercial mortgage loan recording trading. As such, the information that MERS provides or certifies must be precise and  accurate.

59.     MERS negligently supplied conflicting information to the Plaintiff and to the public by signing and allowing for two Assignments of Deed of Trust that directly conflict with each other: one reconveyed a mortgage lien upon Plaintiff's property, and the other purports to assign the mortgage lien to another entity for specific purpose of nonjudicial foreclosure.

BARRAZA LAW PLLC
10728 16TH AVE SW SEATTLE WA 98146
206-933-7861 phone 206-933-7863 fax

60.     MERS knew or should have known that entities such as RTR and Trustee Corps actively rely upon MERS' information to declare default and to commence foreclosure upon the collateral. MERS knew or should have known that documents bearing MERS' name and signature are actively relied upon by the public to transact in real property. Neither the Plaintiff nor the public had any option but to rely upon MERS' written representations as appear in the public records. If there is any inaccuracy in the recorded representations, MERS has an affirmative duty to correct the inaccuracy as soon as practicable.  It was foreseeable to MERS that the conflict created by MERS' documents in this case, left uncorrected, would cause monetary and other damages to Plaintiff, including the possible loss of the place they call home.

61.     MERS' negligent misrepresentation has proximately caused injury to Plaintiff and Plaintiff's Property. It caused Plaintiff to be insecure about the title status of their Property. It has diminished the Property's valuation and earned equity that Plaintiff has. Above all, Plaintiff would have to pay more than $120,000 to save the Property from foreclosure. But for MERS' negligent misrepresentation, Plaintiff would not have to incur time and expenses to bring the issue to the attention of RTR, to resist the nonjudicial foreclosure and to prosecute the claims within this Complaint in federal court.

62.     Defendant RTR, being a mortgage loan servicer, is in the business of servicing loans including enforcement of contractual terms allowing for the foreclosure of collaterals used to secure these loans.  RTR receives compensation for its services which comes from payments made by the consumers on their mortgage loans. RTR has a duty to verify and confirm information not only about the loan accounts, but also the status of title of the property that secure the loans, especially for purpose of declaring default and referring the loans to foreclosure. In this case, RTR was not the original servicer and must take extra care to ensure the information it has received from another about the Plaintiff's loan and Property is accurate, including the status of the lien upon the Property serving as collateral.

63.     RTR made negligent misrepresentations in its Declaration of Ownership which was used to facilitate the nonjudicial foreclosure of Plaintiff's home. On July 17, 2020, Wesley

**BARRAZA LAW PLLC**
10728 16TH AVE SW SEATTLE WA 98146
206-933-7861 phone 206-933-7863 fax

Owens, Senior Vice President of RTR signed the document and certified under penalty of perjury that "Real Time Resolutions, Inc., is the holder of the Promissory Note ('Note') secured by a certain Deed of Trust encumbering the above referenced property." (Exhibit J, Declaration of Ownership). However, as of July 17, 2020, the Subject Deed of Trust, which was reconveyed in 2009, has not been challenged, corrected, modified, or withdrawn in any way. Thus, RTR negligently misrepresented that the Subject Deed of Trust was valid and enforceable, in its debt collection and its attempt to foreclose on the Plaintiff's Property.

64.     RTR's negligent misrepresentation has proximately caused injury to Plaintiff and Plaintiff's Property. It caused Plaintiff to be insecure about the title status of their Property. It has diminished the Property's valuation and earned equity that Plaintiff has. RTR has been reporting to the credit reporting agencies that the Loan was in default and the Property is under foreclosure causing damages to Plaintiff's credit standing.  Above all, Plaintiff would have to pay more than $120,000 to save the Property from foreclosure. But for RTR's negligent misrepresentation, Plaintiff would not have to incur time and expenses to resist the nonjudicial foreclosure and to prosecute the claims within this Complaint in federal court.

65.     Defendant Trustee Corps is in the business of nonjudicial foreclosure which encompasses the collection, creation and recordation of documents affecting land title records. Trustee Corps receives compensation directly from the consumers/property owners through cure payments and proceeds of sale of foreclosed properties.  The documents created, collected, and recorded by Trustee Corps are relied upon by the public for accuracy in real estate transaction.

