IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| ALBERTO RIVERA MONROY and IRMA PARRA-RIVERA, husband and wife,<br><br>Plaintiffs,<br><br>vs.<br><br>REAL TIME RESOLUTIONS, INC., MORTGAGE ELECTRONIC REGISTRATION SYSTEMS INC, and MTC FINANCIAL INC., d/b/a TRUSTEE CORPS,<br><br>Defendants. | Case No: 2:21-cv-00813-BJR<br><br>RESPONSE TO DEFENDANT MERS' MOTION TO DISMISS |

Plaintiffs Alberto Rivera Monroy and Irma Parra-Rivera, by and through the undersigned counsel, submit this Response to Defendant MERS' Motion to Dismiss and state the following for support:

**PRELIMINARY STATEMENT**

This litigation concerns a second mortgage where the Plaintiffs are current on their first mortgage. Plaintiffs assert reliance upon a recorded document, the Substitution of Trustee and Deed of Reconveyance ("the Reconveyance"), which MERS signed as one of the signatories and which was recorded in 2009 as a release of the Deed of Trust securing their home. Plaintiffs



BARRAZA LAW, PLLC
10728 16TH AVE SW
SEATTLE WA 98146
Tel. 206-933-7861/Fax 206-933-7863

have sufficiently pleased that MERS subsequently recorded an Assignment of Deed of Trust in 2020 which directly conflicts with the Reconveyance and which purportedly asserts the same lien that was extinguished by the Reconveyance, allowing the Defendants RTR and MTC to effectuate a nonjudicial foreclosure upon their home**.** Recognizing the doubt/cloud of title caused by MERS' documents, Defendant RTR, through counterclaims (Dkt. #14), seeks rescission of the Reconveyance and reinstatement of the Deed of Trust, or imposition of an equitable lien.

**FACTS**

1. Plaintiffs allege that they acquired two loans at the same time to finance their home in 2007. They are current on the first mortgage. The second mortgage was reconveyed in 2009. The second mortgage was evidenced by a Deed of Trust recorded in the official records of King County, Washington, under Instrument No. 20070301001246 (Exhibit A, Deed of Trust). The Reconveyance is evidenced by a "Substitution of Trustee and Deed of Conveyance" dated April 23, 2009 and recorded in the official records of King County under Instrument No. 20090603001231 (Exhibit B, Reconveyance).

2. During the prior eleven years, RTR launched an aggressive debt collection campaign against Plaintiff but never initiated foreclosure. Not until 2021 did the defendants commence a nonjudicial foreclosure of Plaintiffs' home. The trustee's sale date is currently scheduled for October 1, 2021 (Exhibit C, Referral of Foreclosure).

3. The nonjudicial foreclosure documents issued by Trustee Corps and RTR all referenced the Deed of Trust that was reconveyed eleven years prior (Exhibit D, Composite of Notice of Default dated 4/29/2021; Assignment of Deed of Trust recorded 5/12/2020; Notice of Trustee's Sale recorded 5/26/2021).



BARRAZA LAW, PLLC
10728 16TH AVE SW
SEATTLE WA 98146
Tel. 206-933-7861/Fax 206-933-7863

4. The document ("the Reconveyance") is one seamless, continuous document signed first by defendant MERS allowing for the substitution of Trustee, National Title Clearing Inc. The substituted trustee then signed the Deed of Reconveyance portion. The Reconveyance references the Subject Deed of Trust throughout and states

> NATIONWIDE TITLE CLEARING, INC., as successor Trustee under said Deed of Trust and as successor Trustee, having received from the beneficiary under said Deed of Trust a written request to reconvey, reciting that the obligation(s) secured by the Deed of Trust have been fully satisfied, does hereby grant, bargain, sell and convey, unto the parties entitled thereto all right, title and interest which was heretofore acquired by said Trustee under said Deed of Trust.

