Exhibit A

Deed of Trust

20070301001246.001

After Recording Return To:
LIBERTY FINANCIAL GROUP, INC
205 108TH AVENUE NE #270, RGST CLOSING
BELLEVUE, WASHINGTON 98004
Loan Number: 11120718



20070301001246    45.00

FIRST AMERICAN DT
PAGE001 OF 013
03/01/2007 13:22
KING COUNTY, WA

——————— [Space Above This Line For Recording Data] ———————

# DEED OF TRUST

MIN:

Grantor(s) (Last name first, then first name and initials):
1. MONROY,   ALBERTO RIVERA
2. PARRA-RIVERA,  IRMA
3.
4.
5.
6.
☐  Additional names on page          of document.

Grantee(s) (Last name first, then first name and initials):
1. MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC.,  (MERS)
2.
3.
4.
5.
6.
☐  Additional names on page          of document.

Legal Description (abbreviated: i.e., lot, block, plat or section, township, range):
LOT 57, BELMONT WOODS DIV. II, VOL. 172, P. 77-85.

Full legal description on page   2   of document.

Assessor's Property Tax Parcel(s) or Account Number(s): 070571-0570-02

Reference Number(s) Assigned or Released:

☐  Additional references on page          of document.

WASHINGTON-SECOND MORTGAGE
Form 3848 - AS AMENDED FOR MERS          Page 1 of 9          DocMagic *eFarms* 800-649-1362
www.docmagic.com

20070301001246.002

THIS DEED OF TRUST is made this 27th day of FEBRUARY 2007    , among the Grantor, ALBERTO RIVERA MONROY AND IRMA PARRA-RIVERA, HUSBAND AND WIFE

(herein "Borrower"),

FIRST AMERICAN TITLE INSURANCE COMPANY 2101 FOURTH AVE SUITE 800, SEATTLE, WASHINGTON 98121              (herein "Trustee"), and the Beneficiary, Mortgage Electronic Registration Systems, Inc. ("MERS"), (solely as nominee for Lender, as hereinafter defined, and Lender's successors and assigns). MERS is organized and existing under the laws of Delaware, and has an address and telephone number of P.O. Box 2026, Flint, MI 48501-2026, tel. (888) 679-MERS.

LIBERTY FINANCIAL GROUP, INC, A WASHINGTON CORPORATION is organized and existing under the laws of WASHINGTON          and has an address of 205 108TH AVENUE NE, #270, BELLEVUE, WASHINGTON 98004

(herein "Lender").

BORROWER, in consideration of the indebtedness herein recited and the trust herein created, irrevocably grants and conveys to Trustee, in trust, with power of sale, the following described property located in the County of KING                , State of Washington:

LOT(S) 57, BELMONT WOODS DIVISION II, ACCORDING TO THE PLAT THEREOF RECORDED IN VOLUME 172 OF PLATS, PAGE(S) 77 THROUGH 85, RECORDS OF KING COUNTY, WASHINGTON. SITUATE IN THE COUNTY OF KING, STATE OF WASHINGTON. A.P.N.: 070571-0570-02

THIS SECURITY INSTRUMENT IS SECOND AND SUBORDINATE TO A FIRST LIEN RECORDING CONCURRENTLY. which has the address of 23829 SE 248TH STREET

[Street]

MAPLE VALLEY          , Washington    98038      (herein "Property Address");
[City]                                [Zip Code]

TOGETHER with all the improvements now or hereafter erected on the property, and all easements, rights, appurtenances and rents (subject however to the rights and authorities given herein to Lender to collect and apply such rents), all of which shall be deemed to be and remain a part of the property covered by this Deed of Trust; and all of the foregoing, together with said property (or the leasehold estate if this Deed of Trust is on a leasehold) are hereinafter referred to as the "Property." Borrower understands and agrees that MERS holds only legal title to the interests granted by Borrower in this Deed of Trust; but, if necessary to comply with law or custom, MERS, (as nominee for Lender and Lender's successors and assigns), has the right:  to exercise any or all of those interests, including, but not limited to, the right to foreclose and sell the Property; and to take any action required of Lender including, but not limited to, releasing or cancelling this Deed of Trust.

20070301001246.003

TO SECURE to Lender the repayment of the indebtedness evidenced by Borrower's note dated FEBRUARY 27, 2007 and extensions and renewals thereof (herein "Note"), in the principal sum of U.S. $ 79,600.00 , with interest thereon, providing for monthly installments of principal and interest, with the balance of the indebtedness, if not sooner paid, due and payable on MARCH 1, 2022 ; the payment of all other sums, with interest thereon, advanced in accordance herewith to protect the security of this Deed of Trust; and the performance of the covenants and agreements of Borrower herein contained.

BORROWER COVENANTS that Borrower is lawfully seised of the estate hereby conveyed and has the right to grant and convey the Property, and that the Property is unencumbered, except for encumbrances of record. Borrower covenants that Borrower warrants and will defend generally the title to the Property against all claims and demands, subject to encumbrances of record.

UNIFORM COVENANTS. Borrower and Lender covenant and agree as follows:
1. Payment of Principal and Interest. Borrower shall promptly pay when due the principal and interest indebtedness evidenced by the Note and late charges as provided in the Note.
2. Funds for Taxes and Insurance. Subject to applicable law or a written waiver by Lender, Borrower shall pay to Lender on the day monthly payments of principal and interest are payable under the Note, until the Note is paid in full, a sum (herein "Funds") equal to one-twelfth of the yearly taxes and assessments (including condominium and planned unit development assessments, if any) which may attain priority over this Deed of Trust and ground rents on the Property, if any, plus one-twelfth of yearly premium installments for hazard insurance, plus one-twelfth of yearly premium installments for mortgage insurance, if any, all as reasonably estimated initially and from time to time by Lender on the basis of assessments and bills and reasonable estimates thereof. Borrower shall not be obligated to make such payments of Funds to Lender to the extent that Borrower makes such payments to the holder of a prior mortgage or deed of trust if such holder is an institutional lender.

If Borrower pays Funds to Lender, the Funds shall be held in an institution the deposits or accounts of which are insured or guaranteed by a Federal or state agency (including Lender if Lender is such an institution). Lender shall apply the Funds to pay said taxes, assessments, insurance premiums and ground rents. Lender may not charge for so holding and applying the Funds, analyzing said account or verifying and compiling said assessments and bills, unless Lender pays Borrower interest on the Funds and applicable law permits Lender to make such a charge. Borrower and Lender may agree in writing at the time of execution of this Deed of Trust that interest on the Funds shall be paid to Borrower, and unless such agreement is made or applicable law requires such interest to be paid, Lender shall not be required to pay Borrower any interest or earnings on the Funds. Lender shall give to Borrower, without charge, an annual accounting of the Funds showing credits and debits to the Funds and the purpose for which each debit to the Funds was made. The Funds are pledged as additional security for the sums secured by this Deed of Trust.

If the amount of the Funds held by Lender, together with the future monthly installments of Funds payable prior to the due dates of taxes, assessments, insurance premiums and ground rents, shall exceed the amount required to pay said taxes, assessments, insurance premiums and ground rents as they fall due, such excess shall be, at Borrower's option, either promptly repaid to Borrower or credited to Borrower on monthly installments of Funds. If the amount of the Funds held by Lender shall not be sufficient to pay taxes, assessments, insurance premiums and ground rents as they fall due, Borrower shall pay to Lender any amount necessary to make up the deficiency in one or more payments as Lender may require.

Upon payment in full of all sums secured by this Deed of Trust, Lender shall promptly refund to Borrower any Funds held by Lender. If under paragraph 17 hereof the Property is sold or the Property is otherwise acquired by Lender, Lender shall apply; no later than immediately prior to the sale of the Property



20070301001246.004

or its acquisition by Lender, any Funds held by Lender at the time of application as a credit against the sums secured by this Deed of Trust.

3.  **Application of Payments.** Unless applicable law provides otherwise, all payments received by Lender under the Note and paragraphs 1 and 2 hereof shall be applied by Lender first in payment of amounts payable to Lender by Borrower under paragraph 2 hereof, then to interest payable on the Note, and then to the principal of the Note.

4.  **Prior Mortgages and Deeds of Trust; Charges; Liens.** Borrower shall perform all of Borrower's obligations under any mortgage, deed of trust or other security agreement with a lien which has priority over this Deed of Trust, including Borrower's covenants to make payments when due.  Borrower shall pay or cause to be paid all taxes, assessments and other charges, fines and impositions attributable to the Property which may attain a priority over this Deed of Trust, and leasehold payments or ground rents, if any.

5.  **Hazard Insurance.** Borrower shall keep the improvements now existing or hereafter erected on the Property insured against loss by fire, hazards included within the term "extended coverage", and such other hazards as Lender may require and in such amounts and for such periods as Lender may require.

The insurance carrier providing the insurance shall be chosen by Borrower subject to approval by Lender; provided, that such approval shall not be unreasonably withheld.  All insurance policies and renewals thereof shall be in a form acceptable to Lender and shall include a standard mortgage clause in favor of and in a form acceptable to Lender.  Lender shall have the right to hold the policies and renewals thereof, subject to the terms of any mortgage, deed of trust or other security agreement with a lien which has priority over this Deed of Trust.

In the event of loss, Borrower shall give prompt notice to the insurance carrier and Lender. Lender may make proof of loss if not made promptly by Borrower.

If the Property is abandoned by Borrower, or if Borrower fails to respond to Lender within 30 days from the date notice is mailed by Lender to Borrower that the insurance carrier offers to settle a claim for insurance benefits, Lender is authorized to collect and apply the insurance proceeds at Lender's option either to restoration or repair of the Property or to the sums secured by this Deed of Trust.

6.  **Preservation and Maintenance of Property; Leaseholds; Condominiums; Planned Unit Developments.** Borrower shall keep the Property in good repair and shall not commit waste or permit impairment or deterioration of the Property and shall comply with the provisions of any lease if this Deed of Trust is on a leasehold.  If this Deed of Trust is on a unit in a condominium or a planned unit development, Borrower shall perform all of Borrower's obligations under the declaration or covenants creating or governing the condominium or planned unit development, the by-laws and regulations of the condominium or planned unit development, and constituent documents.

7.  **Protection of Lender's Security.** If Borrower fails to perform the covenants and agreements contained in this Deed of Trust, or if any action or proceeding is commenced which materially affects Lender's interest in the Property, then Lender, at Lender's option, upon notice to Borrower, may make such appearances, disburse such sums, including reasonable attorneys' fees, and take such action as is necessary to protect Lender's interest.  If Lender required mortgage insurance as a condition of making the loan secured by this Deed of Trust, Borrower shall pay the premiums required to maintain such insurance in effect until such time as the requirement for such insurance terminates in accordance with Borrower's and Lender's written agreement or applicable law.

Any amounts disbursed by Lender pursuant to this paragraph 7, with interest thereon, at the Note rate, shall become additional indebtedness of Borrower secured by this Deed of Trust.  Unless Borrower and Lender agree to other terms of payment, such amounts shall be payable upon notice from Lender to Borrower requesting payment thereof.  Nothing contained in this paragraph 7 shall require Lender to incur any expense or take any action hereunder.

20070301001246.005

8.   Inspection.  Lender may make or cause to be made reasonable entries upon and inspections of the Property, provided that Lender shall give Borrower notice prior to any such inspection specifying reasonable cause therefor related to Lender's interest in the Property.

9.   Condemnation.  The proceeds of any award or claim for damages, direct or consequential, in connection with any condemnation or other taking of the Property, or part thereof, or for conveyance in lieu of condemnation, are hereby assigned and shall be paid to Lender, subject to the terms of any mortgage, deed of trust or other security agreement with a lien which has priority over this Deed of Trust.

10.  Borrower Not Released; Forbearance By Lender Not a Waiver.  Extension of the time for payment or modification of amortization of the sums secured by this Deed of Trust granted by Lender to any successor in interest of Borrower shall not operate to release, in any manner, the liability of the original Borrower and Borrower's successors in interest.  Lender shall not be required to commence proceedings against such successor or refuse to extend time for payment or otherwise modify amortization of the sums secured by this Deed of Trust by reason of any demand made by the original Borrower and Borrower's successors in interest.  Any forbearance by Lender in exercising any right or remedy hereunder, or otherwise afforded by applicable law, shall not be a waiver of or preclude the exercise of any such right or remedy.

11.  Successors and Assigns Bound; Joint and Several Liability; Co-signers.  The covenants and agreements herein contained shall bind, and the rights hereunder shall inure to, the respective successors and assigns of Lender and Borrower, subject to the provisions of paragraph 16 hereof.  All covenants and agreements of Borrower shall be joint and several.  Any Borrower who co-signs this Deed of Trust, but does not execute the Note, (a) is co-signing this Deed of Trust only to grant and convey that Borrower's interest in the Property to Trustee under the terms of this Deed of Trust, (b) is not personally liable on the Note or under this Deed of Trust, and (c) agrees that Lender and any other Borrower hereunder may agree to extend, modify, forbear, or make any other accommodations with regard to the terms of this Deed of Trust or the Note without that Borrower's consent and without releasing that Borrower or modifying this Deed of Trust as to that Borrower's interest in the Property.

12.  Notice.  Except for any notice required under applicable law to be given in another manner, (a) any notice to Borrower provided for in this Deed of Trust shall be given by delivering it or by mailing such notice by certified mail addressed to Borrower at the Property Address or at such other address as Borrower may designate by notice to Lender as provided herein, and (b) any notice to Lender shall be given by certified mail to Lender's address stated herein or to such other address as Lender may designate by notice to Borrower as provided herein.  Any notice provided for in this Deed of Trust shall be deemed to have been given to Borrower or Lender when given in the manner designated herein.

13.  Governing Law; Severability.  The state and local laws applicable to this Deed of Trust shall be the laws of the jurisdiction in which the Property is located.  The foregoing sentence shall not limit the applicability of Federal law to this Deed of Trust.  In the event that any provision or clause of this Deed of Trust or the Note conflicts with applicable law, such conflict shall not affect other provisions of this Deed of Trust or the Note which can be given effect without the conflicting provision, and to this end the provisions of this Deed of Trust and the Note are declared to be severable.  As used herein, "costs", "expenses" and "attorneys' fees" include all sums to the extent not prohibited by applicable law or limited herein.

