UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| ALBERTO RIVERA MONROY and IRMA PARRA-RIVERA, husband and wife,<br><br>　　　　Plaintiffs,<br><br>v.<br><br>REAL TIME SOLUTIONS INC., MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC., and MTC FINANCIAL INC. d/b/a TRUSTEE CORPS.<br><br>　　　　Defendants.<br><br>REAL TIME SOLUTIONS INC.,<br><br>　　　　Counterclaim-Plaintiff,<br><br>v.<br><br>ALBERTO RIVERA MONROY and IRMA PARRA-RIVERA, husband and wife,<br><br>　　　　Counterclaim-Defendants. | 2:21-cv-00813-BJR<br><br>ANSWER TO COUNTERCLAIMS |

　　COME NOW Plaintiffs, Alberto Rivera Monroy and Irma Parra-Rivera, husband and wife and the marital community composed thereof, collectively "Plaintiffs / Counterclaim Defendants"), by and through undersigned counsel and hereby files this answer and Affirmative Defenses to the counter claims filed by Real Time Resolutions, Inc. as follows:

ANSWER TO COUNTERCLAIMS - 1
2:21-cv-00813-BJR

**HENRY & DEGRAAFF, P.S.**
119 1ST AVE S, STE 500
SEATTLE, WA 98104
V (206) 330-0595 / F (206) 400-7609

# ANSWER TO COUNTERCLAIM

## Parties

1. In answer to Paragraph 1 under "COUNTERCLAIMS", Plaintiffs / Counterclaim Defendants lack sufficient knowledge to admit or deny the allegations contained in Paragraph 1, and therefore deny them.

2. In answer to Paragraph 2 under "COUNTERCLAIMS", Plaintiffs / Counterclaim Defendants admit the same.

## Jurisdiction and Venue

3. Plaintiffs / Counterclaim Defendants repeat and reallege and incorporate by reference their responses to the foregoing paragraphs.

4. In answer to Paragraph 3 under "COUNTERCLAIMS", Plaintiffs / Counterclaim Defendants admit the same.

5. In answer to Paragraph 4 under "COUNTERCLAIMS", Plaintiffs / Counterclaim Defendants admit the same.

## Factual Allegations

### The Second Mortgage Loan

6. Plaintiffs / Counterclaim Defendants repeat and reallege and incorporate by reference their responses to the foregoing paragraphs.

7. In answer to Paragraph 5 under "COUNTERCLAIMS", Plaintiffs / Counterclaim Defendants admit the same.

8. In answer to Paragraph 6 under "COUNTERCLAIMS", Plaintiffs / Counterclaim Defendants admit the same.

9. In answer to Paragraph 7 under "COUNTERCLAIMS", Plaintiffs / Counterclaim Defendants admit the same.

ANSWER TO COUNTERCLAIMS - 2
2:21-cv-00813-BJR

HENRY & DEGRAAFF, P.S.
119 1ST AVE S, STE 500
SEATTLE, WA 98104
V (206) 330-0595 /  F (206) 400-7609

10. The allegations in Paragraph 8 under "COUNTERCLAIMS" are directed toward entities other than Plaintiffs / Counterclaim Defendants and require no response; to the extent a response is required, Plaintiffs / Counterclaim Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations and, on that basis, denies them.

11. In answer to Paragraph 9 under "COUNTERCLAIMS", Plaintiffs / Counterclaim Defendants admit the same.

### The Unrelated Reconveyance

12. Plaintiffs / Counterclaim Defendants repeat and reallege and incorporate by reference their responses to the foregoing paragraphs.

13. Plaintiffs / Counterclaim Defendants deny the characterization of the reconveyance as "unrelated."

14. In answer to Paragraph 10 under "COUNTERCLAIMS", Plaintiffs / Counterclaim Defendants admit that Instrument No. 20090603001231 was recorded in the records of King County but lacks sufficient knowledge to admit or deny the identity of the party who effected the recording.

15. The allegations in Paragraph 11 under "COUNTERCLAIMS" are directed toward entities other than Plaintiffs / Counterclaim Defendants and require no response; to the extent a response is required, Plaintiffs / Counterclaim Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations and, on that basis, denies them.

16. The allegations in Paragraph 12 under "COUNTERCLAIMS" refer to documents that speak for themselves; Plaintiffs / Counterclaim Defendants deny all allegations or characterizations inconsistent with true and accurate copies of such documents.

