UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| ALBERTO RIVERA MONROY and IRMA PARRA-RIVERA,<br><br>　　　　　　　　　　　Plaintiffs,<br><br>　v.<br><br>REAL TIME RESOLUTIONS, INC., et al.,<br><br>　　　　　　　　　　　Defendants. | No. 2:21-CV-813-BJR<br><br>MEMORANDUM OF DECISION AND ORDER ON PLAINTIFFS' AMENDED EMERGENCY MOTION FOR PRELIMINARY INJUNCTION |

This matter is before the Court on Plaintiffs' Amended Emergency Motion for Preliminary Injunction, which seeks to enjoin a nonjudicial foreclosure sale of Plaintiffs' home scheduled for October 1, 2021. Dkt. No. 21. Defendant Real Time Resolutions, Inc. opposes the motion.[1] None of the parties have requested a hearing or oral argument on this motion.

Having reviewed the materials submitted by the parties, the Court GRANTS Plaintiffs' motion for a preliminary injunction. The Court's memorandum of decision is below, followed by an order that sets forth the provisions of the preliminary injunction.

---

[1] Defendant MTC Financial, Inc. (doing business as "Trustee Corps") has indicated that it takes no position on the pending motion. Dkt. No. 26. Defendant Mortgage Electronic Registration Systems, Inc. (MERS) has not filed a response to Plaintiffs' motion. Before Plaintiffs filed the pending motion for a preliminary injunction, MERS had filed a motion to dismiss the claims against it; however, briefing has not yet been completed on the motion to dismiss.

ORDER - 1

## I.  Background

Plaintiffs Alberto Rivera Monroy and Irma Parra-Rivera, a married couple, have brought this action against three defendants:  (1) Real Time Resolutions, Inc. (RTR); (2) Mortgage Electronic Registration Systems, Inc. (MERS); and (3) MTC Financial, Inc., which does business as "Trustee Corps."

This case concerns Plaintiffs' second mortgage on their home at 23829 SE 248th Street in Maple Valley, Washington.  Plaintiffs allege that they acquired two loans to finance their purchase of this home in 2007.  Plaintiffs indicate that they are current on their first mortgage.  Plaintiffs maintain that the Deed of Trust for their second mortgage was reconveyed in 2009 and that this reconveyance extinguished the lien against their property that had been created by the Deed of Trust.

The second mortgage was in the amount of $79,600.  The note for this loan was executed on or about February 27, 2007, with monthly payments of $834.13.  The Deed of Trust for Plaintiffs' second mortgage was recorded as Instrument No. 20070301001246 in the King County Recorder's Office.  The Deed of Trust identified the lender as Liberty Financial Group.  Defendant MERS was listed as the lender's nominee to be the beneficiary of the Deed of Trust.

Plaintiffs argue that the Deed of Trust for their second mortgage was reconveyed by a document dated April 23, 2009, which was recorded in the King County Recorder's Office on June 3, 2009.  Plaintiffs base this argument on the fact that the reconveyance specifically listed the instrument number for the Deed of Trust for Plaintiffs' second mortgage.

RTR acknowledges that the 2009 reconveyance listed the instrument number for Plaintiffs' Deed of Trust.  However, RTR argues that the reconveyance was not intended to reconvey Plaintiffs' Deed of Trust.  Instead, RTR argues that the 2009 reconveyance was

ORDER - 2

intended to reconvey a different Deed of Trust that had been recorded as Instrument No. 20040301001246 by the King County Recorder's Office.  RTR points out that the 2009 reconveyance identified a different borrower (Meagan Evans) and a different lender (Neighborhood Mortgage Inc.), rather than listing Plaintiffs and their lender.  RTR also notes that the 2009 reconveyance referenced a Deed of Trust issued on a different date and with a different loan number than Plaintiffs' Deed of Trust.  RTR notes that there is only a difference of one digit between the instrument numbers for the two Deeds of Trust, suggesting a scrivener's error.  RTR also observes that Plaintiffs have offered no evidence indicating that they paid off the full amount of their second mortgage.

Plaintiffs have not made any payments on the second mortgage since June 2009.  RTR has proffered no evidence indicating that any efforts were made over the next 11 years to collect on amounts that RTR alleges that Plaintiffs owe on their second mortgage.

On May 12, 2020, MERS assigned the Deed of Trust for Plaintiffs' second mortgage to RTR.  At some point, RTR contacted Plaintiffs.  As a result, on June 9, 2020, Plaintiffs served a Notice of Error on RTR, in which Plaintiffs asserted that "[w]e do not owe this debt because the records of the Recorder of King County, Washington confirm you re-conveyed the deed of trust on June 3, 2009."  Dkt. No. 1-1, Ex. H.

On June 22, 2020, RTR sent Plaintiffs a response to their Notice of Error.  RTR's response did not specifically address the error alleged by Plaintiffs.  RTR informed Plaintiffs that it did not have records indicating that the loan was refinanced or otherwise satisfied, and that RTR took the "position that this account remains outstanding and collectible."  Dkt. No. 1-1, Ex. I.

ORDER - 3

On April 19, 2021, Trustee Corps, acting on behalf of RTR, issued a Notice of Default to Plaintiffs.  The following month, Trustee Corps issued a Notice of Trustee's Sale, which stated that payments had not been made on Plaintiffs' second mortgage from June 1, 2009 through May 25, 2021, and set a foreclosure sale for October 1, 2021.