66.     Trustee Corps made negligent misrepresentations in the foreclosure documents it generated and collected in facilitation of the nonjudicial foreclosure of Plaintiff's home because it failed to notice the inconsistencies and inaccuracies represented within these documents, most notably is the Subject Reconveyance rendering Trustee Corps' current nonjudicial foreclosure of Plaintiff's Property improper and illegal. Thus, Trustee Corps negligently misrepresented that the Subject Deed of Trust was valid and enforceable in its attempt to foreclose on the Plaintiff's Property.

BARRAZA LAW PLLC
10728 16TH AVE SW SEATTLE WA 98146
206-933-7861 phone 206-933-7863 fax

67.    Trustee Corps' negligent misrepresentation has proximately caused injury to Plaintiff and Plaintiff's Property. It caused Plaintiff to be insecure about the title status of their Property. It has diminished the Property's valuation and earned equity that Plaintiff has. It has led to inaccurate credit information being reported to the credit reporting agencies affecting Plaintiff's credit standing adversely.  Above all, Plaintiff would have to pay more than $120,000 to save the Property from foreclosure. But for Trustee Corps' negligent misrepresentation, Plaintiff would not have to incur time and expenses to bring the issue to the attention of RTR, to resist the nonjudicial foreclosure and to prosecute the claims within this Complaint in federal court.

### CLAIM SEVEN: NEGLIGENCE

68.    Plaintiffs repeat and reallege and incorporate by reference to the foregoing paragraphs.

69.    At common law, every individual owes a duty of reasonable care to refrain from causing foreseeable harm in his interactions with others. MERS owes Plaintiff a duty of care not to create and record documents in the land title records that are false, misleading or simply conflicting with one another. By its conduct in this case where, by the nature of its own business, it was foreseeable that documents signed by MERS appearing in the public records of King County, Washington, which are inconsistent and/or inaccurate, would cause injury and harm to the Plaintiff and Plaintiff's Property.

70.    But for MERS' negligence, Plaintiff would not have to be insecure about the title status of their Property, experience a diminution in the valuation of their Property or any earned equity, and diminution in their credit standing. Above all, Plaintiff would have to pay more than $120,000 to save the Property from foreclosure due to MERS's negligence.  Without MERS' negligence, Plaintiff would not have to incur time and expenses to resist the nonjudicial foreclosure and to prosecute the claims within this Complaint in federal court.

71.    Defendant RTR, being a mortgage loan servicer, has a duty to verify and confirm information not only about the loan accounts, but also the status of title of the property that secure the loans, especially for purpose of declaring default and referring the loans to foreclosure. In this

COMPLAINT - 17

**BARRAZA LAW PLLC**
10728 16TH AVE SW SEATTLE WA 98146
206-933-7861 phone 206-933-7863 fax

case, RTR was not the original servicer and must take extra care to ensure the information it has received from another about the Plaintiff's loan and Property is accurate, including the status of the lien upon the Property serving as collateral.

72.     RTR was negligent in referring Plaintiff's Property for nonjudicial foreclosure, after Plaintiff had advised that the Subject Deed of Trust was reconveyed some 11 years prior. RTR' negligence was evidenced by its Letter of June 22, 2020, in which it asserted that it has "no record that this loan was refinanced or otherwise satisfied" where there is a Reconveyance recorded in the Official Records for all to see.

73.     But for RTR'S negligence, Plaintiff would not have to be insecure about the title status of their Property, experience a diminution in the valuation of their Property or any earned equity, and diminution in their credit standing. Above all, Plaintiff would have to pay more than $120,000 to save the Property from foreclosure due to RTS's negligence. Without RTS's negligence, Plaintiff would not have to incur time and expenses to resist the nonjudicial foreclosure and to prosecute the claims within this Complaint in federal court.