(Exhibit B, Reconveyance)

5. Defendant REAL TIME SOLUTIONS, INC. ("RTR"), filed its Answer and Defenses as well as Counterclaims on August 20, 2021, requesting declaratory relief including Rescission of Recorded Reconveyance; Recission of Reconveyance; Reinstatement of the Deed of Trust; and Request for Equitable Lien (Dkt. #14), which places the legality of the nonjudicial foreclosure in issue.

**STANDARD UPON MOTION DISMISS**

A Rule 12(b)(6) motion tests the legal sufficiency of a claim. A claim may be dismissed only if "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45-46, 2 L. Ed. 2d 80, 78 S. Ct. 99 (1957); *Cahill v. Liberty Mut. Ins. Co.*, 80 F.3d 336, 338 (9th Cir. 1996). In deciding such a motion, the court accepts all material allegations of the complaint as true, as well as all reasonable inferences to be drawn from them. *Cahill*, 80 F.3d at 338. A dismissal is proper only where there is no cognizable legal theory or an absence of sufficient facts alleged to support a cognizable legal theory. *Balistreri v. Pacifica Police Dept.*, 901 F.2d 696, 699 (9th



BARRAZA LAW, PLLC
10728 16TH AVE SW
SEATTLE WA 98146
Tel. 206-933-7861/Fax 206-933-7863

Cir. 1988).

The issue on a motion to dismiss for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6) is not whether a plaintiff will ultimately prevail, but whether the plaintiff is entitled to offer evidence in support of his or her claims. *Scheuer v. Rhodes*, 416 U.S. 232, 236, 94 S. Ct. 1683, 40 L. Ed. 2d 90 (1974); *United States v. Aceto Agric. Chems. Corp*., 872 F.2d 1373, 1376 (8th Cir. 1989). Rule 12(b)(6) does not countenance dismissals based on a judge's disbelief of a complaint's factual allegations. *Neitzke v. Williams*, 490 U.S. 319, 327, 109 S. Ct. 1827, 104 L. Ed. 2d 338 (1989). Based on these principles, Plaintiffs urge the Court to deny MERS' Motion to Dismiss.

## ARGUMENT

### A. MERS mischaracterized Plaintiffs' allegations concerning the Assignment and other Documents Executed by MERS

Plaintiffs allege in their Complaint that they affirmatively relied upon the document entitled "Substitution of Trustee and Deed of Reconveyance" (Exhibit B) which refers to MERS as "the original Beneficiary under that certain Deed of Trust . . . under Doc. No. 20070301001246", which is the Deed of Trust securing the second mortgage that Plaintiffs took out in 2007. The top half of the document explains MERS to be "the undersigned Beneficiary" and "the present Beneficiary under the said Deed of Trust" and the "undersigned Beneficiary." Signing on behalf of MERS is Crystal Moore, Vice President of the company. Under the stated legal authority as Beneficiary/Present Beneficiary, MERS substituted Nationwide Title Clearing, Inc. for the original trustee.

The bottom half of the document expresses that Nationwide Title Clearing, Inc., who has been appointed "as successor Trustee under said Deed of Trust and as successor Trustee, having received from the Beneficiary under said Deed of Trust a written request to reconvey, reciting that the obligation(s) secured by the Deed of Trust have been fully satisfied . . ." The



BARRAZA LAW, PLLC
10728 16TH AVE SW
SEATTLE WA 98146
Tel. 206-933-7861/Fax 206-933-7863

Reconveyance was signed on April 23, 2009 and recorded on June 2, 2009 (Exhibit B). No payments were made on the underlying mortgage loan which was secured by the Deed of Trust identified in the Deed of Reconveyance for nearly a dozen years before the Defendants RTR and MTC initiated nonjudicial foreclosure.