14.  Borrower's Copy.  Borrower shall be furnished a conformed copy of the Note and of this Deed of Trust at the time of execution or after recordation hereof.

15.  Rehabilitation Loan Agreement.  Borrower shall fulfill all of Borrower's obligations under any home rehabilitation, improvement, repair, or other loan agreement which Borrower enters into with Lender.  Lender, at Lender's option, may require Borrower to execute and deliver to Lender, in a form acceptable to

20070301001246.006

Lender, an assignment of any rights, claims or defenses which Borrower may have against parties who supply labor, materials or services in connection with improvements made to the Property.

16. Transfer of the Property or a Beneficial Interest in Borrower. If all or any part of the Property or any interest in it is sold or transferred (or if a beneficial interest in Borrower is sold or transferred and Borrower is not a natural person) without Lender's prior written consent, Lender may, at its option, require immediate payment in full of all sums secured by this Deed of Trust. However, this option shall not be exercised by Lender if exercise is prohibited by Federal law as of the date of this Deed of Trust.

If Lender exercises this option, Lender shall give Borrower notice of acceleration. The notice shall provide a period of not less than 30 days from the date the notice is delivered or mailed within which Borrower must pay all sums secured by this Deed of Trust. If Borrower fails to pay these sums prior to the expiration of this period, Lender may invoke any remedies permitted by this Deed of Trust without further notice or demand on Borrower.

**NON-UNIFORM COVENANTS.** Borrower and Lender further covenant and agree as follows:

17. Acceleration; Remedies. Except as provided in paragraph 16 hereof, upon Borrower's breach of any covenant or agreement of Borrower in this Deed of Trust, including the covenants to pay when due any sums secured by this Deed of Trust, Lender prior to acceleration shall give notice to Borrower as provided in paragraph 12 hereof specifying: (1) the breach; (2) the action required to cure such breach; (3) a date, not less than 10 days from the date the notice is mailed to Borrower, by which such breach must be cured; and (4) that failure to cure such breach on or before the date specified in the notice may result in acceleration of the sums secured by this Deed of Trust and sale of the Property at public auction at a date not less than 120 days in the future. The notice shall further inform Borrower of (i) the right to reinstate after acceleration, (ii) the right to bring a court action to assert the nonexistence of a default or any other defense of Borrower to acceleration and foreclosure, and (iii) any other matters required to be included in such notice by applicable law. If the breach is not cured on or before the date specified in the notice, Lender, at Lender's option, may declare all of the sums secured by this Deed of Trust to be immediately due and payable without further demand and may invoke the power of sale and any other remedies permitted by applicable law. Lender shall be entitled to collect all reasonable costs and expenses incurred in pursuing the remedies provided in this paragraph 17, including, but not limited to, reasonable attorneys' fees.

If Lender invokes the power of sale, Lender shall give written notice to Trustee of the occurrence of an event of default and of Lender's election to cause the Property to be sold. Trustee and Lender take such action regarding notice of sale and shall give such notices to Borrower and to other persons as applicable law may require. After the lapse of such time as may be required by applicable law and after publication of the notice of sale, Trustee, without demand on Borrower, shall sell the Property at public auction to the highest bidder at the time and place and under the terms designated in the notice of sale in one or more parcels and in such order as Trustee may determine. Trustee may postpone sale of the Property for a period or periods not exceeding a total of 30 days by public announcement at the time and place fixed in the notice of sale. Lender or Lender's designee may purchase the Property at any sale.

Trustee shall deliver to the purchaser Trustee's deed conveying the Property so sold without any covenant or warranty, expressed or implied. The recitals in the Trustee's deed shall be prima facie evidence of the truth of the statements made therein. Trustee shall apply the proceeds of the sale in the following order: (a) to all reasonable costs and expenses of the sale, including, but not limited to, reasonable Trustee's and attorneys' fees and costs of title evidence; (b) to all sums secured by this Deed of Trust; and (c) the excess, if any, to the person or persons legally entitled thereto, or to the Clerk of the Superior Court of the County in which the sale took place.

WASHINGTON-SECOND MORTGAGE
Form 3848 - AS AMENDED FOR MERS          Page 6 of 9          DocMagic *eForms* 800 649-1362
www.docmagic.com

18. **Borrower's Right to Reinstate.** Notwithstanding Lender's acceleration of the sums secured by this Deed of Trust due to Borrower's breach, Borrower shall have the right to have any proceedings begun by Lender to enforce this Deed of Trust discontinued at any time prior to the earlier to occur of (i) the tenth day before sale of the Property pursuant to the power of sale contained in this Deed of Trust or (ii) entry of a judgment enforcing this Deed of Trust if: (a) Borrower pays Lender all sums which would then be due under this Deed of Trust and the Note had no acceleration occurred; (b) Borrower cures all breaches of any other covenants or agreements Borrower contained in this Deed of Trust; (c) Borrower pays all reasonable expenses incurred by Lender and Trustee in enforcing the covenants and agreements of Borrower contained in this Deed of Trust, and in enforcing Lender's and Trustee's remedies as provided in paragraph 17 hereof, including, but not limited to, reasonable attorneys' fees; and (d) Borrower takes such action as Lender may reasonably require to assure that the lien of this Deed of Trust, Lender's interest in the Property and Borrower's obligation to pay the sums secured by this Deed of Trust shall continued unimpaired. Upon such payment and cure by Borrower, this Deed of Trust and the obligations secured hereby shall remain in full force and effect as if no acceleration had occurred.

19. **Assignment of Rents; Appointment of Receiver; Lender in Possession.** As additional security hereunder, Borrower hereby assigns to Lender the rents of the Property, provided that Borrower shall, prior to acceleration under paragraph 17 hereof or abandonment of the Property, have the right to collect and retain such rents as they become due and payable.

Upon acceleration under paragraph 17 hereof or abandonment of the Property, Lender, in person, by agent or by judicially appointed receiver shall be entitled to enter upon, take possession of and manage the Property and to collect the rents of the Property including those past due. All rents collected by Lender or the receiver shall be applied first to payment of the costs of management of the Property and collection of rents, including, but not limited to, receiver's fees, premiums on receiver's bonds and reasonable attorneys' fees, and then to the sums secured by this Deed of Trust. Lender and the receiver shall be liable to account only for those rents actually received.

20. **Reconveyance.** Upon payment of all sums secured by this Deed of Trust, Lender shall request Trustee to reconvey the Property and shall surrender this Deed of Trust and all notes evidencing indebtedness secured by this Deed of Trust to Trustee. Trustee shall reconvey the Property without warranty to the person or persons legally entitled thereto. Such person or persons shall pay all costs of recordation, if any. Lender may charge such person or persons a fee for reconveying the Property, but only if the fee is paid to a third party (such as the Trustee) for services rendered and the charging of the fee is permitted under applicable law.

21. **Substitute Trustee.** In accordance with applicable law, Lender may, from time to time, appoint a successor trustee to any Trustee appointed hereunder who has ceased to act. Without conveyance of the Property, the successor trustee shall succeed to all the title, power and duties conferred upon the Trustee herein and by applicable law.

22. **Use of Property.** The Property is not used principally for agricultural or farming purposes.

23. The following **Riders** are to be executed by Borrower. [check box as applicable]:

| ☐ Adjustable Rate Rider | ☐ Condominium Rider | ☐ Second Home Rider |
|---|---|---|
| ☒ Balloon Rider | ☒ Planned Unit Development Rider | ☐ Other(s) [specify] |
| ☐ 1-4 Family Rider | ☐ Biweekly Payment Rider | |

WASHINGTON-SECOND MORTGAGE
Form 3848 - AS AMENDED FOR MERS          Page 7 of 9          DocMagic *eFamms* 800-649-1362
www.docmagic.com

191299809
C:2007 20070301001246

20070301001246.008

## REQUEST FOR NOTICE OF DEFAULT
### AND FORECLOSURE UNDER SUPERIOR
### MORTGAGES OR DEEDS OF TRUST

Borrower and Lender request the holder of any mortgage, deed of trust or other encumbrance with a lien which has priority over this Deed of Trust to give Notice to Lender, at Lender's address set forth on page one of this Deed of Trust, of any default under the superior encumbrance and of any sale or other foreclosure action.

IN WITNESS WHEREOF, Borrower has executed and acknowledges receipt of pages 1 through 8 of this Deed of Trust.

_____ (Seal)
ALBERTO RIVERA MONROY -Borrower

_____ (Seal)
IRMA PARRA-RIVERA -Borrower

_____ (Seal)
-Borrower

_____ (Seal)
-Borrower

_____ (Seal)
-Borrower

_____ (Seal)
-Borrower

Witness:

_____

Witness:

_____

WASHINGTON-SECOND MORTGAGE
Form 3848 - AS AMENDED FOR MERS

Page 8 of 9

DocMagic *eForms* 800-649-1362
www.docmagic.com

20070301001246.009

State of Washington )
County of KING )

    On this day personally appeared before me  ALBERTO RIVERA MONROY AND IRMA PARRA-RIVERA

                                            , to me known to be the individual or individuals described in and who executed the within and foregoing instrument, and acknowledged that he/she/they signed the same as his/her/their free and voluntary act and deed, for the uses and purposes therein mentioned.

    Given under my hand and official seal this  28  day  February  2007

Notary Public in and for the State of Washington, residing at: Ravensdale.

My commission expires: 2/11/10

DocMagic **EForms** 800-649-1362
www.docmagic.com

20070301001246.010

Loan Number:

# PLANNED UNIT DEVELOPMENT RIDER

THIS PLANNED UNIT DEVELOPMENT RIDER is made this 27th day of FEBRUARY, 2007 , and is incorporated into and shall be deemed to amend and supplement the Mortgage, Deed of Trust or Security Deed (the "Security Instrument") of the same date, given by the undersigned (the "Borrower") to secure Borrower's Note to LIBERTY FINANCIAL GROUP, INC, A WASHINGTON CORPORATION (the "Lender") of the same date and covering the Property described in the Security Instrument and located at:

23829 SE 248TH STREET, MAPLE VALLEY, WASHINGTON 98038

[Property Address]

The Property includes, but is not limited to, a parcel of land improved with a dwelling, together with other such parcels and certain common areas and facilities, as described in covenants, conditions, and restrictions (the "Declaration"). The Property is a part of a planned unit development known as:

BELMONT WOODS

[Name of Planned Unit Development]

(the "PUD"). The Property also includes Borrower's interest in the homeowners association or equivalent entity owning or managing the common areas and facilities of the PUD (the "Owners Association") and the uses, benefits and proceeds of Borrower's interest.

PUD COVENANTS. In addition to the covenants and agreements made in the Security Instrument, Borrower and Lender further covenant and agree as follows:

A. PUD Obligations. Borrower shall perform all of Borrower's obligations under the PUD's Constituent Documents. The "Constituent Documents" are the: (i) Declaration; (ii) articles of incorporation, trust instrument or any equivalent document which creates the Owners Association; and (iii) any by-laws or other rules or regulations of the Owners Association. Borrower shall promptly pay, when due, all dues and assessments imposed pursuant to the Constituent Documents.

B. Hazard Insurance. So long as the Owners Association maintains, with a generally accepted insurance carrier, a "master" or "blanket" policy insuring the Property which is satisfactory to Lender and which provides insurance coverage in the amounts, for the periods, and against the hazards Lender requires, including fire and hazards included within the term "extended coverage," then:

    (i) Lender waives the provision in the Uniform Covenant 2 for the monthly payment to Lender of one-twelfth of the yearly premium installments for hazard insurance on the Property; and

    (ii) Borrower's obligation under Uniform Covenant 5 to maintain hazard insurance coverage on the Property is deemed satisfied to the extent that the required coverage is provided by the Owners Association policy.

Borrower shall give Lender prompt notice of any lapse in required hazard insurance coverage provided by the master or blanket policy.

In the event of a distribution of hazard insurance proceeds in lieu of restoration or repair following a loss to the Property, or to common areas and facilities of the PUD, any proceeds payable to Borrower are

MULTISTATE PUD RIDER - Single Family
FNMA/FHLMC UNIFORM INSTRUMENT
Form 3150  9/90

Page 1 of 3

DocMagic *eRorms* 800-649-1362
www.docmagic.com

20070301001246.011

hereby assigned and shall be paid to Lender. Lender shall apply the proceeds to the sums secured by the Security Instrument, with any excess paid to Borrower.

C. **Public Liability Insurance.** Borrower shall take such actions as may be reasonable to insure that the Owners Association maintains a public liability insurance policy acceptable in form, amount, and extent of coverage to Lender.

D. **Condemnation.** The proceeds of any award or claim for damages, direct or consequential, payable to Borrower in connection with any condemnation or other taking of all or any part of the Property or the common areas and facilities of the PUD, or for any conveyance in lieu of condemnation, are hereby assigned and shall be paid to Lender. Such proceeds shall be applied by Lender to the sums secured by the Security Instrument as provided in Uniform Covenant 9.

E. **Lender's Prior Consent.** Borrower shall not, except after notice to Lender and with Lender's prior written consent, either partition or subdivide the Property or consent to:

(i) the abandonment or termination of the PUD, except for abandonment or termination required by law in the case of substantial destruction by fire or other casualty or in the case of a taking by condemnation or eminent domain;

(ii) any amendment to any provision of the "Constituent Documents" if the provision is for the express benefit of Lender;

(iii) termination of professional management and assumption of self-management of the Owners Association; or

(iv) any action which would have the effect of rendering the public liability insurance coverage maintained by the Owners Association unacceptable to Lender.

F. **Remedies.** If Borrower does not pay PUD dues and assessments when due, then Lender may pay them. Any amounts disbursed by Lender under this paragraph F shall become additional debt of Borrower secured by the Security Instrument. Unless Borrower and Lender agree to other terms of payment, these amounts shall bear interest from the date of disbursement at the Note rate and shall be payable, with interest, upon notice from Lender to Borrower requesting payment.

MULTISTATE PUD RIDER - Single Family
FNMA/FHLMC UNIFORM INSTRUMENT
Form 3150  9/80

Page 2 of 3

*DocMagic* 800-649-1362
www.docmagic.com

20070301001246.012

BY SIGNING BELOW, Borrower accepts and agrees to the terms and provisions contained in this PUD Rider.