17. The allegations in Paragraph 13 under "COUNTERCLAIMS" refer to documents that speak for themselves; Plaintiffs / Counterclaim Defendants deny all allegations or characterizations inconsistent with true and accurate copies of such documents.

ANSWER TO COUNTERCLAIMS - 3
2:21-cv-00813-BJR

HENRY & DEGRAAFF, P.S.
119 1ST AVE S, STE 500
SEATTLE, WA 98104
V (206) 330-0595 /  F (206) 400-7609

18. The allegations in Paragraph 14 under "COUNTERCLAIMS" refer to documents that speak for themselves; Plaintiffs / Counterclaim Defendants deny all allegations or characterizations inconsistent with true and accurate copies of such documents.

19. The allegations in Paragraph 15 under "COUNTERCLAIMS" refer to documents that speak for themselves; Plaintiffs / Counterclaim Defendants deny all allegations or characterizations inconsistent with true and accurate copies of such documents.

20. The allegations in Paragraph 16 under "COUNTERCLAIMS" refer to documents that speak for themselves; Plaintiffs / Counterclaim Defendants deny all allegations or characterizations inconsistent with true and accurate copies of such documents.

21. The allegations in Paragraph 17 under "COUNTERCLAIMS" refer to documents that speak for themselves; Plaintiffs / Counterclaim Defendants deny all allegations or characterizations inconsistent with true and accurate copies of such documents.

22. The allegations in Paragraph 18 under "COUNTERCLAIMS" refer to documents that speak for themselves; Plaintiffs / Counterclaim Defendants deny all allegations or characterizations inconsistent with true and accurate copies of such documents.

23. The allegations in Paragraph 19 under "COUNTERCLAIMS" refer to documents that speak for themselves; Plaintiffs / Counterclaim Defendants deny all allegations or characterizations inconsistent with true and accurate copies of such documents.

24. The allegations in Paragraph 20 are conclusions of law and directed toward entities other than to Plaintiffs / Counterclaim Defendants which no response is required; to the extent a response is required, Plaintiffs / Counterclaim Defendants deny the allegations to the extent they may misstate the law.

25. The allegations in Paragraph 21 are conclusions of law and directed toward entities other than to Plaintiffs / Counterclaim Defendants which no response is required; to the extent a response is required, Plaintiffs / Counterclaim Defendants deny the allegations to the extent they may misstate the law.

ANSWER TO COUNTERCLAIMS - 4
2:21-cv-00813-BJR

HENRY & DEGRAAFF, P.S.
119 1ST AVE S, STE 500
SEATTLE, WA 98104
V (206) 330-0595 / F (206) 400-7609

26. The allegations in Paragraph 22 under "COUNTERCLAIMS" refer to documents that speak for themselves; Plaintiffs / Counterclaim Defendants deny all allegations or characterizations inconsistent with true and accurate copies of such documents.

27. The allegations in Paragraph 23 under "COUNTERCLAIMS" refer to documents that speak for themselves; Plaintiffs / Counterclaim Defendants deny all allegations or characterizations inconsistent with true and accurate copies of such documents.

28. The allegations in Paragraph 24 under "COUNTERCLAIMS" refer to documents that speak for themselves; Plaintiffs / Counterclaim Defendants deny all allegations or characterizations inconsistent with true and accurate copies of such documents.

29. The allegations in Paragraph 25 are conclusions of law and directed toward entities other than to Plaintiffs / Counterclaim Defendants which no response is required; to the extent a response is required, Plaintiffs / Counterclaim Defendants deny the allegations to the extent they may misstate the law.

30. In answer to Paragraph 26 under "COUNTERCLAIMS", Plaintiffs / Counterclaim Defendants lack sufficient knowledge to admit or deny the allegations contained in Paragraph 26, and therefore deny them.

31. In answer to Paragraph 27 under "COUNTERCLAIMS", Plaintiffs / Counterclaim Defendants admit that they did not pay off the loan but deny all other allegations in Paragraph 27 as conclusions of law to Plaintiffs / Counterclaim Defendants which no response is required; to the extent a response is required, Plaintiffs / Counterclaim Defendants deny the allegations to the extent they may misstate the law.

**Plaintiffs' Unequitable Reliance on the Reconveyance**

32. Plaintiffs / Counterclaim Defendants repeat and reallege and incorporate by reference their responses to the foregoing paragraphs.