On June 16, 2021, Plaintiffs filed a complaint in this Court, bringing the following claims:  (1) Violation of the federal Fair Debt Collection Practices Act by RTR and Trustee Corps; (2) violation of the federal Real Estate Settlement Procedures Act by RTR; (3) violation of the Washington State Deeds of Trust Act by all Defendants; (4) a request for a declaratory judgment regarding the status of the property and to restrain the nonjudicial foreclosure of the property; (5) violation of the Washington State Consumer Protection Act by all Defendants; (6) negligent misrepresentation by all Defendants; and (7) negligence by all Defendants.

On August 20, 2021, RTR asserted counterclaims against Plaintiffs.  RTR requests a declaratory judgment that the 2009 reconveyance did not extinguish Plaintiffs' Deed of Trust.  In the alternative, RTR seeks: (1) a rescission of the 2009 reconveyance and reinstatement of Plaintiffs' Deed of Trust; or (2) the creation of an equitable lien against Plaintiffs' property.

## II.  Discussion

To obtain a preliminary injunction, a plaintiff "must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest."  *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008).  Under Ninth Circuit law, courts may apply a "sliding scale" test in evaluating these requirements.  *Alliance for Wild Rockies v. Cottrell*, 632 F.3d 1127 (9th Cir. 2011).  Under this test, a preliminary injunction may issue if a plaintiff demonstrates "serious questions going to the merits" and that the "balance of hardships . . . tips

sharply towards the plaintiff," so long as the plaintiff also shows that there is a likelihood of irreparable injury and that the injunction is in the public interest. *Id.* at 1135.

Here, the Court finds that Plaintiffs are likely to suffer irreparable harm if a preliminary injunction is not issued and that the balance of hardships tips sharply in favor of Plaintiffs. Without a preliminary injunction, Plaintiffs face eviction from their home of 14 years and the forced sale of this property. The harm that Plaintiffs would suffer by an erroneous foreclosure sale would be irreparable; although Plaintiffs could be financially compensated through monetary damages if the foreclosure sale were later held to be improper, Plaintiffs would still have suffered the drastic effects of an eviction and the loss of their longtime home.

By contrast, RTR has not identified any hardship that it would suffer if a preliminary injunction is issued. Any potential harm to RTR by issuing a preliminary injunction could be addressed by requiring Plaintiffs to deposit into the Court's Registry the monthly payments that Plaintiffs would incur while the preliminary injunction is in effect, which the Court sets at $834.13 per month. *See also* RCW 61.24.130(1) (requiring such security payments as a condition of enjoining a foreclosure sale under the Washington Deeds of Trust Act). Plaintiffs have agreed to pay such security as a condition of a preliminary injunction.

Because the balance of hardships tips sharply in favor of Plaintiffs, a preliminary injunction may issue if Plaintiffs demonstrate that there are serious questions going to the merits of their claims. Here, there is no dispute that the 2009 reconveyance specifically identified the instrument number for Plaintiffs' Deed of Trust. Even if this was a scrivener's error, as RTR maintains, the alleged error has never been corrected. There is no evidence that MERS ever attempted to correct this alleged error before assigning Plaintiffs' Deed of Trust to RTR in May

ORDER - 5

2020.  There is also no evidence that RTR took any steps to attempt to correct this alleged error, despite the fact that Plaintiffs informed RTR of the 2009 reconveyance in June 2020.

In addition, the record indicates that Plaintiffs have not made payments on their second mortgage since June 2009, and RTR does not offer evidence that any efforts were made to collect on this alleged debt during the 11 years after Plaintiffs stopped making payments.  Nor does RTR proffer evidence that any notice of payment deficiencies was sent to Plaintiffs during those 11 years.  Inaction over such a long period of time raises equitable concerns, particularly in light of the fact that the delay resulted in Plaintiffs' original $79,600 loan mushrooming into a substantially larger alleged debt.

RTR argues that it would be inequitable to permit Plaintiffs to be relieved of their obligations under their Deed of Trust as a result of an alleged scrivener's error.  This argument is not without merit.  However, for the purposes of determining whether a preliminary injunction should issue, the Court finds that Plaintiffs have demonstrated sufficiently serious questions as to whether Washington law would permit a foreclosure sale to proceed under the unusual circumstances presented here.

Finally, the Court must consider whether a preliminary injunction would be in the public interest.  Here, the Court finds that a preliminary injunction would advance the public interest in preventing potentially unlawful foreclosures.

Therefore, the Court will grant Plaintiffs' request for a preliminary injunction to enjoin the foreclosure of their home until further order of the Court.  The Court will issue the preliminary injunction on the condition that Plaintiffs must make monthly payments to the Court's Registry in the amount of $834.13 as security, pursuant to Federal Rule of Civil Procedure 65(c).

ORDER - 6

### III. Order

For the foregoing reasons, the Court ORDERS as follows:

1. Plaintiffs' Amended Emergency Order for Preliminary Injunction (Dkt. No. 21) is GRANTED.

2. Defendants are ENJOINED from foreclosing on Plaintiffs' property located at 23829 SE 248th Street, Maple Valley, Washington until further order of the Court, and shall discontinue the trustee's sale scheduled for October 1, 2021.

3. Plaintiffs shall deposit $834.13 to the Court's Registry on or before October 1, 2021. Thereafter, Plaintiffs shall make a payment of $834.13 each month to the Court's Registry, with payment to be made on or before the first day of the month.

Dated: September 17, 2021

*Barbara J. Rothstein*

Barbara Jacobs Rothstein
U.S. District Court Judge

ORDER - 7