74.     Defendant Trustee Corps, being in the business of nonjudicial foreclosure, has a duty to verify all facts prior to the commencement of a nonjudicial foreclosure of the Plaintiff. Under Washington law, a trustee has the duty to conduct a cursory factual investigation prior to the initiation of nonjudicial foreclosure.  Has Trustee Corps fulfilled this duty properly, it would have located the Reconveyance and recognized that the Instrument bars the nonjudicial foreclosure as the lien upon the Property has been legally extinguished. Trustee Corps' failure of the cursory investigation prior to commencing the nonjudicial foreclosure constitutes simple negligence.

75.     But for Trustee Corps' negligence, Plaintiff would not have to be insecure about the title status of their Property, experience a diminution in the valuation of their Property or any earned equity, and experience diminution of their credit standing. Above all, Plaintiff would have to pay more than $120,000 to save the Property from foreclosure due to Trustee Corps' negligence. Without Trustee Corps' negligence, Plaintiff would not have to incur time and

BARRAZA LAW PLLC
10728 16TH AVE SW SEATTLE WA 98146
206-933-7861 phone 206-933-7863 fax

expenses to resist the nonjudicial foreclosure and to prosecute the claims within this Complaint in federal court.

## V.    PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully prays that judgment be entered against Defendants MERS, Real Time Resolutions, Inc., and MTC Financial, Inc., d/b/a Trustee's Corps. for the following:

1)    For declaratory relief that the Reconveyance of the Property recorded in 2009 has the legal force and effect of extinguishing the second mortgage lien upon the Property and injunctive relief restraining the current nonjudicial foreclosure sale of Plaintiff's Property;

2)    For judgment that Real Time Resolutions, Inc. and MTC Financial, Inc., d/b/a Trustee Corps violated §1692f(6)(A) and (B) of the Fair Debt Collection Practices Act;

3)    For judgment that Real Time Resolutions, Inc., violated Regulation X of RESPA;

4)    For judgment that all Defendants have violated the Washington Consumer Protection Act;

5)    For judgment that all Defendants have violated the Washington Deed of Trust Act;

6)    For judgment that all Defendants are liable to the Plaintiff for the torts of Negligence and Negligent Misrepresentation;

7)    For recovery of all resulting damages from the Defendants' violations of the FDCPA, RESPA, including statutory damages, actual damages, and attorney fees and costs as allowed under each of these federal statutes;

8)    For recovery of all resulting damages authorized by the Washington Consumer Protection Act, RCW 19.86.090, including treble damages and attorney fees and costs;

9)    For recovery of all resulting damages as authorized by the Washington Deed of Trust Act; RCW 61.24 et seq,

10)    For pre-judgment interest on the above amounts as authorized by law;

COMPLAINT - 19

**BARRAZA LAW PLLC**
10728 16TH AVE SW SEATTLE WA 98146
206-933-7861 phone 206-933-7863 fax

11)     For other relief as the Court deems just and equitable;

12)     For leave to amend this complaint as needed and as required; and

Respectfully submitted this _____ June 2021.

                                              BARRAZA LAW, PLLC

                                              /s/ V. Omar Barraza
                                              V. Omar Barraza, WSBA #43589
                                              10728 16th Avenue SW
                                              Seattle, Washington 98146
                                              omar@barrazalaw.com
                                              Tel.: (206) 933-7861
                                              Fax.: (206) 933-7863

                                              GRAND CENTRAL LAW, PLLC

                                              /s/ Ha Thu Dao
                                              Ha Thu Dao, WSBA #21793
                                              c/o 10728 16th Ave SW
                                              Seattle, Washington 98146
                                              hadaojd@gmail.com
                                              Tel.: (727) 269-9334
                                              Fax: (206) 933-7863

                                              HENRY & DEGRAAFF, PS

                                              /s/ Christina L. Henry
                                              Christina L. Henry, WSBA #31273
                                              191 First Avenue S, Ste 500
                                              Seattle, WA 98104
                                              chenry@hdm-legal.com
                                              Tel: (206) 330-0595
                                              Fax: (206) 400-7609

BARRAZA LAW PLLC
10728 16TH AVE SW SEATTLE WA 98146
206-933-7861 phone 206-933-7863 fax