MERS' lengthy argument that Plaintiffs have no standing to challenge assignments made by MERS is misplaced. Plaintiffs do not challenge the validity of the documents signed and recorded by MERS but assert actual reliance on them, alongside with other third parties, including WFG National Title Insurance which issued a title commitment on their homestead (Exhibit E) (Complaint, ¶¶14-15). Plaintiffs assert that MERS' subsequent Assignment of Deed of Trust recorded on May 12, 2020 (Exhibit G), directly contradict the Reconveyance recorded on June 2, 2009. Plaintiffs never challenged either of these documents, as executed and recorded by MERS, as invalid. Rather, they assert that the existence of these documents created cloud on their title and threatened their ownership interest in their home due to the impending nonjudicial foreclosure. Thus, contrary to MERS' assertion, this case is not about any alleged risk that Plaintiffs would have to pay the underlying debt more than once; it is about having to contest a lien that was released some eleven years prior.

As to MERS' argument that even if the 2020 Assignment is invalid, the cases cited by MERS for the proposition that one who has possession of the note can foreclose on the property, all of these cases involve a valid lien or deed of trust securing the real property. Here, Plaintiffs allege that there is no valid lien because the subject Deed of Trust was reconveyed which limits the note owner/holder to the ability to collect on the note but not an action to foreclose. Again, MERS is missing the fact that Plaintiffs simply contend that there was no longer any deed of trust for MERS to assign in 2020; the Deed of Trust was reconveyed in 2009. Complaint, ¶¶ 17-23.

**B. Plaintiffs claims warrant declaratory relief regardless of MERS' interest in the property**

For purposes of declaratory relief, a justiciable controversy is



BARRAZA LAW, PLLC
10728 16TH AVE SW
SEATTLE WA 98146
Tel. 206-933-7861/Fax 206-933-7863

"(1) . . . an actual, present and existing dispute, or the mature seeds of one, as distinguished from a possible, dormant, hypothetical, speculative, or moot disagreement, (2) between parties having genuine and opposing interests, (3) which involves interests that must be direct and substantial, rather than potential, theoretical, abstract or academic, and (4) a judicial determination of which will be final and conclusive." *Wash. State Coalition for the Homeless v. Dep't of Soc. & Health Servs*., 133 Wn.2d 894, 917 (1997) (quoting *Diversified Indus. Dev. Corp. v. Ripley*, 82 Wn.2d 811, 815 (1973).

In this case, it is not the nature or scope of MERS' interest in the Deed of Trust that is being litigated. Rather, Plaintiffs ask the Court to confirm that the Reconveyance is valid and extinguished the second lien on their home because the document was properly recorded in the land title record and has been relied upon not only by the Plaintiffs but by other third-parties. The Plaintiffs' right is in the nature of their homestead being freed of the second mortgage lien is at odds with MERS' recording of the Assignment of Deed of Trust asserting that the second mortgage lien is still intact. MERS' interest is the "nominal" interest in the subject Deed of Trust evidencing the second mortgage lien, conferring authority to the substituted trustee to reconvey. Therefore, declaratory relief is appropriate because the parties' interests are at odds and the conflict must be resolved by the Court.

**C. Plaintiffs allege direct conduct by MERS which is actionable under the CPA**

*Bain v. Metro. Mortg. Group, Inc.*, 175 Wn.2d 83, 88 -89 (2012) is the seminal case holding that in the context of mortgage foreclosure, plaintiffs may proceed under different theories of liability including violation of the CPA based on conduct of nonjudicial foreclosure. *Mickelson v. Chase Home Fin. LLC*, 901 F.Supp.2d 1286 (W.D. Wash., Oct. 31, 2012), explains how *Bain* does not hold that the presence of MERS in a mortgage creates a presumptive violation of the CPA *per se* but depending on the facts of a particular case, a borrower may or may not have been injured by MERS' direct action or causal role: "*Bain* held that MERS is ineligible as a 'beneficiary' under the Deed of Trust Act if it never held a



BARRAZA LAW, PLLC
10728 16TH AVE SW
SEATTLE WA 98146
Tel. 206-933-7861/Fax 206-933-7863

promissory note or other debt instrument secured by the deed of trust. Because of this, characterizing MERS as a beneficiary meets the deception element of the CPA claim." Id. at 1288.