_____ (Seal)
ALBERTO  RIVERA  MONROY -Borrower

_____ (Seal)
IRMA  PARRA-RIVERA        -Borrower

_____ (Seal)
                          -Borrower

_____ (Seal)
                          -Borrower

_____ (Seal)
                          -Borrower

_____ (Seal)
                          -Borrower

MULTISTATE PUD RIDER - Single Family
FNMA/FHLMC UNIFORM INSTRUMENT
Form 3150  9/90

Page 3 of 3

DocMagic ℰℱℴ𝓇𝓂𝓈 800-649-1362
www.docmagic.com

20070301001246.013

M1                                    Loan Number

# BALLOON RIDER
## SECOND MORTGAGE

This Balloon Rider is made this  27th  day of FEBRUARY, 2007          and is
incorporated into and shall be deemed to amend and supplement the Mortgage, Deed of Trust or Security
Deed (the "Security Instrument") of the same date given by the undersigned (the "Borrower") to secure
Borrower's Note (the "Note") to LIBERTY FINANCIAL GROUP, INC, A
WASHINGTON CORPORATION
(the "Lender") of the same date and covering the property described in the Security Instrument and located
at 23829 SE 248TH STREET, MAPLE VALLEY, WASHINGTON 98038

(the "Property").

Additional Covenants.  Notwithstanding anything to the contrary set forth in the Note or Security
Instrument, Borrower and Lender further covenant and agree as follows:

THIS LOAN IS PAYABLE IN FULL AT MATURITY. YOU MUST REPAY THE ENTIRE
PRINCIPAL BALANCE OF THE LOAN AND UNPAID INTEREST THEN DUE. LENDER IS
UNDER NO OBLIGATION TO REFINANCE THE LOAN AT THAT TIME. YOU WILL,
THEREFORE, BE REQUIRED TO MAKE PAYMENT OUT OF OTHER ASSETS THAT YOU MAY
OWN, OR YOU WILL HAVE TO FIND A LENDER, WHICH MAY BE THE LENDER YOU HAVE
THIS LOAN WITH, WILLING TO LEND YOU THE MONEY. IF YOU REFINANCE THIS LOAN
AT MATURITY, YOU MAY HAVE TO PAY SOME OR ALL OF THE CLOSING COSTS
NORMALLY ASSOCIATED WITH A NEW LOAN EVEN IF YOU OBTAIN REFINANCING FROM
THE SAME LENDER.

By signing below, Borrower accepts and agrees to the terms and covenants contained in this Balloon
Rider.

_____ (Seal)          _____ (Seal)
ALBERTO  RIVERA  MONROY  -Borrower          IRMA  PARRA-RIVERA        -Borrower

_____ (Seal)          _____ (Seal)
                          -Borrower                                  -Borrower

_____ (Seal)          _____ (Seal)
                          -Borrower                                  -Borrower

BALLOON RIDER SECOND MORTGAGE                           DocMagic eFormss 800-649-1362
FORM 651  10/21/04                                      www.docmagic.com

191299809
C2007 20070301001246                    Page 13 of 13          Requested By: ranjithkumar, Printed: 12/20/2019 3:28 PM

Exhibit B

Reconveyance

Return to:
Central Mortgage Company
C/O NTC 2100 Alt. 19 North
Palm Harbor, FL 34683



2009060300123  1
NATIONWIDE TIT AST
PAGE001 OF 002    57.00
06/03/2009 12:11
KING COUNTY, WA

Loan#: 0999906014

## SUBSTITUTION OF TRUSTEE AND DEED OF RECONVEYANCE

WHEREAS, MEAGAN EVANS was the original Trustor, JOAN H ANDERSON was the original Trustee, and MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC. was the original Beneficiary under that certain Deed of Trust dated 02/24/2004 in KING County, Washington, under Doc No: 20070301001246 or Book page ;    WHEREAS, the undersigned Beneficiary is the present Beneficiary under said Deed of Trust and WHEREAS, the undersigned desires to substitute a new Trustee under Deed of Trust in place and stead of said original Trustee thereunder.

NOW, THEREFORE, the undersigned hereby substitutes NATIONWIDE TITLE CLEARING, INC., a Washington State corporation, as Trustee under said Deed of Trust.

Dated: 04/23/2009
MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC. (MERS) AS NOMINEE FOR NEIGHBORHOOD MORTGAGE INC

BY: _____
CRYSTAL MOORE    VICE PRESIDENT

STATE OF FLORIDA   COUNTY OF PINELLAS
Before me, a Notary Public, in and for said State and County aforesaid, personally appeared CRYSTAL MOORE with whom I am personally acquainted, and who, upon oath, acknowledged him/herself to be the VICE PRESIDENT of MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC. (MERS) AS NOMINEE FOR NEIGHBORHOOD MORTGAGE INC the within bargainor, and that he/she, as such corporate officer, being authorized to do so, executed the within instrument for the purposes therein contained by signing the name of the corporation thereto as such VICE PRESIDENT.
WITNESS my hand and official seal at office in said county THIS 23RD DAY OF APRIL IN THE YEAR 2009

_____
BRYAN J. BLY
Notary Public/Commission expires 07/01/2011

Bryan J. Bly
Notary Public, State of Florida
Commission # DD 691055
Expires July 01, 2011
Bonded Through National Notary Assn.

WHEREAS, MEAGAN EVANS was the original Trustor, JOAN H ANDERSON was the original Trustee, and MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC. was the original Beneficiary under that certain Deed of Trust dated 02/24/2004 in KING County, Washington, under Doc No: 20070301001246 or Book page ;

NATIONWIDE TITLE CLEARING, INC., as successor Trustee under said Deed of Trust and as successor Trustee, having received from the Beneficiary under said Deed of Trust a written request to reconvey, reciting that the obligation(s) secured by the Deed of Trust have been fully satisfied, does hereby grant, bargain, sell and reconvey, unto the parties entitled thereto all right, title and interest which was heretofore acquired by said Trustee under said Deed of Trust.

Dated: 04/23/2009
NATIONWIDE TITLE CLEARING, INC.

BY: _____
DHURATA DOKO    VICE PRESIDENT

form1/RCNWA1

Page 2

Loan#: 0999906014

## SUBSTITUTION OF TRUSTEE AND DEED OF RECONVEYANCE

STATE OF FLORIDA
COUNTY OF PINELLAS

On 04/23/2009  before me, THE UNDERSIGNED, Notary Public, personally appeared DHURATA DOKO
personally known to me (or proved to me on the basis of satisfactory evidence) to be the person whose name is
subscribed to the within instrument and acknowledged to me that he executed the same in his authorized capacity,
and that by his signature on the instrument the person, or entity upon behalf of which the person acted, executed the
same.

WITNESS MY hand and official seal.

_____
Notary Public

Bryan J. Bly
Notary Public, State of Florida
Commission # DD 691055
Expires July 01, 2011
Bonded Through National Notary Assn.

Prepared By: Jessica Fretwell/NTC,2100 Alt. 19 North, Palm Harbor, FL 34683 (800)346-9152

CMCRC 9741594 ARY2106745   100052599990601490 MERS PHONE 1-888-679-MERS form1/RCNWA1

*9741594*

Exhibit C
Referral to Foreclosure

Servicer: Real Time Resolutions, Inc.                                           Referral Date: **01/06/2020**

**MTC Financial Inc. dba Trustee Corps**
606 W. Gowe Street, Kent WA 98032-5744
Tel: (206) 467-3134 Fax: (206) 467-4025

April 19, 2021

To:     In Source Logic
        3571 Red Rock Street, Unit C
        Las Vegas, NV 89103

TS No:                  WA08000298-19-1
APN No:                 070571057002
Property Address:       23829 SE 246TH STREET, MAPLE VALLEY, WA 98038
Property County:        King
**Loan Type:**          **Conventional**

## REQUEST FOR SERVICES

Enclosed herewith please find a copy of the Notice of Default.

X    PLEASE **POST** the Notice of Default in a conspicuous place on the premises, or personally serve
     on the borrower and grantor

Comments:    PLEASE EMAIL CONFIRMATION as soon as possible
             Ryan Watkins at rwatkins@trusteecorps.com

Please telephone immediately at 206.467.3134 if you have any questions about the services requested.

Thank you.

Ryan Watkins
206.467.3134



TS No WA08000298-19-1                    APN 070571057002                    TO No 191299809-WA-MSI

## NOTICE OF DEFAULT
## PURSUANT TO THE REVISED CODE OF WASHINGTON
## CHAPTER 61.24, ET. SEQ.

To: **ALBERTO RIVERA MONROY AND IRMA PARRA-RIVERA, HUSBAND AND WIFE**

| | |
|---|---|
| Current Beneficiary: | **Real Time Resolutions, Inc.** |
| Current Mortgage Servicer: | **Real Time Resolutions, Inc.** |
| Current Trustee: | **MTC Financial Inc. dba Trustee Corps** |

### THIS NOTICE IS ONE STEP IN A PROCESS
### THAT COULD RESULT IN YOUR LOSING YOUR HOME

You may be eligible for mediation in front of a neutral third party to help save your home.

**CONTACT A HOUSING COUNSELOR OR AN ATTORNEY LICENSED IN WASHINGTON NOW** to assess your situation and refer you to mediation if you might benefit. Mediation **MUST** be requested between the time you receive the Notice of Default and no later than twenty days after the Notice of Trustee Sale is recorded.

**DO NOT DELAY**. If you do nothing, a notice of sale may be issued as soon as 30 days from the date of this notice of default. The notice of sale will provide a minimum of 120 days' notice of the date of the actual foreclosure sale.

**BE CAREFUL** of people who claim they can help you. There are many individuals and businesses that prey upon borrowers in distress.

**REFER TO THE CONTACTS BELOW** for sources of assistance.

### SEEKING ASSISTANCE

Housing counselors and legal assistance may be available at little or no cost to you. If you would like assistance in determining your rights and opportunities to keep your house, you may contact the following:

The statewide foreclosure hotline for assistance and referral to housing counselors recommended by the Housing Finance Commission:
Telephone: (877) 894-4663 or (800) 606-4819   Website: www.wshfc.org

The United States Department of Housing and Urban Development:
Telephone: (800) 569-4287        Website: www.hud.gov

The statewide civil legal aid hotline for assistance and referrals to other housing counselors and attorneys:
Telephone: (800) 606-4819        Website: www.homeownership.wa.gov

1. DEFAULT AND PROPERTY DESCRIPTION:

You are hereby notified that the Beneficiary has declared you in default on the obligation secured by a Deed of Trust dated February 27, 2007, executed by ALBERTO RIVERA MONROY AND IRMA PARRA-RIVERA, HUSBAND AND WIFE as Trustor(s), to secure obligations in favor of MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC., as designated nominee for LIBERTY FINANCIAL

TS No WA08000298-19-1                    APN 070571057002                    TO No 191299809-WA-MSI

GROUP, INC, A WASHINGTON CORPORATION, Beneficiary of the security Instrument, its successors
and assigns, recorded March 1, 2007 as Instrument No. 20070301001246 and the beneficial interest was
assigned to **Real Time Resolutions, Inc.** and recorded May 12, 2020 as Instrument Number
20200512000681 of official records in the Office of the Recorder of King County, Washington, and which
Deed of Trust encumbers the following described real property:

**LOT(S) 57, BELMONT WOODS DIVISION II, ACCORDING TO THE PLAT THEREOF RECORDED IN
VOLUME 172 OF PLATS, PAGE(S) 77 THROUGH 88, RECORDS OF KING COUNTY, WASHINGTON.
SITUATE IN THE COUNTY OF KING, STATE OF WASHINGTON.**

APN: **070571057002**

The postal address of which is more commonly known as: **23829 SE 248TH STREET, MAPLE VALLEY,
WA 98038**

**2.** CONTACT INFORMATION FOR HOLDER OF PROMISSORY NOTE AND LOAN SERVICER:

a. Name and address of the holder of any Promissory Note or other obligation(s) secured by the
Deed of Trust:

Beneficiary/Noteholder: Real Time Resolutions, Inc.
c/o Real Time Resolutions, Inc.
PO Box 36655
Dallas, TX 75235-9833

b. Name, address and telephone number of a party acting as a servicer of the obligations secured
by the Deed of Trust:

Servicer: Real Time Resolutions, Inc.
PO Box 36655
Dallas, TX 75235-9833
Phone No: 877-252-3761

**3.** STATEMENT OF DEFAULT AND ITEMIZED ACCOUNT OF AMOUNTS IN ARREARS:

a. The current Beneficiary, **Real Time Resolutions, Inc.**, alleges that you are in default for the
following reason(s): **Failed to pay payments which became due**

| Due from 06/01/2009 through 04/19/2021 as follows: | |
|---|---|
| 143 monthly payment(s) at $834.13 | $119,280.59 |
| Late Charges due from 06/01/2009 through 04/19/2021 | $4,666.39 |
| **TOTAL MONTHLY PAYMENTS AND LATE CHARGES DUE:** | **$123,946.98** |

**4.** OTHER CHARGES, COSTS AND FEES:

In addition to the amount in arrears specified above, you are or may be obligated to pay the following
charges, costs and fees to reinstate the Deed of Trust if reinstatement is made before the recording of the
Notice of Trustee's Sale:

| | |
|---|---|
| Trustee's Fee: | $1,350.00 |
| Trustees Sale Guarantee: | $613.26 |
| BPO: | $95.00 |
| PROPERTY INSPECTION: | $15.00 |



TS No WA08000298-19-1          APN 070571057002          TO No 191299809-WA-MSI

FDCPA MAILINGS:                                                        $1.48

**TOTAL CHARGES, FEES AND COSTS:**                               **$2,074.74**

**5.** REINSTATEMENT          IMPORTANT!  PLEASE READ!

a. The estimated amount necessary to reinstate your Deed of Trust and the obligation secured thereby before the recording of the Notice of Trustee's Sale is the sum of paragraphs 3 and 4 above in the estimated amount of **$126,021.72** PLUS the amount of any monthly payments, late charges and advances which may fall due after the date of this Notice of Default.

b. In the event you tender reinstatement before the recording of the Notice of Trustee's Sale, you must be sure to add the amount shown above to any monthly payments and/or late charges, if any, which fall due after the date of this Notice of Default.

c. Because some of the stated costs are continuing and can only be estimated at this time, or because the amount necessary to reinstate your loan may include presently unknown expenditures required to preserve the property, or to comply with state or local laws, it is necessary that you contact the undersigned prior to the time you tender funds so that you may be advised of the exact amount you will be required to pay.  Payment must be in the full amount by cashier's check, and mailed to the undersigned.  Personal checks will not be accepted.

d. If your default includes a default other than failure to pay monthly payments and/or late charges when due, then in order to reinstate the Deed of Trust and the obligation secured thereby before the Notice of Trustee's Sale is recorded, you must cure such other default(s).

e. The Notice of Trustee's Sale may be recorded after thirty (30) days from the date this notice is mailed and served upon you or posted upon the premises, whichever occurs latest.