33. Plaintiffs / Counterclaim Defendants deny the characterization of their reliance as "unequitable."

ANSWER TO COUNTERCLAIMS - 5
2:21-cv-00813-BJR

HENRY & DEGRAAFF, P.S.
119 1ST AVE S, STE 500
SEATTLE, WA 98104
V (206) 330-0595 /  F (206) 400-7609

34. In answer to Paragraph 28 under "COUNTERCLAIMS", Plaintiffs / Counterclaim Defendants admit the same.

35. The allegations in Paragraph 29 under "COUNTERCLAIMS" refer to documents that speak for themselves; Plaintiffs / Counterclaim Defendants deny all allegations or characterizations inconsistent with true and accurate copies of such documents. Any references to the assignment of a beneficial interest are conclusions of law to Plaintiffs / Counterclaim Defendants which no response is required; to the extent a response is required, Plaintiffs / Counterclaim Defendants deny the allegations to the extent they may misstate the law.

36. In answer to Paragraph 30 under "COUNTERCLAIMS", Plaintiffs / Counterclaim Defendants lack sufficient knowledge to admit or deny the allegations contained in Paragraph 30, and therefore deny them.

37. In answer to Paragraph 31 under "COUNTERCLAIMS", Plaintiffs / Counterclaim Defendants do not believe they made any payments after the reconveyance but admit that they have not paid off the loan.

38. In answer to Paragraph 32 under "COUNTERCLAIMS", Plaintiffs / Counterclaim Defendants deny any balance remains owing on the loan.

39. In answer to Paragraph 33 under "COUNTERCLAIMS", Plaintiffs / Counterclaim Defendants admit they contacted RTR.

40. The allegations in Paragraph 34 are legal arguments or conclusions of law to which no response is required; to the extent a response is required, Plaintiffs / Counterclaim Defendants deny the allegations to the extent they may misstate the law.

41. The allegations in Paragraph 35 under "COUNTERCLAIMS" are directed toward entities other than Plaintiffs / Counterclaim Defendants and require no response; to the extent a response is required, Plaintiffs / Counterclaim Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations and, on that basis, denies them.

ANSWER TO COUNTERCLAIMS - 6
2:21-cv-00813-BJR

HENRY & DEGRAAFF, P.S.
119 1ST AVE S, STE 500
SEATTLE, WA 98104
V (206) 330-0595 / F (206) 400-7609

42. The allegations in Paragraph 36 under "COUNTERCLAIMS" are directed toward entities other than Plaintiffs / Counterclaim Defendants and require no response; to the extent a response is required, Plaintiffs / Counterclaim Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations and, on that basis, denies them.

43. The allegations in Paragraph 37 under "COUNTERCLAIMS" are directed toward entities other than Plaintiffs / Counterclaim Defendants and require no response; to the extent a response is required, Plaintiffs / Counterclaim Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations and, on that basis, denies them.

44. Plaintiffs / Counterclaim Defendants do not owe any money to the Defendant. The balance of the allegations are denied as they state conclusions of law to which no response is required and therefore denied.

45. The allegations in Paragraph 39 were asked and answered. See paragraph 32 under "COUNTERCLAIMS."

### First Cause of Action: Declaratory Relief of Recorded Reconveyance

46. The allegations in Paragraph 40 do not require an answer.

47. The allegations in Paragraph 41 are admitted.

48. The allegations in Paragraph 42 do not require an answer.

49. Plaintiffs / Counterclaim Defendants deny that RTR merits declaratory relief as requested in Paragraph 43.

### Second Cause of Action: Rescission of the Recorded Reconveyance

50. The allegations in Paragraph 44 do not require an answer.

51. The allegations in Paragraph 45 do not require an answer.

52. Plaintiffs / Counterclaim Defendants deny that RTR merits rescission of the reconveyance as requested in Paragraph 46.

ANSWER TO COUNTERCLAIMS - 7
2:21-cv-00813-BJR

HENRY & DEGRAAFF, P.S.
119 1ST AVE S, STE 500
SEATTLE, WA 98104
V (206) 330-0595 / F (206) 400-7609

**Third Cause of Action: Reinstatement of the Deed of Trust**

53. The allegations in Paragraph 47 do not require an answer.

54. Plaintiffs / Counterclaim Defendants deny that RTR merits reinstatement of the Deed of Trust as requested in Paragraph 48.

55. Plaintiffs / Counterclaim Defendants deny that RTR merits reinstatement of the Deed of Trust as requested in Paragraph 49.

56. Plaintiffs / Counterclaim Defendants deny that RTR merits reinstatement of the Deed of Trust as requested in Paragraph 50.