MERS' role as nominal beneficiary in tens of thousands of deeds of trust and its execution of countless assignments of deed of trust in Washington had been adjudicated by the Washington Supreme Court as occurring in trade or commerce and affecting an important public interest, including the prevention of wrongful foreclosures and assurance of the stability of land title records: " But there is considerable evidence that MERS is involved with an enormous number of mortgages in the country (and our state), perhaps as many as half nationwide. John R. Hooge & Laurie Williams, Mortgage Electronic Registration Systems, Inc.: A Survey of Cases Discussing MERS' Authority to Act, Norton Bankr. L. Advisory No. 8, at 21 (Aug. 2010). If in fact the language is unfair or deceptive, it would have a broad impact [of a public interest]. This element is also presumptively met." *Bain*, 175 Wn.2d 118; *Trujillo v. NW. Tr. Servs. Inc*., 183 Wn.2d 820 (2015) (Foreclosure activities are conducted in the course of trade and commerce and impact a public interest); *Bavand v. OneWest Bank*, 176 Wn.App. 475 (2013); *Michael v. Mosquera-Lacy*, 165 Wn.2d 595, 604-05 (2009) (In a private action, a plaintiff can establish that the lawsuit would serve the public interest by showing a likelihood that other plaintiffs have been or will be injured in the same fashion).

In this case, Plaintiffs specifically allege that MERS has caused for documents to be recorded in MERS' name that directly conflict with one another. In 2009, MERS' vice-president Crystal Moore signed the "Substitution of Trustee and Deed of Reconveyance" recorded on June 2, 2009. Moore's signature was notarized and certified by Bryan J. Bly that she is in fact "the VICE PRESIDENT of MORTGAGE ELECTRONIC REGISTRATION SYTEMS, INC. ('MERS')" and as "such corporate officer" for MERS, she signed the document in the same capacity (Exhibit B). The Reconveyance references the recording number of the Deed of Trust securing the Plaintiffs' property and for more than eleven years,



BARRAZA LAW, PLLC
10728 16TH AVE SW
SEATTLE WA 98146
Tel. 206-933-7861/Fax 206-933-7863

the owner of the loan or holder of the note signed by the Plaintiffs, never attempted to foreclose on the Deed of Trust which reinforces Plaintiffs' belief that the lien over their homestead had been voluntarily reconveyed. Based on these facts, MERS' signing and recording the Assignment of the same Deed of Trust in 2020 when said Deed of Trust was already released by the Substitution of Trustee and Deed of Reconveyance is deceptive as defined under CPA case law. *Klem v. Wash. Mut. Bank*, 176 Wn.2d 771 (2013) (Practice of a trustee in a nonjudicial foreclosure deferring to the lender on whether to postpone a foreclosure sale and thereby failing to exercise its independent discretion as an impartial third party with duties to both parties was an unfair or deceptive act or practice and satisfied the first element of the Washington Consumer Protection Act); *Deegan v. Windermere Real Estate/Center-Isle, Inc.*, 197 Wn.App. 875 (2017) (Purchasers of real property in a county where a naval air station and other airfields were located sought damages from the property listing agents for violations of the Consumer Protection Act, sufficiently alleged that the listing agents engaged in an unfair or deceptive act by omitting from the seller's disclosure statement the more detailed warnings about local aircraft noise that were required by the county code); *Griffith v. Centex Real Estate Corp.*, 93 Wn. App. 202 (1998) (A seller's failure to disclose material facts to the purchaser in a real estate transaction supports a CPA claim when the facts are known to the seller but not easily discoverable by the buyer); *Panag v. Farmers Ins. Co. of Wash*., 166 Wn.2d 27 (2009) (Language of notices which may induce people to make payment under the mistaken belief that they have a legal obligation to do so when in fact the notices represent nothing more than an unadjudicated claim for tort damages is deceptive).