**For Reinstatement/Pay Off Quotes, contact MTC Financial Inc. DBA Trustee Corps**

Reinstatement/Pay off monies in the form of a cashier's check may be tendered to:

**MTC Financial Inc. dba Trustee Corps**
**ATTN: REINSTATEMENT/PAYOFF DEPT**
**606 W. Gowe Street**
**Kent, WA 98032-5744**
**Toll Free Number: (844) 367-8456**
**TDD: (800) 833-6388**

**6.** CONSEQUENCES OF DEFAULT:

a. Failure to cure said alleged default(s) within thirty days of the date of mailing of this notice, or if personally served, within thirty days of the date of personal service thereof, may lead to recording, transmittal and publication of a Notice of Trustee's Sale, and the property described in paragraph 1 above may be sold at public auction at a date no less than 120 days in the future, or no less than one hundred fifty days in the future if Borrower received a letter under RCW 61.24.031.

b. The effect of the recording, transmittal and publication of a Notice of Trustee's Sale will be to (i) increase the costs and fees and (ii) publicize the default and advertise the property described herein for sale.

c. If the default(s) described above is/are not cured on or before the 11th day prior to a Trustee's

TS No WA08000298-19-1                 APN 070571057002                 TO No 191299809-WA-MSI

Sale date, which may hereafter be set, the entire principal balance owing on that obligation secured by the Deed of Trust described in paragraph 1 above, and all accrued and unpaid interest as well as costs of foreclosure, shall be immediately due and payable.

d. The effect of a Trustee's Sale of the above described property by the Trustee will be to deprive you, or your successor in interest, and all of those whom hold by, through or under you of all of your or their interest in the property described in paragraph 1 above and satisfy the obligation secured by the above Deed of Trust.

## 7. RECOURSE TO COURTS:

The borrower, grantor, and any guarantor has recourse to the courts pursuant to RCW 61.24.130 to contest the alleged default on any proper ground.

## 8. COMPLIANCE WITH RCW 61.24.031 AND RCW 61.24.163, IF APPLICABLE:

For owner-occupied residential real property, before the notice of the Trustee's sale is recorded, transmitted, or served, the Beneficiary has complied with RCW 61.24.031 and, if applicable, RCW 61.24.163.

Dated: __4 / 19 / 2021__

MTC Financial Inc. dba Trustee Corps, as Duly Appointed Successor Trustee

By: Alan Burton, Vice President
Phone: (844) 367-8456

Trustee Corps may be considered a debt collector attempting to collect a debt.
Any information obtained may be used for that purpose.

To the extent your original obligation was discharged under Title 11 of the United States Code, this notice is for compliance and/or informational purposes only and does not constitute an attempt to collect a debt or to impose personal liability for such obligation.  However, a secured party retains rights under its security instrument, including the right to foreclose its lien.



## DECLARATION OF OWNERSHIP

Borrower Name:   ALBERTO RIVERA MONROY AND IRMA PARRA-RIVERA, HUSBAND AND WIFE

Property Address:   23829 SE 248TH STREET, MAPLE VALLEY, WA 98038

TS Number:   WA08000298-19-1

Under Penalty of Perjury, the Undersigned hereby represents and declares as follows:

1. I am employed as ___Senior Vice President_____ of   Real   Time Resolutions, Inc..   I am duly authorized to make this declaration on behalf of Real Time Resolutions, Inc..

2. Real Time Resolutions, Inc. is the holder of the Promissory Note ("Note") secured by a certain Deed of Trust encumbering the above referenced property.

3. The Note has not been assigned or transferred to any other person or entity.

4. Beneficiary understands that the Trustee foreclosing the Deed of Trust will rely upon this Declaration before issuing the Notice of Trustee Sale.

Dated   7-17-20

Real Time Resolutions, Inc.

By: Wesley Owens

Its: Senior Vice President

## FORECLOSURE LOSS MITIGATION FORM

Trustee Sale No:   WA08000298-19-1
Borrower(s):        **ALBERTO RIVERA MONROY**
                    **IRMA PARRA-RIVERA**

Subject Property:   **23829 SE 246TH STREET, MAPLE VALLEY, WA 98038**

Please select applicable option(s) below.

The undersigned beneficiary or authorized agent for the beneficiary hereby represents and declares under the penalty of perjury that [check the applicable box and fill in any blanks so that the beneficiary, authorized agent, or trustee can insert, on the beneficiary's behalf, the applicable declaration in the notice of default required under 61.24 RCW]:

(1) ☒ The beneficiary or beneficiary's authorized agent has contacted the borrower under, and has complied with, RCW 61.24.031 (contact provision to "assess the borrower's financial ability to pay the debt secured by the deed of trust and explore options for the borrower to avoid foreclosure") and the borrower responded but did not request a meeting.

(2) ☐ The Beneficiary or Beneficiary's authorized agent has contacted the borrower as required under RCW 61.24.031 and the borrower or the borrower's designated representative requested a meeting. A meeting was held on _____ in compliance with RCW 61.24.031.

(3) ☐ The beneficiary or beneficiary's authorized agent has contacted the borrower as required in RCW 61.24.031 and the borrower or the borrower's designated representative requested a meeting. A meeting was scheduled for _____ and neither the borrower nor the borrower's designated representative appeared.

(4) ☐ The beneficiary or beneficiary's authorized agent has exercised due diligence to contact the borrower as required in RCW 61.24.031(5) and the borrower did not respond.

(5) ☐ The borrower has surrendered the secured property as evidenced by either a letter confirming the surrender or by delivery of the keys to the secured property to the beneficiary, the beneficiary's authorized agent or to the trustee.

This declaration is made for the purpose of inducing trustee to prepare, record, and post a Notice of Sale under the Deed of Trust in which the undersigned has an interest knowing that the Trustee will rely upon the truth and accuracy of the statements contained herein preparing, recording, and posting the Notice of Sale.

Dated: _June 29th, 2020_

By: _____

Name/Title:  __David Rosas, Director of Loss Mitigation__

Company:  **Real Time Resolutions, Inc.**



Exhibit D Composite of Notice of
Default dated 4/29/2021; Assignment of
Deed of Trust recorded 5/12/2020;
Notice of Trustee's Sale recorded
5/26/2021

Servicer: Real Time Resolutions, Inc.                                    Referral Date: **01/06/2020**

## MTC Financial Inc. dba Trustee Corps
606 W. Gowe Street, Kent WA 98032-5744
Tel: (206) 467-3134 Fax: (206) 467-4025

April 19, 2021

To:    In Source Logic
       3571 Red Rock Street, Unit C
       Las Vegas, NV 89103

TS No:                WA08000298-19-1
APN No:               070571057002
Property Address:     23829 SE 248TH STREET, MAPLE VALLEY, WA 98038
Property County:      King
**Loan Type:**        **Conventional**

## REQUEST FOR SERVICES

Enclosed herewith please find a copy of the Notice of Default.

   X    PLEASE **POST** the Notice of Default in a conspicuous place on the premises, or personally serve
        on the borrower and grantor

Comments:     PLEASE EMAIL CONFIRMATION as soon as possible
              Ryan Watkins at rwatkins@trusteecorps.com

Please telephone immediately at 206.467.3134 if you have any questions about the services requested.

Thank you.

Ryan Watkins
206.467.3134



TS No WA08000298-19-1       APN 070571057002       TO No 191299809-WA-MSI

<u>**NOTICE OF DEFAULT**</u>
**PURSUANT TO THE REVISED CODE OF WASHINGTON
CHAPTER 61.24, ET. SEQ.**

To: **ALBERTO RIVERA MONROY AND IRMA PARRA-RIVERA, HUSBAND AND WIFE**

Current Beneficiary:       **Real Time Resolutions, Inc.**
Current Mortgage Servicer:   **Real Time Resolutions, Inc.**
Current Trustee:       **MTC Financial Inc. dba Trustee Corps**

**THIS NOTICE IS ONE STEP IN A PROCESS
THAT COULD RESULT IN YOUR LOSING YOUR HOME**

You may be eligible for mediation in front of a neutral third party to help save your home.

**CONTACT A HOUSING COUNSELOR OR AN ATTORNEY LICENSED IN WASHINGTON NOW** to assess your situation and refer you to mediation if you might benefit. Mediation **MUST** be requested between the time you receive the Notice of Default and no later than twenty days after the Notice of Trustee Sale is recorded.

**DO NOT DELAY**. If you do nothing, a notice of sale may be issued as soon as 30 days from the date of this notice of default. The notice of sale will provide a minimum of 120 days' notice of the date of the actual foreclosure sale.

**BE CAREFUL** of people who claim they can help you. There are many individuals and businesses that prey upon borrowers in distress.

**REFER TO THE CONTACTS BELOW** for sources of assistance.

**SEEKING ASSISTANCE**

Housing counselors and legal assistance may be available at little or no cost to you. If you would like assistance in determining your rights and opportunities to keep your house, you may contact the following:

The statewide foreclosure hotline for assistance and referral to housing counselors recommended by the Housing Finance Commission:
Telephone: (877) 894-4663 or (800) 606-4819   Website: www.wshfc.org

The United States Department of Housing and Urban Development:
Telephone: (800) 569-4287       Website: www.hud.gov

The statewide civil legal aid hotline for assistance and referrals to other housing counselors and attorneys:
Telephone: (800) 606-4819       Website: www.homeownership.wa.gov

**1.** DEFAULT AND PROPERTY DESCRIPTION:

You are hereby notified that the Beneficiary has declared you in default on the obligation secured by a Deed of Trust dated February 27, 2007, executed by ALBERTO RIVERA MONROY AND IRMA PARRA-RIVERA, HUSBAND AND WIFE as Trustor(s), to secure obligations in favor of MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC., as designated nominee for LIBERTY FINANCIAL

TS No WA08000298-19-1       APN 070571057002       TO No 191299809-WA-MSI

GROUP, INC, A WASHINGTON CORPORATION, Beneficiary of the security Instrument, Its successors and assigns, recorded March 1, 2007 as Instrument No. 20070301001246 and the beneficial interest was assigned to **Real Time Resolutions, Inc.** and recorded May 12, 2020 as Instrument Number 20200512000681 of official records in the Office of the Recorder of King County, Washington, and which Deed of Trust encumbers the following described real property:

**LOT(S) 57, BELMONT WOODS DIVISION II, ACCORDING TO THE PLAT THEREOF RECORDED IN VOLUME 172 OF PLATS, PAGE(S) 77 THROUGH 85, RECORDS OF KING COUNTY, WASHINGTON. SITUATE IN THE COUNTY OF KING, STATE OF WASHINGTON.**

APN: **070571057002**

The postal address of which is more commonly known as: **23829 SE 248TH STREET, MAPLE VALLEY, WA 98038**

**2.** CONTACT INFORMATION FOR HOLDER OF PROMISSORY NOTE AND LOAN SERVICER:

    a. Name and address of the holder of any Promissory Note or other obligation(s) secured by the Deed of Trust:

        Beneficiary/Noteholder: Real Time Resolutions, Inc.
                     c/o Real Time Resolutions, Inc.
                     PO Box 36655
                     Dallas, TX 75235-9833

    b. Name, address and telephone number of a party acting as a servicer of the obligations secured by the Deed of Trust:

                   Servicer: Real Time Resolutions, Inc.
                           PO Box 36655
                           Dallas, TX 75235-9833
                   Phone No: 877-252-3761

**3.** STATEMENT OF DEFAULT AND ITEMIZED ACCOUNT OF AMOUNTS IN ARREARS:

    a. The current Beneficiary, **Real Time Resolutions, Inc.,** alleges that you are in default for the following reason(s): **Failed to pay payments which became due**

Due from 06/01/2009 through 04/19/2021 as follows:

| | |
|---|---|
| 143 monthly payment(s) at $834.13 | $119,280.59 |
| Late Charges due from 06/01/2009 through 04/19/2021 | $4,666.39 |
| **TOTAL MONTHLY PAYMENTS AND LATE CHARGES DUE:** | **$123,946.98** |

**4.** OTHER CHARGES, COSTS AND FEES:

In addition to the amount in arrears specified above, you are or may be obligated to pay the following charges, costs and fees to reinstate the Deed of Trust if reinstatement is made before the recording of the Notice of Trustee's Sale:

| | |
|---|---|
| Trustee's Fee: | $1,350.00 |
| Trustees Sale Guarantee: | $613.26 |
| BPO: | $95.00 |
| PROPERTY INSPECTION: | $15.00 |



TS No WA08000298-19-1                  APN 070571057002                  TO No 191299809-WA-MSI

FDCPA MAILINGS:                                                          $1.48

TOTAL CHARGES, FEES AND COSTS:                                           $2.074.74

5. REINSTATEMENT          IMPORTANT!  PLEASE READ!

a. The estimated amount necessary to reinstate your Deed of Trust and the obligation secured thereby before the recording of the Notice of Trustee's Sale is the sum of paragraphs 3 and 4 above in the estimated amount of **$126,021.72** PLUS the amount of any monthly payments, late charges and advances which may fall due after the date of this Notice of Default.

b. In the event you tender reinstatement before the recording of the Notice of Trustee's Sale, you must be sure to add the amount shown above to any monthly payments and/or late charges, if any, which fall due after the date of this Notice of Default.

c. Because some of the stated costs are continuing and can only be estimated at this time, or because the amount necessary to reinstate your loan may include presently unknown expenditures required to preserve the property, or to comply with state or local laws, it is necessary that you contact the undersigned prior to the time you tender funds so that you may be advised of the exact amount you will be required to pay.  Payment must be in the full amount by cashier's check, and mailed to the undersigned.  Personal checks will not be accepted.

d. If your default includes a default other than failure to pay monthly payments and/or late charges when due, then in order to reinstate the Deed of Trust and the obligation secured thereby before the Notice of Trustee's Sale is recorded, you must cure such other default(s).

e. The Notice of Trustee's Sale may be recorded after thirty (30) days from the date this notice is mailed and served upon you or posted upon the premises, whichever occurs latest.