57. Plaintiffs / Counterclaim Defendants deny that RTR merits reinstatement of the Deed of Trust as requested in Paragraph 51.

**Fourth Cause of Action: Request for Equitable Lien**

58. The allegations in Paragraph 52 do not require an answer.

59. Plaintiffs / Counterclaim Defendants deny that RTR merits creation of an equitable lien as requested in Paragraph 53.

60. Plaintiffs / Counterclaim Defendants deny that RTR merits creation of an equitable lien as requested in Paragraph 54.

61. Plaintiffs / Counterclaim Defendants deny the allegations at Paragraph 55.

62. Plaintiffs / Counterclaim Defendants deny the allegations at Paragraph 56.

63. Plaintiffs / Counterclaim Defendants deny the allegations at Paragraph 57.

64. Plaintiffs / Counterclaim Defendants deny the allegations at Paragraph 58.

**PRAYER FOR RELIEF**

65. As to Paragraphs 1 – 5 in the Prayer for Relief portion of the Complaint, the Browns deny all paragraphs and deny that Plaintiff is entitled to any of the relief requested.

**AFFIRMATIVE DEFENSES**

By way of affirmative defense, the Plaintiffs/Counterclaim Defendants allege as follows:

66. Counterclaim Plaintiffs lacks standing to pursue this claim. Real Time Resolutions does not any secured interest against the Plaintiffs/Counterclaim Defendants since

ANSWER TO COUNTERCLAIMS - 8
2:21-cv-00813-BJR

HENRY & DEGRAAFF, P.S.
119 1ST AVE S, STE 500
SEATTLE, WA 98104
V (206) 330-0595 / F (206) 400-7609

they voluntarily reconveyed the deed of trust more than 11 year ago. Thus, they do not have standing to pursue the counterclaims.

67. Counterclaim Plaintiff's claims are barred, in whole or in part, by its refusal to mitigate its own damages. The Counterclaim Plaintiffs cannot claim damages against the Plaintiffs/Counterclaim Defendants when they were put on notice of the issue by a written communication on June 9, 2020 and Real Time Resolutions did nothing to "fix" the reconveyance and with knowledge went forward with a wrongful foreclosure action.

68. Counterclaim Plaintiff's claims are barred by the doctrine of unclean hands. The Counterclaim Plaintiffs cannot claim damages against the Plaintiffs/Counterclaim Defendants when they were put on notice of the issue by a written communication on June 9, 2020 and Real Time Resolutions did nothing to "fix" the reconveyance and with knowledge went forward with a wrongful foreclosure action.

69. Plaintiff's claims are barred by the doctrine of equitable estoppel. The Counterclaim Plaintiffs cannot claim damages against the Plaintiffs/Counterclaim Defendants when they were put on notice of the issue by a written communication on June 9, 2020 and Real Time Resolutions did nothing to "fix" the reconveyance and with knowledge went forward with a wrongful foreclosure action.

70. Plaintiff's claims are barred by the doctrine of laches. The doctrine of laches is controlled by state law. *See Merchants Transfer & Warehouse Co.*, 337 U.S. 530 (1949). The purpose of laches is to prevent injustice and hardship. *Johnson v. Schultz*, 137 Wn. 584, 589 (1926) (quotation omitted). The application of laches depends on the particular facts and circumstances of each case. *Lopp v. Peninsula Sch. Dist. No. 401*, 90 Wn.2d 754, 759 (1978). Accordingly, Washington courts have applied laches despite an applicable statute of limitations when a "special reason is shown why a shorter period should be enforced," or "some controlling equity" applies, or the facts present "highly unusual circumstances." *See Auve v. Wenzlaff*, 162 Wn. 368, 374 (1931); *Roger v. Whitham*, 56 Wn. 190, 195 (1909); *Brost v. L.A.N.D., Inc.*, 37 Wn. App. 372, 375 (1984). The facts presented in this case constitute highly unusual