In accepting all factual allegations made in the Plaintiffs' Complaint as true and liberally construe them, the Court can infer that because MERS' documents were recorded and bearing MERS' names and signatures of MERS' corporate officers that MERS knew about them, the contents of these documents and the conflict they represent. The Court can also infer from the fact that when Plaintiffs notified the loan servicer, RTR, that the Deed of Trust was



BARRAZA LAW, PLLC
10728 16TH AVE SW
SEATTLE WA 98146
Tel. 206-933-7861/Fax 206-933-7863

reconveyed, RTR relied on the note alone for its right to collect on the debt, that the lien might have been released. The Court can reasonably infer from these facts that not a single effort was made by any entity, particular MERS, to determine whether the Reconveyance was recorded due to error or inadvertence for nearly a dozen years. Most importantly, the Court can take notice of Defendant RTR's counterclaims, seeking rescission of the Reconveyance and reinstatement of the original Deed of Trust as evidence that MERS' documents confused the land title record and must be judicially corrected.

Plaintiffs allege that MERS' conduct, the recording of conflicting documents, its failure to take any action to correct any error or inadvertence, and its failure to even detect the prior Reconveyance before recording the 2020 Assignment of Deed of Trust, without rescission of the Reconveyance are unfair and deceptive acts and omissions (Complaint, ¶¶ 48-49). Plaintiffs allege that they relied on the Reconveyance, as well as a title company which noted the absence of the lien in second position against their homestead. Plaintiffs allege resulting damages from their reliance upon the MERS' recorded documents as no payments were made toward the mortgage loan, and the lack of payments then was treated as a "default" and being used as a basis for nonjudicial foreclosure. Complaint, ¶55.

MERS' argument that it did not actually execute the Reconveyance, only the Substitution of Trustee, fails because MERS' documents, whether it is a substitution of trustee or assignment of deed of trust, enables a new entity, rather than the original trustee named in the Deed of Trust, to perform only two functions; to initiate nonjudicial foreclosure or to reconvey the original deed of trust. MERS documents created conflict; one document extinguished the lien while the other asserts the lien should be intact.

Even though MERS takes the position that the Assignment of Deed of Trust was not necessary for the nonjudicial foreclosure to be commenced against the Plaintiffs' home, it affects the title of Plaintiffs' property directly because it conflicts with the Reconveyance which extinguished the lien represented by the same Deed of Trust being assigned by MERS.



BARRAZA LAW, PLLC
10728 16TH AVE SW
SEATTLE WA 98146
Tel. 206-933-7861/Fax 206-933-7863

Without this Assignment, defendant RTR would not become the Beneficiary with the requisite authority to order the initiation of nonjudicial foreclosure against Plaintiffs' home.

The fact that Defendant RTR requests the Court to rescind the Substitution of Trustee and Deed of Conveyance and to reinstate the Deed of Trust is evidence that MERS' documents have caused the instability of land title affecting an important public interest of the State of Washington. *Frias v. Asset Foreclosure Servs. Inc*., 181 Wn.2d 412 (2014). Furthermore, the Supreme Court stated that injuries other than actual loss of title to a house to foreclosure sale is not necessary to state a CPA claim. *Id*. at 430. *Frias* stands for the principle that CPA injuries need not only be quantifiable monetary losses but also "where a business demands payment not lawfully due" or where one has to consult "an attorney to dispel uncertainty regarding the nature of an alleged debt." *Id*. at 431. Here, Plaintiffs allege that their house is under the threat of foreclosure even though the Deed of Trust was reconveyed nearly a dozen years prior. Plaintiffs allege that the nonjudicial foreclosure has directly caused cloud of title and diminution of marketability of their property. These injuries were proximately caused by the confusing and conflicting documents signed by MERS and recorded in the public record. Complaint, ¶¶ 40, 55.