**For Reinstatement/Pay Off Quotes, contact MTC Financial Inc. DBA Trustee Corps**

Reinstatement/Pay off monies in the form of a cashier's check may be tendered to:

**MTC Financial Inc. dba Trustee Corps**
**ATTN: REINSTATEMENT/PAYOFF DEPT**
**606 W. Gowe Street**
**Kent, WA 98032-5744**
**Toll Free Number: (844) 367-8456**
**TDD: (800) 833-6388**

6. CONSEQUENCES OF DEFAULT:

a. Failure to cure said alleged default(s) within thirty days of the date of mailing of this notice, or if personally served, within thirty days of the date of personal service thereof, may lead to recording, transmittal and publication of a Notice of Trustee's Sale, and the property described in paragraph 1 above may be sold at public auction at a date no less than 120 days in the future, or no less than one hundred fifty days in the future if Borrower received a letter under RCW 61.24.031.

b. The effect of the recording, transmittal and publication of a Notice of Trustee's Sale will be to (i) increase the costs and fees and (ii) publicize the default and advertise the property described herein for sale.

c. If the default(s) described above is/are not cured on or before the 11th day prior to a Trustee's

TS No WA08000298-19-1              APN 070571057002              TO No 191299809-WA-MSI

Sale date, which may hereafter be set, the entire principal balance owing on that obligation secured by the Deed of Trust described in paragraph 1 above, and all accrued and unpaid interest as well as costs of foreclosure, shall be immediately due and payable.

d.  The effect of a Trustee's Sale of the above described property by the Trustee will be to deprive you, or your successor in interest, and all of those whom hold by, through or under you of all of your or their interest in the property described in paragraph 1 above and satisfy the obligation secured by the above Deed of Trust.

## 7. RECOURSE TO COURTS:

The borrower, grantor, and any guarantor has recourse to the courts pursuant to RCW 61.24.130 to contest the alleged default on any proper ground.

## 8. COMPLIANCE WITH RCW 61.24.031 AND RCW 61.24.163, IF APPLICABLE:

For owner-occupied residential real property, before the notice of the Trustee's sale is recorded, transmitted, or served, the Beneficiary has complied with RCW 61.24.031 and, if applicable, RCW 61.24.163.

Dated:  4/19/2021              MTC Financial Inc. dba Trustee Corps, as Duly Appointed Successor Trustee

By: Alan Burton, Vice President
Phone: (844) 367-8456

Trustee Corps may be considered a debt collector attempting to collect a debt.
Any information obtained may be used for that purpose.

To the extent your original obligation was discharged under Title 11 of the United States Code, this notice is for compliance and/or informational purposes only and does not constitute an attempt to collect a debt or to impose personal liability for such obligation.  However, a secured party retains rights under its security instrument, including the right to foreclose its lien.



## DECLARATION OF OWNERSHIP

Borrower Name:      ALBERTO RIVERA MONROY AND IRMA PARRA-RIVERA, HUSBAND AND WIFE

Property Address:   23829 SE 248TH STREET, MAPLE VALLEY, WA 98038

TS Number:          WA08000298-19-1

Under Penalty of Perjury, the Undersigned hereby represents and declares as follows:

1. I am employed as _Senior Vice President_ of Real Time Resolutions, Inc.. I am duly authorized to make this declaration on behalf of Real Time Resolutions, Inc..

2. Real Time Resolutions, Inc. is the holder of the Promissory Note ("Note") secured by a certain Deed of Trust encumbering the above referenced property.

3. The Note has not been assigned or transferred to any other person or entity.

4. Beneficiary understands that the Trustee foreclosing the Deed of Trust will rely upon this Declaration before issuing the Notice of Trustee Sale.

Dated _7-17-20_

Real Time Resolutions, Inc.

By: Wesley Owens

Its: Senior Vice President

# FORECLOSURE LOSS MITIGATION FORM

Trustee Sale No: **WA08000298-19-1**
Borrower(s): **ALBERTO RIVERA MONROY**
**IRMA PARRA-RIVERA**

Subject Property: **23829 SE 248TH STREET, MAPLE VALLEY, WA 98038**

Please select applicable option(s) below.

The undersigned beneficiary or authorized agent for the beneficiary hereby represents and declares under the penalty of perjury that [check the applicable box and fill in any blanks so that the beneficiary, authorized agent, or trustee can insert, on the beneficiary's behalf, the applicable declaration in the notice of default required under 61.24 RCW]:

(1) ☒ The beneficiary or beneficiary's authorized agent has contacted the borrower under, and has complied with, RCW 61.24.031 (contact provision to "assess the borrower's financial ability to pay the debt secured by the deed of trust and explore options for the borrower to avoid foreclosure") and the borrower responded but did not request a meeting.

(2) ☐ The Beneficiary or Beneficiary's authorized agent has contacted the borrower as required under RCW 61.24.031 and the borrower or the borrower's designated representative requested a meeting. A meeting was held on ______________________ in compliance with RCW 61.24.031.

(3) ☐ The beneficiary or beneficiary's authorized agent has contacted the borrower as required in RCW 61.24.031 and the borrower or the borrower's designated representative requested a meeting. A meeting was scheduled for ______________________ and neither the borrower nor the borrower's designated representative appeared.

(4) ☐ The beneficiary or beneficiary's authorized agent has exercised due diligence to contact the borrower as required in RCW 61.24.031(5) and the borrower did not respond.

(5) ☐ The borrower has surrendered the secured property as evidenced by either a letter confirming the surrender or by delivery of the keys to the secured property to the beneficiary, the beneficiary's authorized agent or to the trustee.

This declaration is made for the purpose of inducing trustee to prepare, record, and post a Notice of Sale under the Deed of Trust in which the undersigned has an interest knowing that the Trustee will rely upon the truth and accuracy of the statements contained herein preparing, recording, and posting the Notice of Sale.

Dated: June 29th, 2020

By: [signature]

Name/Title: David Rosas, Director of Loss Mitigation

Company: **Real Time Resolutions, Inc.**



Instrument Number: 20200512000681  Document:ADT Rec: $18.00 Page-1 of 1
Record Date:5/12/2020 1:14 PM
Electronically Recorded  King County, WA

RECORDING REQUESTED BY:

WHEN RECORDED MAIL TO:

Real Time Resolutions, Inc.
PO Box 36655
Dallas, TX 75235-9033

TS No: WA08000298-19-1                           MIN No: 100237600000820763
TO No.: 191299809-WA-MSI                         MERS Phone: 888-679-6377
APN 070571057002                    MERS Address: P.O. Box 2026, Flint, MI 48501-2026

## ASSIGNMENT OF DEED OF TRUST

For Value Received, MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC., as designated nominee for
LIBERTY FINANCIAL GROUP, INC, A WASHINGTON CORPORATION, Beneficiary of the security Instrument, Its
successors and assigns hereby grants, assigns, and transfers to Real Time Resolutions, Inc., whose address is PO
Box 36655, Dallas, TX 75235-9033 all Its Interest under that certain Deed of Trust dated February 27, 2007, executed
by ALBERTO RIVERA MONROY AND IRMA PARRA-RIVERA, HUSBAND AND WIFE as Trustor(s), to FIRST
AMERICAN TITLE INSURANCE COMPANY as Trustee and recorded on March 1, 2007 as Instrument No.
20070301001246 of official records, In the Office of the County Recorder of King County, Washington.

All rights accrued or to accrue under said Deed of Trust Including the right to have reconveyed, in whole or in part, the
real property described therein, commonly known as 23829 SE 248TH STREET, MAPLE VALLEY, WA 98038 and
more fully described as follows: LOT(S) 57, BELMONT WOODS, DIVISION II, ACCORDING TO THE PLAT
THEREOF RECORDED IN VOLUME 172 OF PLATS, PAGE(S) 77 THROUGH 85, RECORDS OF KING COUNTY,
WASHINGTON, SITUATE IN THE COUNTY OF KING, STATE OF WASHINGTON.

Dated: ___5/12/20___

MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC., as
designated nominee for LIBERTY FINANCIAL GROUP, INC, A
WASHINGTON CORPORATION, Beneficiary of the security
Instrument, Its successors and assigns

SHAUNA BOEDEKER, VICE PRESIDENT

State of Texas
County of Dallas

On __5/12/20_____, before me, JASMIN MORENO, a Notary Public In and for Dallas In
the State of Texas, personally appeared  SHAUNA BOEDEKER, VICE PRESIDENT ,personally known to
me (or proved to me on the basis of satisfactory evidence) to be the person(s) whose name(s) Is/are
subscribed to the within Instrument and acknowledged to me that he/she/they executed the same In
his/her/their authorized capacity, and that by his/her/their signature on the Instrument the person(s), or the
entity upon behalf of which the person(s) acted, executed the Instrument.

WITNESS my hand and official seal,

JASMIN MORENO
Notary Expires: 09/10/2022
(This are for notarial seal)

JASMIN MORENO
My Notary ID # 131716190
Expires September 10, 2022

RECORDING REQUESTED BY:

WHEN RECORDED MAIL TO:

Trustee Corps
606 W. Gowe Street
Kent, WA 98032-5744

TS No WA08000298-19-1             TO No 191299809-WA-MSI

## NOTICE OF TRUSTEE'S SALE
## PURSUANT TO THE REVISED CODE OF WASHINGTON
## CHAPTER 61.24 ET. SEQ.

Grantor:   **ALBERTO RIVERA MONROY AND IRMA PARRA-RIVERA, HUSBAND AND WIFE**
Current Beneficiary of the Deed of Trust:   **Real Time Resolutions, Inc.**
Original Trustee of the Deed of Trust:   **FIRST AMERICAN TITLE INSURANCE COMPANY**
Current Trustee of the Deed of Trust:   MTC Financial Inc. dba Trustee Corps
Current Mortgage Servicer of the Deed of Trust:   **Real Time Resolutions, Inc.**
Reference Number of the Deed of Trust:   **Instrument No. 20070301001246**
Parcel Number:   **070571057002**

I. NOTICE IS HEREBY GIVEN that on **October 1, 2021, 10:00 AM, at 4th Ave entrance King County Administration Building, located one block east of the Courthouse, 500 4th Ave, Seattle, WA,** MTC Financial Inc. dba Trustee Corps, the undersigned Trustee, will sell at public auction to the highest and best bidder, payable, in the form of cash, or cashier's check or certified checks from federally or State chartered banks,  at the time of sale the following described real property, situated in the County of King, State of Washington, to-wit:

**LOT(S) 57, BELMONT WOODS DIVISION II, ACCORDING TO THE PLAT THEREOF RECORDED IN VOLUME 172 OF PLATS, PAGE(S) 77 THROUGH 85, RECORDS OF KING COUNTY, WASHINGTON. SITUATE IN THE COUNTY OF KING, STATE OF WASHINGTON.**

APN: **070571057002**

More commonly known as **23829 SE 248TH STREET, MAPLE VALLEY, WA 98038**

which is subject to that certain Deed of Trust dated February 27, 2007, executed by ALBERTO RIVERA MONROY AND IRMA PARRA-RIVERA, HUSBAND AND WIFE as Trustor(s), to secure obligations in favor of MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC., as designated nominee for LIBERTY FINANCIAL GROUP, INC, A WASHINGTON CORPORATION, Beneficiary of the security instrument, its successors and assigns, recorded March 1, 2007 as Instrument No. 20070301001246 and the beneficial interest was assigned to Real Time Resolutions, Inc. and recorded May 12, 2020 as Instrument Number 20200512000681 of official records in the Office of the Recorder of King County, Washington.

II. No action commenced by **Real Time Resolutions, Inc.,** the current Beneficiary of the Deed of Trust is now pending to seek satisfaction of the obligation in any Court by reason of the Borrowers' or Grantors' default on the obligation secured by the Deed of Trust/Mortgage.



**III.** The default(s) for which this foreclosure is made is/are as follows: FAILURE TO PAY WHEN DUE THE FOLLOWING AMOUNTS WHICH ARE NOW IN ARREARS:

### DELINQUENT PAYMENT INFORMATION

| From | To | Number of Payments | Monthly Payment | Total |
|------|------|------|------|------|
| June 1, 2009 | May 25, 2021 | 144 | $834.13 | $120,114.72 |

### LATE CHARGE INFORMATION

| | | | | |
|------|------|------|------|------|
| June 1, 2009 | May 25, 2021 | | | $4,749.81 |

### PROMISSORY NOTE INFORMATION

| | |
|------|------|
| Note Dated: | **February 27, 2007** |
| Note Amount: | **$79,600.00** |
| Interest Paid To: | **May 1, 2009** |
| Next Due Date: | **June 1, 2009** |

Current Beneficiary: **Real Time Resolutions, Inc.**
Contact Phone No: **877-252-3761**
Address: **PO Box 36655, Dallas, TX 75235-9833**

**IV.** The sum owing on the obligation secured by the Deed of Trust is: The principal sum of $78,389.94, together with interest as provided in the Note or other instrument secured, and such other costs and fees as are due under the Note or other instrument secured, and as are provided by statute.

**V.** The above described real property will be sold to satisfy the expense of sale and the obligation secured by the Deed of Trust as provided by statute.  Said sale will be made without warranty, expressed or implied, regarding title, possession or encumbrances on **October 1, 2021**.  The defaults referred to in Paragraph III must be cured by **September 20, 2021**, (11 days before the sale date) to cause a discontinuance of the sale.  The sale will be discontinued and terminated if at any time before **September 20, 2021** (11 days before the sale) the default as set forth in Paragraph III is cured and the Trustees' fees and costs are paid.  Payment must be in cash or with cashiers' or certified checks from a State or federally chartered bank.  The sale may be terminated any time after the **September 20, 2021** (11 days before the sale date) and before the sale, by the Borrower or Grantor or the holder of any recorded junior lien or encumbrance by paying the entire principal and interest secured by the Deed of Trust, plus costs, fees and advances, if any, made pursuant to the terms of the obligation and/or Deed of Trust, and curing all other defaults.