ANSWER TO COUNTERCLAIMS - 9
2:21-cv-00813-BJR

HENRY & DEGRAAFF, P.S.
119 1ST AVE S, STE 500
SEATTLE, WA 98104
V (206) 330-0595 / F (206) 400-7609

circumstances and the controlling equities should compel this court to apply laches to bar Real Tim Resolution's claims. In Washington, the elements of laches are (1) knowledge or reasonable opportunity for discovery of the cause of action, (2) an unreasonable delay in commencing the action, and (3) damage resulting from the unreasonable delay. *Lopp*, 90 Wn.2d at 759. Here, the undisputed facts confirm that the borrowers did not make any payments on the mortgage after approximately June of 2009. Moreover, the facts will show that Real Time Resolutions, Inc. continuously notified the Counter-Defendants of their ongoing default but did not commence any action to recover its collateral until April of 2021.The recission happened more than 11 years ago and the Counterclaim Plaintiffs cannot claim damages against the Plaintiffs/Counterclaim Defendants when Real Time failed to monitor the status of the secured collateral for more than ten years and only now seeks to "fix" the reconveyance after knowingly going forward with a legally unsustainable foreclosure action after the Counter-Defendants provided the Counter-Plaintiff an opportunity to "fix" the reconveyance. Sophisticated corporate entities who exist to collect mortgage payments should be able to discover the default and reconveyance and take timely action to protect their rights.

71. Plaintiff's claims are barred by the doctrine of waiver The recission happened more than 11 years ago and the Counterclaim Plaintiffs which highlights the fact that Real Time failed to monitor the status of the secured collateral for more than ten years. Waiver applies because of its ongoing failure to monitor the collateral and only now seeks to "fix" the reconveyance after knowingly moving forward with a wrongful foreclosure action after being apprised of their failure to exercise due diligence.

WHEREFORE, having answers Counterclaim -Plaintiff's counterclaims, Counterclaim-Defendants request the following relief:

A. That the Counterclaim-Plaintiff's counterclaims be dismissed with prejudice, and that they take nothing thereby;

B. The Counterclaim -Defendants be awarded their attorney's fees and costs pursuant to RCW 4.84 *et seq.* as allowed by law, in equity, or otherwise;

ANSWER TO COUNTERCLAIMS - 10
2:21-cv-00813-BJR

HENRY & DEGRAAFF, P.S.
119 1ST AVE S, STE 500
SEATTLE, WA 98104
V (206) 330-0595 / F (206) 400-7609

C.     For leave to amend this answer as needed, including adding defenses and/or counterclaims;

D.     Such other relief as the Court deems just and equitable.

DATED this 9th day of September 2021.

 _/s/ Christina L Henry_
Christina L Henry, WSBA 31273
HENRY & DEGRAAFF, PS
Counsel for Plaintiffs
119 1st Ave S, Ste 500
Seattle, WA 98104
206-330-0595 Fax 206-400-7609
*chenry@hdm-legal.com*

 _/s/ Vicente Omar Barraza_
Vicente Omar Barraza, WSBA 43589
BARRAZA LAW, PLLC
Counsel for Plaintiffs
10728 16th Ave SW
Seattle, WA 98146
206-933-7861 / Fax 206-933-7863
*omar@barrazalaw.com*

_/s/ Ha Thu Dao_
Ha Thu Dao, Esq., WSBA 21793
Counsel for Plaintiffs
10728 16th Ave SW
Seattle, WA 98146
727-269-9334
hadaojd@gmail.com

ANSWER TO COUNTERCLAIMS - 11
2:21-cv-00813-BJR

**HENRY & DEGRAAFF, P.S.**
119 1ST AVE S, STE 500
SEATTLE, WA 98104
V (206) 330-0595 /  F (206) 400-7609

## CERTIFICATE OF SERVICE

I hereby certify that I caused the foregoing Answer which was sent via email notification to the following:

| | |
|---|---|
| Michael Steven DeLeo, WSBA 22037<br>Peterson Russell Kelly PLLC<br>Counsel for Defendant MTC Financial,<br>Inc. dba Trustee Corps<br>1850 Skyline Tower<br>10900 NE 4th St<br>Bellevue, WA 98004-8341<br>425-462-4700<br>Fax 452-451-0714<br>*mdeleo@prklaw.com* | Nellie Q. Barnard WSBA 50587<br>Holland & Knight<br>Counsel for Defendants Mortgage<br>Electronic Registration Systems, Inc. and<br>Real Time Resolutions, Inc.<br>601 SW Second Ave<br>Ste 1800<br>Portland, OR 97204<br>503-243-2300<br>Fax 503-243-2301<br>*nellie.barard@hklaw.com* |

EXECUTED on September 9, 2021 in Seattle, WA

*Vicente Omar Barraza*
Vicente Omar Barraza, WSBA 43589

ANSWER TO COUNTERCLAIMS - 12
2:21-cv-00813-BJR

HENRY & DEGRAAFF, P.S.
119 1ST AVE S, STE 500
SEATTLE, WA 98104
V (206) 330-0595 / F (206) 400-7609