As to the causation element of the CPA test, unlike other cases where a MERS' assignment of deed trust stands alone, the Assignment of Deed of Trust prepared, signed and recorded by MERS in 2020 relates directly to the Substitution of Trustee and Deed of Reconveyance recorded in 2009, referencing and affecting the lien in second position upon Plaintiffs' home. Because the prior Substitution of Trustee and Deed of Reconveyance effectively released the lien, MERS' recording of the Assignment of Deed of Trust in 2020 suggests that the same lien is still intact and subjecting Plaintiffs' home to be under nonjudicial foreclosure. MERS' action in making and recording the conflicting documents directly caused Plaintiffs' injuries and damages.



BARRAZA LAW, PLLC
10728 16TH AVE SW
SEATTLE WA 98146
Tel. 206-933-7861/Fax 206-933-7863

Finally, Plaintiffs allege that MERS violated the Deed of Trust Act through its conduct of assigning the Deed of Trust that was reconveyed eleven years prior. §61.24.110(B). Complaint, ¶38. This particular violation of the Deed of Trust Act can be compensable under the CPA even though the nonjudicial foreclosure has yet to complete. *Frias,* 181 Wn.2d at 430 (Even in the absence of a completed foreclosure sale, violations of the DTA may be actionable under the CPA under ordinary CPA principles); *Lyons v. U.S. Bank*, 181 Wn.2d 775, 784 (2014) (" . . . under appropriate factual circumstances, DTA violations may be actionable under the CPA, even when no foreclosure sale has been completed . . . the same principles that govern CPA claim general apply to CPA claims based on alleged DTA violations.")

**D. Plaintiffs' claim of negligent misrepresentation is well-pleaded**

Plaintiffs allege and provide the Court with a copy of the Substitution of Trustee and Deed of Reconveyance bearing the signature and notary public of MERS' corporate officer and employee. Its substitution of trustee allowed another entity, other than the original trustee, *to reconvey* the Deed of Trust. Without said Substitution, there would not be any reconveyance. The Reconveyance wiped out the Plaintiffs' second mortgage lien. This is the opposite of the scenario where MERS' assignment of deed of trust is not connected to any other document, and it is not necessary to conduct a nonjudicial foreclosure. Based on the Reconveyance, MERS' preparing and recording the Assigning of the same Deed of Trust in 2020 creates doubt and confusion as to whether the lien was released or remains intact. MERS is in the business of registering deeds of trust or mortgages and others rely upon the company's registration system. MERS' documents are recorded throughout the United States specially to be relied upon by others for real estate transactions. MERS made negligent misrepresentations to the Plaintiffs and others concerning the status of the title of their real property. MERS' negligent misrepresentations necessitated defendant RTR's request of judicial action to rescind the Conveyance and to reinstate the Deed of Trust.



BARRAZA LAW, PLLC
10728 16TH AVE SW
SEATTLE WA 98146
Tel. 206-933-7861/Fax 206-933-7863

**E. Plaintiffs' claim of simple negligence against MERS is well-pleaded**

In order to recover on a common law claim of negligence, a plaintiff must who (1) the existence of a duty to the plaintiff, (2) a breach of that duty, (3) a resulting injury, and (4) proximate cause. The analysis of whether a duty exists is based on foreseeability. *Maltman v. Sauer*, 84 Wn.2d 975, 980 (1975) ("The hazard that brought about or assisted in bringing about the result must be among the hazards to be perceived reasonably and with respect to which defendant's conduct was negligent."); *Ayers v. Johnson & Johnson Baby Prods. Co.*, 117 Wn.2d 747, 764, 818 P.2d 1337 (1991) ("[F]oreseeability is a matter of what the actor knew or should have known under the circumstances; it turns on what a reasonable person would have anticipated."; *Seeberger v. Burlington N.R.R*, 138 Wn.2d 815 (1999) (same).