**VI.** A written Notice of Default was transmitted by the current Beneficiary, Real Time Resolutions, Inc. or Trustee to the Borrower and Grantor at the following address(es):

ADDRESS
ALBERTO RIVERA MONROY
23829 SE 248TH STREET, MAPLE VALLEY, WA 98038

IRMA PARRA-RIVERA
23829 SE 248TH STREET, MAPLE VALLEY, WA 98038

by both first class and certified mail on **April 21, 2021**, proof of which is in the possession of the Trustee; and the Borrower and Grantor were personally served with said written Notice of Default or the written Notice of Default was posted in a conspicuous place **April 20, 2021** on the real property described in Paragraph I above, and the Trustee has possession of proof of such service or posting.

**VII.** The Trustee whose name and address are set forth below will provide in writing to anyone requesting it, a statement of all costs and fees due at any time prior to the sale.

**VIII.** The effect of the sale will be to deprive the Grantor and all those who hold by, through or under the Grantor of all their interest in the above described property.

**IX.** Anyone having any objections to this sale on any grounds whatsoever will be afforded an opportunity to be heard as to those objections if they bring a lawsuit to restrain the sale pursuant to RCW 61.24.130. Failure to bring such a lawsuit may result in a waiver of any proper grounds for invalidating the Trustees' Sale.

**X. Notice to Occupants or Tenants.** The purchaser at the Trustee's sale is entitled to possession of the property on the 20th day following the sale, as against the Grantor under the deed of trust (the owner) and anyone having an interest junior to the deed of trust, including occupants who are not tenants. After the 20th day following the sale the purchaser has the right to evict occupants who are not tenants by summary proceedings under chapter 59.12 RCW. For tenant-occupled property, the purchaser shall provide a tenant with written notice in accordance with RCW 61.24.060.

Notice to Borrower(s) who received a letter under RCW 61.24.031:

### THIS NOTICE IS THE FINAL STEP BEFORE THE FORECLOSURE SALE OF YOUR HOME.

You have only 20 DAYS from the recording date on this notice to pursue mediation.

**DO NOT DELAY.   CONTACT A HOUSING COUNSELOR OR AN ATTORNEY LICENSED IN WASHINGTON NOW** to assess your situation and refer you to mediation if you might eligible and it may help you save your home.  See below for safe sources of help.

### SEEKING ASSISTANCE

Housing counselors and legal assistance may be available at little or no cost to you.  If you would like assistance in determining your rights and opportunities to keep your house, you may contact the following:

The statewide foreclosure hotline for assistance and referral to housing counselors recommended by the Housing Finance Commission: Telephone: (877) 894-4663 or (800) 606-4819    Website: www.wshfc.org

The United States Department of Housing and Urban Development: Telephone: (800) 569-4287 Website: www.hud.gov



The statewide civil legal aid hotline for assistance and referrals to other housing counselors and attorneys: Telephone: (800) 606-4819   Website: www.homeownership.wa.gov

Dated: _____ 5/25/2021 _____

MTC Financial Inc. dba Trustee Corps, as Duly Appointed Successor Trustee

By: Alan Burton, Vice President

MTC Financial Inc. dba Trustee Corps
606 W. Gowe Street
Kent, WA 98032-5744
Toll Free Number: (844) 367-8456
TDD: (800) 833-6388

**For Reinstatement/Pay Off Quotes, contact MTC Financial Inc. DBA Trustee Corps**

STATE OF WASHINGTON
COUNTY OF KING

I certify that I know or have satisfactory evidence that ALAN BURTON is the person who appeared before me, and said person acknowledged that he signed this instrument, on oath stated that he was authorized to execute the instrument and acknowledged it as the **Vice President for MTC Financial Inc. DBA Trustee Corps** to be the free and voluntary act of such party for the uses and purposes mentioned in the instrument.

Dated: _____

Notary Public in and for the State of Washington

Residing at King County

My Appointment expires _____

KATHRINE MAGNI
Notary Public
State of Washington
Commission # 20104335
My Comm. Expires Feb 3, 2024

Trustee Corps may be considered a debt collector attempting to collect a debt.
Any information obtained may be used for that purpose.

To the extent your original obligation was discharged under Title 11 of the United States Code, this notice is for compliance and/or informational purposes only and does not constitute an attempt to collect a debt or to impose personal liability for such obligation.  However, a secured party retains rights under its security instrument, including the right to foreclose its lien.

Re: TS#: WA08000298-19-1

# RESIDENT OF PROPERTY
# SUBJECT TO FORECLOSURE SALE

The foreclosure process has begun on this property, which may affect your right to continue to live in this property.

Ninety days or more after the date of this notice, this property may be sold at foreclosure.

If you are renting this property, the new property owner may either give you a new rental agreement or provide you with a sixty-day notice to vacate the property.

You may wish to contact a lawyer or your local legal aid or housing counseling agency to discuss any rights that you may have.

TS No WA08000298-19-1                          TO No 191299809-WA-MSI



TS No WA08000298-19-1                 APN 070571057002                 TO No 191299809-WA-MSI

## NOTICE OF FORECLOSURE
## PURSUANT TO THE REVISED CODE OF WASHINGTON
## CHAPTER 61.24 RCW

To:   ALBERTO RIVERA MONROY AND IRMA PARRA-RIVERA, HUSBAND AND WIFE

Pursuant to the Revised Code of Washington, the attached Notice of Trustee's Sale is a consequence of default(s) in the obligation to Real Time Resolutions, Inc., the Beneficiary of your Deed of Trust and holder of the obligation secured thereby.  Unless the default(s) is/are cured, your property will be sold at auction on October 1, 2021.

To cure the default(s), you must bring the payments current, cure any other defaults, and pay accrued late charges and other costs, advances, and attorney fees as set forth below by September 20, 2021 (11 days before the sale date).  To date, delinquent payments from June 1, 2009, arrears and costs are as follows:

| PAYMENT INFORMATION AS OF: | May 25, 2021 | September 20, 2021 |
|---|---|---|
| Payments | $120,114.72 | $123,451.24 |
| Late Charges | $4,749.81 | $4,749.81 |
| **TOTALS** | **$124,864.53** | **$128,201.05** |

| BENEFICIARY'S ADVANCES, COSTS, AND EXPENSES DUE TO REINSTATE AS OF: | May 25, 2021 | September 20, 2021 |
|---|---|---|
| **TOTALS** | **$196.48** | **$196.48** |

| FORECLOSURE FEES AND COSTS DUE TO REINSTATE AS OF (Estimated Itemization): | May 25, 2021 | September 20, 2021 |
|---|---|---|
| Trustee's Fee | $1,350.00 | $1,350.00 |
| Trustee's Sale Guarantee | $613.26 | $613.26 |
| Recording Fees | $18.00 | $93.00 |
| Posting Notice of Default | $90.00 | $90.00 |
| Certified Mailing of Notice of Default (estimated) | $17.46 | $17.46 |
| Publication of Notice of Sale (estimated) | $0.00 | $1,700.00 |
| Posting of Notice of Sale | $0.00 | $90.00 |
| Certified Mailing of Notice of Sale (estimated) | $0.00 | $50.00 |
| **TOTAL FEES & COSTS** | **$2,088.72** | **$4,003.72** |
| **TOTAL TO REINSTATE** | **$127,149.73** | **$132,401.25** |

To pay off the entire obligation secured by your Deed of Trust as of May 31, 2021 you must pay a total of $78,389.94 in principal, $116,048.70 in interest, plus other costs and advances, estimated to date in the amount of $201,348.19.  From and after the date of this notice you must submit a written request to the Trustee to obtain the total amount to pay off the entire obligation secured by your Deed of Trust as of the payoff date.

As to the defaults which do not involve payment of money to the Beneficiary of your Deed of Trust, you must cure each such default.  Listed below are the defaults which do not involve payment of money to the Beneficiary of your Deed of Trust.  Opposite each such listed default is a brief description of the action

TS No WA08000298-19-1                   APN 070571057002                   TO No 191299809-WA-MSI

necessary to cure the default and a description of the documentation necessary to show that the default has been cured.

Description of Action Required to Cure and Documentation Necessary to Show Cure:
**$0.00** Property Tax – if paid, a copy of the paid tax receipt should be included with the reinstatement funds
**$0.00** Insurance Advance – if paid, a copy of the paid receipt should be included with the reinstatement funds

You may reinstate your Deed of Trust and the obligation secured thereby at any time up to and including the **September 20, 2021** (11 days before the sale date), by paying the amount set forth or estimated above and by curing any other defaults described above. Of course, as time passes other payments may become due, and any further payments coming due and any additional late charges must be added to your reinstating payment. Any new defaults not involving payment of money that occur after the date of this notice must also be cured in order to effect reinstatement. In addition, because some of the charges can only be estimated at this time, and because the amount necessary to reinstate or to pay off the entire indebtedness may include presently unknown expenditures required to preserve the property or to comply with state or local law, it will be necessary for you to contact the Trustee before the time you tender reinstatement or the payoff amount so that you may be advised of the exact amount you will be required to pay. Tender of payment, in the form of cash, or cashiers' check or certified checks from State or federally chartered banks, or performance must be made to:

**MTC Financial Inc. dba Trustee Corps**
**TS No. WA08000298-19-1**
**606 W. Gowe Street**
**Kent, WA 98032-5744**
**Toll Free Number: (844) 367-8456**
**TDD: (800) 833-6388**

AFTER **September 20, 2021**, YOU MAY NOT REINSTATE YOUR DEED OF TRUST BY PAYING THE BACK PAYMENTS AND COSTS AND FEES AND CURING THE OTHER DEFAULTS AS OUTLINED ABOVE. The Trustee will respond to any written request for current payoff or reinstatement amounts within ten days of receipt of your written request. In such a case, you will only be able to stop the sale by paying, before the sale, the total principal balance of **$78,389.94** plus accrued interest, costs and advances, if any, made pursuant to the terms of the documents and by curing the other defaults as outlined above.

You may contest this default by initiating court action in the Superior Court of the county in which the sale is to be held. In such action, you may raise any legitimate defenses you have to this default. A copy of your Deed of Trust and documents evidencing the obligation secured thereby are enclosed. You may wish to consult a lawyer. Legal action on your part may prevent or restrain the sale, but only if you persuade the court of the merits of your defense. You may contact the Department of Financial Institutions or the statewide civil legal aid hotline for possible assistance or referrals.

The court may grant a restraining order or injunction to restrain a Trustee's Sale pursuant to RCW 61.24.130 upon five days notice to the Trustee of the time when, place where and the judge before whom the application for the restraining order or injunction is to be made. This notice shall include copies of all pleadings and related documents to be given to the judge. Notice and other process may be served upon the Trustee at:

MTC Financial Inc. dba Trustee Corps
TS No. WA08000298-19-1
606 W. Gowe Street
Kent, WA 98032-5744



TS No WA08000298-19-1                APN 070571057002                TO No 191299809-WA-MSI

Toll Free Number: (844) 367-8456
TDD: (800) 833-6388

If you do not reinstate the secured obligation and your Deed of Trust in the manner set forth above, or if
you do not succeed in restraining the sale by court action, your property will be sold.  The effect of such
sale will be to deprive you and all those who hold by, through or under you of all interest in the property;

Dated:    5/25/2021                      MTC Financial Inc. dba Trustee Corps

                                         By: Alan Burton, Vice President

Trustee Corps may be considered a debt collector attempting to collect a debt.
Any information obtained may be used for that purpose.

To the extent your original obligation was discharged under Title 11 of the United States Code, this notice is
for compliance and/or informational purposes only and does not constitute an attempt to collect a debt or to
impose personal liability for such obligation.  However, a secured party retains rights under its security
instrument, including the right to foreclose its lien.

Exhibit E
Title Commitment



WFG National Title Company
a Williston Financial Group company

**Prepared at the request of:**

Ivan Olmedo
13023 NE 70th Place
Kirkland, WA  98033

**For title assistance on this order please contact:**

WFG National Title Company of Washington, LLC
2300 Eastlake Ave. East, Suite 100
Seattle, WA  98102

**Title Officer:** Dan Kepper - WA Title Team 2
**Phone No.:** (425) 638-1167
**Email:** watitleteam2@wfgtitle.com

**License No.:** 713049

| | |
|---|---|
| **For Informational Purposes Only:** | |
| Seller(s): | Irma Rivera |
| Buyer(s): | |
| Address: | 23829 SE 248th St, Maple Valley, WA  98038 |
| County: | King |
| Tax Account No.: | 0705710570 |
| Abbreviated Legal: | LOT 57, BELMONT WOODS DIVISION II |



## SCHEDULE A

Transaction Identification Data for reference only:

| | |
|---|---|
| Issuing Agent: | **WFG National Title Company of Washington, LLC** |
| Issuing Office: | **2300 Eastlake Ave. East, Suite 100, Seattle, WA  98102** |
| ALTA Universal ID: | |
| Loan ID Number: | **Not Available** |
| Commitment Number: | **20-211533** |
| Issuing Office File Number: | **20-211533** |
| Property Address: | **23829 SE 248th St, Maple Valley, WA  98038** |
| Revision Number: | |

1.  Commitment Date:  **June 2, 2020 at 8:00 a.m.**

2.  Policy or Policies to be issued:

      **ALTA® HomeOwner's Policy (12-02-13)**

| | | |
|---|---|---|
| Amount: | | TBD |
| Premium: | | $0.00 |
| Tax: | | $0.00 |
| Total: | | $0.00 |

      **Proposed Insured:   To Follow**

      **ALTA® Ext Loan Policy (06-17-06)**

| | | |
|---|---|---|
| Amount: | | TBD |
| Premium: | | $0.00 |
| Tax: | | $0.00 |
| Total: | | $0.00 |

      **Proposed Insured:   Lender To Follow**

3.  The estate or interest in the Land described or referred to in this Commitment is **Fee Simple.**

4.  Title to the Fee Simple estate or interest in the Land is at the Commitment Date vested in:

    **Alberto Rivera Monroy and Irma Parra-Rivera, husband and wife**

5.  The land referred to in this Commitment is described as follows:

    **SEE ATTACHED EXHIBIT "A" ATTACHED HERETO AND MADE A PART HEREOF**

Issued By:
WFG National Title Company of Washington, LLC, as
Issuing Agent for WFG National Title Insurance
Company

WFG NATIONAL TITLE INSURANCE COMPANY

By:
President

ATTEST:

Secretary

By_____
   Authorized Signature

*This page is only a part of a 2016 ALTA® Commitment for Title Insurance Issued by WFG National Title Insurance Company. This Commitment is not valid without the Notice; the Commitment to Issue Policy; the Commitment Conditions; Schedule A; Schedule B, Part I—Requirements; and]Schedule B, Part II—Exceptions; and a counter-signature by the Company or its issuing agent that may be in electronic form.*

ALTA Commitment 08-01-2016
WFG Form No 3173900

Order No. 20-211533

*This page is only a part of a 2016 ALTA® Commitment for Title Insurance issued by WFG National Title Insurance Company. This Commitment is not valid without the Notice; the Commitment to Issue Policy; the Commitment Conditions; Schedule A; Schedule B, Part I—Requirements; and]Schedule B, Part II—Exceptions; and a counter-signature by the Company or its issuing agent that may be in electronic form.*

ALTA Commitment 08-01-2016
WFG Form No 3173900

**EXHIBIT "A"**
**LEGAL DESCRIPTION**

LOT 57 OF BELMONT WOODS DIVISION II, AS PER PLAT RECORDED IN VOLUME 172 OF PLATS, PAGES 77 THROUGH 85, RECORDS OF KING COUNTY AUDITOR;

SITUATE IN THE CITY OF MAPLE VALLEY, COUNTY OF KING, STATE OF WASHINGTON.