Plaintiffs contend that MERS owed them a duty not to create and record documents that affect their land title that are false, misleading, or simply conflict with one another. Specifically, they allege that MERS recorded the Substitution of Trustee and Deed of Reconveyance in 2009, canceling the lien upon the Plaintiffs' home, and later recorded the Assignment of Deed of Trust in 2020, suggesting the lien is still intact. The answer to the question of whether MERS could have foreseen that the documents it created and recorded in the land title record would have an impact on title of someone's property is a resounding yes. Where it is foreseeable that MERS' action can affect land title, MERS owed a duty to the Plaintiffs not to make and record documents in the land title records that are inaccurate, conflicting or misleading.

Plaintiffs agree that the duty stemming from recording documents would be owed to subsequent purchasers, not the original parties to the transaction. In this case, MERS' Reconveyance and Assignment of Deed of Trust on the same property affect future transactions, including whether Plaintiffs pay off one lien or two liens; whether they can refinance, or sell the property with the cloud on title caused by MERS' documents. Thus, MERS breached the duty of ordinary care to the Plaintiffs and its breach resulted in actual



BARRAZA LAW, PLLC
10728 16TH AVE SW
SEATTLE WA 98146
Tel. 206-933-7861/Fax 206-933-7863

damages. In summary, Plaintiffs allege that MERS' Reconveyance has the effect of releasing the second lien upon Plaintiffs' property, and defendant RTR agrees that such effect has occurred as it seeks to have the Reconveyance rescinded and to have the original Deed of Trust reinstated. Thus, MERS' action has caused instability of title injuring not only the Plaintiffs but also other third parties.

**CONCLUSION**

Based on the foregoing, Plaintiffs have sufficiently pleaded the causes of action/legal theories delineated in their Complaint. These legal theories are not only cognizable, they are well-supported by the facts alleged. Therefore, the Court must deny MERS' Motion to Dismiss and award Plaintiffs' reasonable attorney's fees and costs for having defended against the same.

DATED this 9th day of September, 2021.

BARRAZA LAW, PLLC

*/s/ V. Omar Barraza*
V. Omar Barraza, WSBA #43589
10728 16th Avenue SW
Seattle, Washington 98146
omar@barrazalaw.com
Tel.: (206) 933-7861

GRAND CENTRAL LAW, PLLC

*/s/ Ha Thu Dao*
Ha Thu Dao, WSBA #21793
c/o 10728 16th Ave SW
Seattle, Washington 98146
hadaojd@gmail.com
Tel.: (727) 269-9334

HENRY & DEGRAAFF, PS

/s/ *Christina L. Henry*
Christina L. Henry, WSBA #31273
191 First Avenue S, Ste 500
Seattle, WA 98104
chenry@hdm-legal.com
Tel: (206) 330-0595

**CERTIFICATE OF SERVICE**

I hereby certify that I caused the foregoing Response to be served via the Court's e-portal and/or via email notification to the following:

Michael Steven DeLeo, WSBA 22037
Peterson Russell Kelly PLLC
Counsel for Defendant MTC Financial, Inc. dba Trustee Corps
1850 Skyline Tower
10900 NE 4th St
Bellevue WA 98004-8341
425-462-4700 Fax 452-451-0714
mdeleo@prklaw.com

Nellie Q. Barnard WSBA 50587
Holland & Knight
Counsel for Defendants Mortgage Electronic Registration Systems, Inc., and Real Time Resolutions, Inc.
601 SW Second Ave Ste 1800
Portland, OR 97204
503-243-2300 Fax 503-243-2301
nellie.barard@hklaw.com

DATED this 9th day of September 2021

*/s/ Vicente Omar Barraza*
Vicente Omar Barraza, Esq.



BARRAZA LAW, PLLC
10728 16TH AVE SW
SEATTLE WA 98146
Tel. 206-933-7861/Fax 206-933-7863