*This page is only a part of a 2016 ALTA® Commitment for Title Insurance issued by WFG National Title Insurance Company. This Commitment is not valid without the Notice; the Commitment to Issue Policy; the Commitment Conditions; Schedule A; Schedule B, Part I— Requirements; and]Schedule B, Part II—Exceptions; and a counter-signature by the Company or its issuing agent that may be in electronic form.*

ALTA Commitment 08-01-2016
WFG Form No 3173900

Order No  20-211533

**COMMITMENT FOR TITLE INSURANCE**
Issued By
**WFG NATIONAL TITLE INSURANCE COMPANY**

**SCHEDULE B, PART I**

**REQUIREMENTS**

The following requirements are to be complied with:

1.   Instruments necessary to create the estate or interest to be properly executed, delivered and duly filed for record.

2.   Payment of all premiums, fees and charges for the policy.

3.   Payment of the full consideration to, or for the account of, the grantors or mortgagors.


**INFORMATIONAL NOTES**


NOTE:   Effective January 1, 1997, and pursuant to amendment of Washington State Statutes relating to standardization of recorded documents, certain format and content requirements must be met (refer to RCW 65.04.045).  Failure to comply may result in rejection of the document by the recorder or additional fees may be charged, subject to the Auditor's discretion.

NOTE:   As to any and all covenants and restrictions set forth herein, the following is added: "but omitting any covenant or restriction based on race, color, religion, sex, handicap, familial status or national origin, unless and only to the extent that said covenant(s): (a) is/are exempt under Chapter 42, Section 3607 of the United States Code; or (b) relates to a handicap, but does not discriminate against handicapped persons."

NOTE:   In the event that the Commitment Jacket is not attached hereto, all of the terms, conditions and provisions contained in said jacket are incorporated herein.  The Commitment Jacket is available for inspection at any Company office.

NOTE:   If you would like the company to act as trustee in a proposed Deed of Trust, please note that WFG National Title Company, a Washington limited liability company may act as Trustee of a Deed of Trust under RCW 61.24.010(1).

NOTE:   Due to current conflicts or potential conflicts between state and federal law, which conflicts may extend to local law, regarding marijuana, if the transaction to be insured involves property which is currently used or is to be used in connection with a marijuana enterprise, including but not limited to the cultivation, storage, distribution, transport, manufacture, or sale of marijuana and/or products containing marijuana, the Company declines to close or insure the transaction, and this Commitment shall automatically be considered null and void and of no force and effect.


**END OF REQUIREMENTS**


*This page is only a part of a 2016 ALTA® Commitment for Title Insurance issued by WFG National Title Insurance Company. This Commitment is not valid without the Notice; the Commitment to Issue Policy; the Commitment Conditions; Schedule A; Schedule B, Part I— Requirements; andJSchedule B, Part II—Exceptions; and a counter-signature by the Company or its issuing agent that may be in electronic form.*

ALTA Commitment 08-01-2016
WFG Form No 3173900

Order No.  20-211533

## COMMITMENT FOR TITLE INSURANCE
Issued By
## WFG NATIONAL TITLE INSURANCE COMPANY

### SCHEDULE B, PART II

### EXCEPTIONS

THIS COMMITMENT DOES NOT REPUBLISH ANY COVENANT, CONDITION, RESTRICTION, OR LIMITATION CONTAINED IN ANY DOCUMENT REFERRED TO IN THIS COMMITMENT TO THE EXTENT THAT THE SPECIFIC COVENANT, CONDITION, RESTRICTION, OR LIMITATION VIOLATES STATE OR FEDERAL LAW BASED ON RACE, COLOR, RELIGION, SEX, SEXUAL ORIENTATION, GENDER IDENTITY, HANDICAP, FAMILIAL STATUS, OR NATIONAL ORIGIN.

The Policy will not insure against loss or damage resulting from the terms and provisions of any lease or easement identified in Schedule A, and will include the following Exceptions unless cleared to the satisfaction of the Company:

1.   Defects, liens, encumbrances, adverse claims or other matters, if any, created, first appearing in the public records or attaching subsequent to the effective date hereof but prior to the date the proposed insured acquires for value of record the estate or interest or mortgage thereon covered by this Commitment.

2.   Any facts, rights, interests, or claims that are not shown by the Public Records but that could be ascertained by an inspection of the Land or that may be asserted by persons in possession of the Land.

3.   Any rights, interests or claims of parties in possession not shown by the public records.

4.   Any lien, or right to a lien, for services, labor, materials or equipment in connection with improvements, repairs or renovations provided before, on, or after Date of Policy and not shown by the Public Records at Date of Policy.

5.   Any encroachment, encumbrance, violation, conflict in boundary line(s), shortage in area, or adverse circumstance affecting the title that would be disclosed by an accurate and complete land survey and/or physical inspection of the land. The term "encroachment" includes encroachments of existing improvements located on the land onto adjoining land, and encroachments on the land of existing improvements located on adjoining land.

6.   (a) Taxes or assessments that are not shown as existing liens by the records of any taxing authority that levies taxes or assessments on real property or by the Public Records; (b) proceedings by a public agency that may result in taxes or assessments, or notices of such proceedings, whether or not shown by the records of such agency or by the Public Records.

7.   Easements or claims of easements not shown by the public records.

8.   (a) Unpatented mining claims; (b)reservations or exceptions in patents or in Acts authorizing the issuance thereof; and (c) Oil, natural gas, coal, fissionable materials or other minerals previously conveyed, leased or retained by prior owners, whether or not appearing in the Public Records or listed in Schedule B. The Company makes no representation as to the present ownership of any such interests. There may be leases, grants, exceptions or reservations of interests that are not listed.

9.   Any adverse ownership claim by right of sovereignty to any portion of the lands insured hereunder, including tidelands, submerged, filled and artificially exposed lands and lands accreted to such lands or dispute as to the boundaries purportedly caused by a change in the location of any water body within or adjacent to the land.

10.  Water rights, and claims or title to water, whether or not shown by the Public Records.

11.  Any lien for service, installation, connection, maintenance, tap, capacity, or construction or similar charges for sewer, water, electricity, natural gas or other utilities, or for garbage collection and disposal not shown by the Public Records.

*This page is only a part of a 2016 ALTA® Commitment for Title Insurance issued by WFG National Title Insurance Company. This Commitment is not valid without the Notice; the Commitment to Issue Policy; the Commitment Conditions; Schedule A; Schedule B, Part I—Requirements; and]Schedule B, Part II—Exceptions; and a counter-signature by the Company or its issuing agent that may be in electronic form.*

ALTA Commitment 08-01-2016
WFG Form No 3173900

Order No. 20-211533

12. Easement and the terms and conditions thereof, granted to:
    Puget Sound Power & Light Company,
    for the purpose of electric transmission and/or distribution system,
    affecting a portion of said premises, recorded on February 22, 1983, in 8302220333, of Official Records.

13. Easement and the terms and conditions thereof, granted to:
    Pacific Northwest Bell Telephone Company,
    for the purpose of underground communication lines and above ground cabinet,
    affecting a portion of said premises, recorded on August 23, 1985, in 8508230461, of Official Records.

14. Easement and the terms and conditions thereof, granted to:
    Puget Sound Power & Light Company,
    for the purpose of electric transmission and/or distribution system,
    affecting a portion of said premises, recorded on June 16, 1993, in 9306160912, of Official Records.

15. Agreement and the terms and conditions thereof, recorded on August 18, 1994,
    in 9408181213, of Official Records,
    regarding Reimbursement for construction and installation of water system facilities.

16. Easement and the terms and conditions thereof, granted to:
    King County, Washington,
    for the purpose of Drainage,
    affecting a portion of said premises, recorded on April 28, 1995, in 9504281298, of Official Records.

17. Easement and the terms and conditions thereof, granted to:
    Soos Creek Water and Sewer District,
    for the purpose of sanitary sewer lines,
    affecting a portion of said premises, recorded on September 14, 1995, in 9509140684, of Official Records.

18. Covenants, Conditions, Restrictions and Easements, if any, including the terms and provisions thereof,
    as shown on the recorded plat of Belmont Woods Div. II.

19. Terms, provisions, covenants, conditions, restrictions, easements, charges, assessments and liens provided in
    the Covenants, Conditions and Restrictions recorded on September 17, 1993, in 9309172232,
    of Official Records, but omitting any covenant, condition or restriction, if any, based on race, color, religion,
    sex, handicap, familial status, or national origin unless and only to the extent that the covenant,
    condition or restriction (a) is exempt under Title 42 of the United States Code, or (b) relates to handicap,
    but does not discriminate against handicapped persons.

    And amendment(s) thereof recorded on November 12, 1993, in 9311122941, of Official Records.

    Said instrument is a re-recording of instrument(s) recorded under Recording Number(s) 9309292902.

20. Real estate excise tax pursuant to the authority of RCW Chapter 82.45 and subsequent amendments thereto.

    The rate of real estate excise tax to a sale on or after 1/1/2020 for properties which are not formally classified and
    specially valued as timberland or agricultural land is:

    1.60% on any portion of the sale price of $500,000 or less;
    1.78% on any portion of the sale price above $500,000, up to $1,500,000;
    3.25% on any portion of the sale price above $1,500,000, up to $3,000,000;
    3.50% on any portion of the sale price above $3,000,000;

    Levy Code: 1818

21. Taxes and charges, together with interest, penalty and statutory foreclosure costs, if any, after delinquency:
    Tax Year:            2020
    Tax Type:            County
    Tax ID No.:          0705710570
    Taxing Entity:       King County Treasurer
    Total Annual Tax:    $4,762.45

*This page is only a part of a 2016 ALTA® Commitment for Title Insurance issued by WFG National Title Insurance Company. This Commitment is not valid without the Notice; the Commitment to Issue Policy; the Commitment Conditions; Schedule A; Schedule B, Part I—Requirements; and]Schedule B, Part II—Exceptions; and a counter-signature by the Company or its issuing agent that may be in electronic form.*

ALTA Commitment 08-01-2016
WFG Form No 3173900

Order No. 20-211533

| | |
|---|---|
| First Installment: | $2,381.23 |
| First Installment Status: | Paid |
| First Installment Due/Paid Date: | April 30, 2020 |
| First Installment Delinquent Date: | May 1, 2020 |
| Second Installment: | $2,381.22 |
| Second Installment Status: | Due |
| Second Installment Due/Paid Date: | October 31, 2020 |
| Second Installment Delinquent Date: | November 1, 2020 |
| Notes: | View Taxes |

22.  Deed of Trust and the terms and conditions thereof:

| | |
|---|---|
| Grantor: | Alberto Rivera Monroy and Irma Parra-Rivera, husband and wife |
| Trustee: | First American Title Insurance Company |
| Lender/Beneficiary: | Liberty Financial Group, Inc. and MERS solely as Nominee for Liberty Financial Group, Inc. |
| Original Amount: | $316,400.00 |
| Dated: | February 27, 2007 |
| Recorded: | March 1, 2007 |
| Recording No.: | 20070301001245 |

23.  Lien claimed by King County Wastewater Treatment Divi:

| | |
|---|---|
| Against: | Alberto Monroy and Irma Rana |
| For: | Sewage treatment capacity charge |
| Amount: | $575.97 |
| Recorded: | April 3, 2013 |
| Recording No.: | 20130403001099 |

24.  Lien claimed by Belmont Woods Homeowners Association:

| | |
|---|---|
| Against: | Irma Rivera |
| For: | Unpaid assessments |
| Amount: | $1,513.24 |
| Recorded: | October 23, 2015 |
| Recording No.: | 20151023000493 |

25.  Matters related to coverages provided by the ALTA Homeowner's Policy.  The disposition of these matters will be determined by a review of the completed Affidavit as to Liens and Possession. The Company reserves the right to make additional requirements upon review of said Affidavit.

26.  Determination of whether reporting is required under any applicable U.S. Department of Treasury FINCEN Geographic Targeting Order (GTO) and, if reporting under the GTO is required, providing to the Company the information and identity documents required to comply with the GTO and complete the report.

*This page is only a part of a 2016 ALTA® Commitment for Title Insurance issued by WFG National Title Insurance Company. This Commitment is not valid without the Notice; the Commitment to Issue Policy; the Commitment Conditions; Schedule A; Schedule B, Part I—Requirements; and]Schedule B, Part II—Exceptions; and a counter-signature by the Company or its issuing agent that may be in electronic form.*

ALTA Commitment 08-01-2016
WFG Form No 3173900

Order No. 20-211533

Note 1:   Title will be vested in parties yet to be disclosed. When title is vested, their title will be subject to matters of record against their names.

Note 2:   The following is incorporated herein for information purposes only and is not part of the exception from coverage (Schedule B-II of the commitment and Schedule B of the policy):The following instrument(s), affecting said property, is (are) the last instrument(s) conveying subject property filed for record within 36 months of the effective date of this commitment:

None of Record

Note 3:   The matters relating to the questions of survey, rights of parties in possession, and unrecorded liens for labor and material have been cleared for the loan policy which, when issued, will contain the ALTA 9-06 Endorsement, as appropriate for the policy form.

Note 4:   Based on information provided to the company, on the date of this commitment it appears that there is located on the land:

PUD-Single Family Residence

Known As:
23829 SE 248th St
Maple Valley, WA 98038

Note 5:   The county tax rolls disclose the current assessed valuations as follows:

| | |
|---|---|
| Land: | $153,000.00 |
| Improved: | $265,000.00 |
| Total: | $418,000.00 |
| Levy Code: | 1818 |

Note 6:   The Company requires the proposed insured to verify that the land covered by this Commitment is the land intended to be conveyed in this transaction. The description of the land may be incorrect, if the application for title insurance contained incomplete or inaccurate information. Notify the Company well before closing if changes are necessary. Closing instructions must indicate that the legal description has been reviewed and approved by all parties.

Note 7:   The following may be used as an abbreviated legal description on the documents to be recorded, per amended RCW 65.04. Said abbreviated legal description is not a substitute for a complete legal description within the body of the document:

LOT 57, BELMONT WOODS DIVISION II

Note 8:   When sending documents for recording, via U.S. mail or special courier service, please send to the following address, unless specific arrangements have been made with your title unit:

WFG National Title Company
2300 Eastlake Avenue East
Suite 100
Seattle, WA 98102
Attn: Recording Dept.

**End of Schedule B-II**

*This page is only a part of a 2016 ALTA® Commitment for Title Insurance issued by WFG National Title Insurance Company. This Commitment is not valid without the Notice; the Commitment to Issue Policy; the Commitment Conditions; Schedule A; Schedule B, Part I— Requirements; and]Schedule B, Part II—Exceptions; and a counter-signature by the Company or its issuing agent that may be in electronic form.*

ALTA Commitment 08-01-2016
WFG Form No 3173900

Order No.  20-211533



## COMMITMENT FOR TITLE INSURANCE
### Issued By
### WFG NATIONAL TITLE INSURANCE COMPANY

### Notice

**IMPORTANT—READ CAREFULLY:**  THIS COMMITMENT IS AN OFFER TO ISSUE ONE OR MORE TITLE INSURANCE POLICIES. ALL CLAIMS OR REMEDIES SOUGHT AGAINST THE COMPANY INVOLVING THE CONTENT OF THIS COMMITMENT OR THE POLICY MUST BE BASED SOLELY IN CONTRACT.

THIS COMMITMENT IS NOT AN ABSTRACT OF TITLE, REPORT OF THE CONDITION OF TITLE, LEGAL OPINION, OPINION OF TITLE, OR OTHER REPRESENTATION OF THE STATUS OF TITLE. THE PROCEDURES USED BY THE COMPANY TO DETERMINE INSURABILITY OF THE TITLE, INCLUDING ANY SEARCH AND EXAMINATION, ARE PROPRIETARY TO THE COMPANY, WERE PERFORMED SOLELY FOR THE BENEFIT OF THE COMPANY, AND CREATE NO EXTRACONTRACTUAL LIABILITY TO ANY PERSON, INCLUDING A PROPOSED INSURED.

THE COMPANY'S OBLIGATION UNDER THIS COMMITMENT IS TO ISSUE A POLICY TO A PROPOSED INSURED IDENTIFIED IN SCHEDULE A IN ACCORDANCE WITH THE TERMS AND PROVISIONS OF THIS COMMITMENT. THE COMPANY HAS NO LIABILITY OR OBLIGATION INVOLVING THE CONTENT OF THIS COMMITMENT TO ANY OTHER PERSON.

### COMMITMENT TO ISSUE POLICY

Subject to the Notice; Schedule B, Part I—Requirements; Schedule B, Part II—Exceptions; and the Commitment Conditions, WFG National Title Insurance Company, a South Carolina corporation (the "Company"), commits to issue the Policy according to the terms and provisions of this Commitment. This Commitment is effective as of the Commitment Date shown in Schedule A for each Policy described in Schedule A, only when the Company has entered in Schedule A both the specified dollar amount as the Proposed Policy Amount and the name of the Proposed Insured.

If all of the Schedule B, Part I—Requirements have not been met within one hundred eighty (180) days after the Commitment Date, this Commitment terminates and the Company's liability and obligation end.

**In Witness Whereof**, WFG National Title Insurance Company has caused this commitment to be signed and sealed by its duly authorized officers as of Date of Commitment shown in Schedule A.

WFG NATIONAL TITLE INSURANCE COMPANY

By: _____
President

ATTEST: _____
Secretary

*This page is only a part of a 2016 ALTA® Commitment for Title Insurance issued by WFG National Title Insurance Company. This Commitment is not valid without the Notice; the Commitment to Issue Policy; the Commitment Conditions; Schedule A; Schedule B, Part I— Requirements; and]Schedule B, Part II—Exceptions; and a counter-signature by the Company or its issuing agent that may be in electronic form.*

ALTA Commitment 08-01-2016
WFG Form No 3173900

## COMMITMENT CONDITIONS

1.  DEFINITIONS

    a.  "Knowledge" or "Known": Actual or imputed knowledge, but not constructive notice imparted by the Public Records.

    b.  "Land": The land described in Schedule A, and affixed improvements that by law constitute real property. The term "Land" does not include any property beyond the lines of the area described in Schedule A, nor any right, title, interest, estate, or easement in abutting streets, roads, avenues, alleys, lanes, ways, or waterways, but this does not modify or limit the extent that a right of access to and from the Land is to be insured by the Policy.

    c.  "Mortgage": A mortgage, deed of trust, or other security instrument, including one evidenced by electronic means authorized by law.

    d.  "Policy": Each contract of title insurance, in a form adopted by the American Land Title Association, issued or to be issued by the Company pursuant to this Commitment.

    e.  "Proposed Insured": Each person identified in Schedule A as the Proposed Insured of each Policy to be issued pursuant to this Commitment.

    f.  "Proposed Policy Amount": Each dollar amount specified in Schedule A as the Proposed Policy Amount of each Policy to be issued pursuant to this Commitment.

    g.  "Public Records": Records established under state statutes at the Commitment Date for the purpose of imparting constructive notice of matters relating to real property to purchasers for value and without Knowledge.

    h.  "Title": The estate or interest described in Schedule A.

2.  If all of the Schedule B, Part I—Requirements have not been met within the time period specified in the Commitment to Issue Policy, this Commitment terminates and the Company's liability and obligation end.

3.  The Company's liability and obligation is limited by and this Commitment is not valid without:

    a.  the Notice;

    b.  the Commitment to Issue Policy;

    c.  the Commitment Conditions;

    d.  Schedule A;

    e.  Schedule B, Part I—Requirements; and

    f.  Schedule B, Part II—Exceptions; and

    g.  a counter-signature by the Company or its issuing agent that may be in electronic form.

4.  COMPANY'S RIGHT TO AMEND

    The Company may amend this Commitment at any time. If the Company amends this Commitment to add a defect, lien, encumbrance, adverse claim, or other matter recorded in the Public Records prior to the Commitment Date, any liability of the Company is limited by Commitment Condition 5. The Company shall not be liable for any other amendment to this Commitment.

5.  LIMITATIONS OF LIABILITY

    a.  The Company's liability under Commitment Condition 4 is limited to the Proposed Insured's actual expense incurred in the interval between the Company's delivery to the Proposed Insured of the Commitment and the delivery of the amended Commitment, resulting from the Proposed Insured's good faith reliance to:

        i.   comply with the Schedule B, Part I—Requirements;

        ii.  eliminate, with the Company's written consent, any Schedule B, Part II—Exceptions; or

        iii. acquire the Title or create the Mortgage covered by this Commitment.

*This page is only a part of a 2016 ALTA® Commitment for Title Insurance issued by WFG National Title Insurance Company. This Commitment is not valid without the Notice; the Commitment to Issue Policy; the Commitment Conditions; Schedule A; Schedule B, Part I— Requirements; and]Schedule B, Part II—Exceptions; and a counter-signature by the Company or its issuing agent that may be in electronic form.*

ALTA Commitment 08-01-2016
WFG Form No 3173900

    b.  The Company shall not be liable under Commitment Condition 5(a) if the Proposed Insured requested the amendment or had Knowledge of the matter and did not notify the Company about it in writing.

    c.  The Company will only have liability under Commitment Condition 4 if the Proposed Insured would not have incurred the expense had the Commitment included the added matter when the Commitment was first delivered to the Proposed Insured.

    d.  The Company's liability shall not exceed the lesser of the Proposed Insured's actual expense incurred in good faith and described in Commitment Conditions 5(a)(i) through 5(a)(iii) or the Proposed Policy Amount.

    e.  The Company shall not be liable for the content of the Transaction Identification Data, if any.

    f.  In no event shall the Company be obligated to issue the Policy referred to in this Commitment unless all of the Schedule B, Part I—Requirements have been met to the satisfaction of the Company.

    g.  In any event, the Company's liability is limited by the terms and provisions of the Policy.

6.  LIABILITY OF THE COMPANY MUST BE BASED ON THIS COMMITMENT

    a.  Only a Proposed Insured identified in Schedule A, and no other person, may make a claim under this Commitment.

    b.  Any claim must be based in contract and must be restricted solely to the terms and provisions of this commitment.

    c.  Until the Policy is issued, this Commitment, as last revised, is the exclusive and entire agreement between the parties with respect to the subject matter of this Commitment and supersedes all prior commitment negotiations, representations, and proposals of any kind, whether written or oral, express or implied, relating to the subject matter of this Commitment.

    d.  The deletion or modification of any Schedule B, Part II—Exception does not constitute an agreement or obligation to provide coverage beyond the terms and provisions of this Commitment or the Policy.

    e.  Any amendment or endorsement to this Commitment must be in writing and authenticated by a person authorized by the Company.

    f.  When the Policy is issued, all liability and obligation under this Commitment will end and the Company's only liability will be under the Policy.

7.  IF THIS COMMITMENT HAS BEEN ISSUED BY AN ISSUING AGENT

The issuing agent is the Company's agent only for the limited purpose of issuing title insurance commitments and policies. The issuing agent is not the Company's agent for the purpose of providing closing or settlement services.

8.  PRO-FORMA POLICY

The Company may provide, at the request of a Proposed Insured, a pro-forma policy illustrating the coverage that the Company may provide. A pro-forma policy neither reflects the status of Title at the time that the pro-forma policy is delivered to a Proposed Insured, nor is it a commitment to insure.

9.  ARBITRATION – INTENTIONALLY DELETED

*This page is only a part of a 2016 ALTA® Commitment for Title Insurance issued by WFG National Title Insurance Company. This Commitment is not valid without the Notice; the Commitment to Issue Policy; the Commitment Conditions; Schedule A; Schedule B, Part I—Requirements; and]Schedule B, Part II—Exceptions; and a counter-signature by the Company or its issuing agent that may be in electronic form.*

Exhibit G

Assignment of Deed of Trust

(King County recording number
20200512000681)

Instrument Number: 20200512000681  Document:ADT Rec: $18.00 Page-1 of 1
Record Date:5/12/2020 1:14 PM
Electronically Recorded  King County, WA

RECORDING REQUESTED BY:

WHEN RECORDED MAIL TO:

Real Time Resolutions, Inc.
PO Box 36655
Dallas, TX 75235-9833

TS No: WA08000298-19-1
TO No.: 191289809-WA-MSI
APN 070571057002

MIN No
MERS Phone: 888-679-6377
MERS Address: P.O. Box 2026, Flint, MI 48501-2026

## ASSIGNMENT OF DEED OF TRUST

For Value Received, MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC., as designated nominee for LIBERTY FINANCIAL GROUP, INC, A WASHINGTON CORPORATION, Beneficiary of the security instrument, its successors and assigns hereby grants, assigns, and transfers to Real Time Resolutions, Inc., whose address is PO Box 36655, Dallas, TX 76235-9833 all its interest under that certain Deed of Trust dated February 27, 2007, executed by ALBERTO RIVERA MONROY AND IRMA PARRA-RIVERA, HUSBAND AND WIFE as Trustor(s), to FIRST AMERICAN TITLE INSURANCE COMPANY as Trustee and recorded on March 1, 2007 as Instrument No. 20070301001246 of official records, in the Office of the County Recorder of King County, Washington.

All rights accrued or to accrue under said Deed of Trust including the right to have reconveyed, in whole or in part, the real property described therein, commonly known as 23829 SE 240TH STREET, MAPLE VALLEY, WA 98038 and more fully described as follows: LOT(S) 67, BELMONT WOODS, DIVISION II, ACCORDING TO THE PLAT THEREOF RECORDED IN VOLUME 172 OF PLATS, PAGE(S) 77 THROUGH 85, RECORDS OF KING COUNTY, WASHINGTON. SITUATE IN THE COUNTY OF KING, STATE OF WASHINGTON.

Dated:  5/12/20

MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC., as designated nominee for LIBERTY FINANCIAL GROUP, INC, A WASHINGTON CORPORATION, Beneficiary of the security instrument, its successors and assigns

SHAUNA BOEDEKER, VICE PRESIDENT

State of Texas
County of Dallas

On 5/12/20 _____, before me, JASMIN MORENO, a Notary Public in and for Dallas in the State of Texas, personally appeared SHAUNA BOEDEKER, VICE PRESIDENT ,personally known to me (or proved to me on the basis of satisfactory evidence) to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity, and that by his/her/their signature on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.

WITNESS my hand and official seal,

JASMIN MORENO
Notary Expires: 09/10/2022
(This are for notarial seal)

JASMIN MORENO
My Notary ID # 131716198
Expires September 10, 2022