1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

ALBERTO RIVERA MONROY and IRMA
PARRA-RIVERA,

                                    Plaintiffs,

     v.

REAL TIME RESOLUTIONS, INC.,
MORTGAGE ELECTRONIC
REGISTRATION SYSTEMS, INC., and
MTC FINANCIAL INC. d/b/a TRUSTEE
CORPS,

                                    Defendants.

No.  2:21-cv-813-BJR

ORDER ON DEFENDANT MORTGAGE
ELECTRONIC REGISTRATION
SYSTEMS, INC.'S MOTION TO
DISMISS PLAINTIFFS' COMPLAINT
WITH PREJUDICE

     This matter comes before the Court on a motion to dismiss under Federal Rule of Civil

Procedure 12(b)(6) by Defendant Mortgage Electronic Registration Systems, Inc. ("MERS").

Dkt. No. 16.  Having reviewed the materials submitted by the parties, as well as Plaintiffs'

complaint and the materials attached to Plaintiffs' complaint, the Court GRANTS in part and

DENIES in part the motion.  The reasons for the Court's decision are set forth below.

## I.  Background

     Plaintiffs Alberto Rivera Monroy and Irma Parra-Rivera, a married couple, filed this case

on June 16, 2021.  Plaintiffs' complaint names three defendants:  (1) MERS; (2) Real Time

Resolutions, Inc. ("RTR"); and (3) MTC Financial Inc., which does business as "Trustee Corps."

ORDER - 1

This case arises from Plaintiffs' second mortgage on their home in Maple Valley, Washington. On March 1, 2007, a deed of trust for Plaintiffs' second mortgage was recorded in the King County Recorder's Office as Instrument No. 20070301001246. The deed of trust identified the lender as Liberty Financial Group, with Defendant MERS identified as the beneficiary.[1]

Central to Plaintiffs' complaint, Plaintiffs allege that the deed of trust for their second mortgage was reconveyed by a document dated April 23, 2009, which was recorded in the King County Recorder's Office on June 3, 2009.[2] For ease of reference, the Court will refer to this document as the "2009 Reconveyance." Plaintiffs contend that the 2009 Reconveyance operated to extinguish the lien upon Plaintiffs' home that had been established by the deed of trust for their second mortgage. Plaintiffs further allege that the 2009 Reconveyance was "picked up and relied upon by the public" and that WFG National Title Insurance issued a Commitment for Title Insurance that includes no reference to the deed of trust for Plaintiff's second mortgage. Dkt. No. 1 at 4.

The 2009 Reconveyance was entitled "Substitution of Trustee and Deed of Reconveyance" and referenced the instrument number (20070301001246) for the deed of trust for Plaintiffs' second mortgage. Dkt. No. 1-1, Ex. B. The document identifies MERS as the beneficiary of the subject deed of trust. The first portion of the 2009 Reconveyance substitutes Nationwide Title Clearing, Inc. as a new trustee for the subject deed of trust, and is signed on

---

[1] The Washington Deed of Trust Act defines a "beneficiary" of a deed of trust as "the holder of the instrument or document evidencing the obligations secured by the deed of trust, excluding persons holding the same security for a different obligation." RCW 61.24.005(2). Plaintiffs' complaint alleges that MERS is a corporation that "maintains an electronic registry of mortgages originated in the United States" that "keeps track of transfers of and modifications to servicing rights and ownership of mortgage loans." Dkt. No. 1 at 2.

[2] This document is attached as Exhibit B to Plaintiff's complaint. Although the parties sometimes refer to the date of the recording as June 2, 2009, the date stamp on the document is June 3, 2009.

ORDER - 2

behalf of MERS by Vice President Crystal Moore. The second portion of the document reconveys the subject deed of trust and is signed by a representative of Nationwide Title Clearing. The reconveyance portion of the document indicates that Nationwide Title Clearing had "received from the Beneficiary under said Deed of Trust a written request to reconvey, reciting that the obligation(s) secured by the Deed of Trust have been fully satisfied*." Id.*

MERS acknowledges that the 2009 Reconveyance listed the instrument number for Plaintiffs' deed of trust for their second mortgage. However, MERS contends that the 2009 Reconveyance was "a defective reconveyance recorded in the public records that plainly has no intentional relationship to [Plaintiffs'] second mortgage." Dkt. No. 16 at 2. MERS maintains that the 2009 Reconveyance was intended to reconvey a different deed of trust that had been recorded as Instrument No. 20040301001246, an instrument number that differs only by one digit from Instrument No. 20070301001246, the instrument number for Plaintiffs' deed of trust. MERS points out that the 2009 Reconveyance identified a different borrower (Meagan Evans) and a different lender (Neighborhood Mortgage Inc.), rather than listing Plaintiffs and their lender. MERS also notes that the 2009 Reconveyance referenced a deed of trust issued on a different date than Plaintiff's deed of trust.

On May 12, 2020, MERS executed and caused to be recorded a document to assign its interest in the deed of trust for Plaintiffs' second mortgage to Defendant RTR. This document is entitled "Assignment of Deed of Trust" and lists the same instrument number for the deed of trust for Plaintiffs' second mortgage that had been listed on the 2009 Reconveyance. Plaintiffs allege that this document "purportedly assigned the very Deed of Trust that was reconveyed 11 years prior." Dkt. No. 1 at 5.

ORDER - 3

1

2

3

RTR then commenced efforts to foreclose upon Plaintiffs' property.  Plaintiffs' complaint alleges that RTR issued a notice of default indicating that payments had not been made on Plaintiffs' second mortgage from June 1, 2009, to April 19, 2021.  Dkt. No. 1 at 5.

4

5

6

7

8

9

10

A nonjudicial foreclosure sale of Plaintiffs' home was scheduled for October 1, 2021.  On September 17, 2021, the Court granted Plaintiffs' motion for a preliminary injunction to enjoin Defendants RTR and Trustee Corps from proceeding with the foreclosure sale.  The Court subsequently ordered the parties to engage in early mediation of this matter.  The Court deferred consideration of MERS's motion to dismiss pending mediation.  On December 10, 2021, the mediator notified the Court that the parties were not able to settle the case.

11

12

13

14

15

16

Plaintiffs bring five claims against MERS and all other defendants:  (1) violation of the Washington Deed of Trust Act; (2) a request for a declaratory judgment; (3) violation of the Washington Consumer Protection; (4) negligent misrepresentation; and (5) negligence.[3] Pursuant to Federal Rule of Civil Procedure 12(b)(6), MERS seeks dismissal with prejudice of all claims that Plaintiffs have brought against it.

17

## II.  Discussion

18

**A.    Legal Standards**

19

20

21

22

23

A motion to dismiss for failure to state a claim under Rule 12(b)(6) is properly granted if the complaint does not "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  The plaintiff must plead "factual content that

24

25

26

---

[3] Plaintiffs have also brought claims for violation of the federal Fair Debt Collection Practices Act against Defendants RTR and Trustee Corps, as well as a claim for violation of the federal Real Estate Settlement Procedures Act against Defendant RTR.  Plaintiffs also seek injunctive relief restraining the nonjudicial foreclosure sale of Plaintiffs' home.

ORDER - 4

allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*  "A complaint may fail to show a right to relief either by lacking a cognizable legal theory or by lacking sufficient facts alleged under a cognizable legal theory." *Woods v. U.S. Bank N.A.*, 831 F.3d 1159, 1162 (9th Cir. 2016).

When considering a motion to dismiss under Rule 12(b)(6), courts must accept the factual allegations in the complaint as true and construe such allegations in the light most favorable to the plaintiff.  *Interpipe Contracting, Inc. v. Becerra*, 898 F.3d 879, 886-87 (9th Cir. 2018).  The Court may also consider documents that are submitted with and attached to the complaint. *Beverly Oaks Physicians Surgical Center, LLC v. Blue Cross & Blue Shield of Ill.*, 983 F.3d 435, 439 (9th Cir. 2020).

**B.      Plaintiffs' Claims Against MERS**

**1.   Washington Deed of Trust Act Claim**

Plaintiffs have brought a claim against MERS under the Washington Deed of Trust Act, RCW 61.24 *et seq.*  This statute "governs statutory deeds of trust in Washington and establishes the procedures required for nonjudicial foreclosure."  *Lake v. MTGLQ Investors, L.P.*, No. C17-0495JLR, 2017 WL 3839590, at *3 (W.D. Wash. Sept. 1, 2017).  In their complaint, Plaintiffs allege that MERS "violated the Deed of Trust Act in assigning the Deed of Trust of the second mortgage lien to RTR."  Dkt. No. 1 at 9.

MERS argues that Plaintiffs do not have standing under the Deed of Trust Act to challenge MERS's assignment of the deed of trust to RTR because Plaintiffs are not a party to the assignment.  MERS points to cases holding that a borrower lacks standing to challenge the assignment of a deed of trust unless the borrower is at risk of paying the same debt twice.  *See, e.g., Borowski v. BNC Mortg., Inc.*, No. C12-5867 RJB, 2013 WL 4522253, at *5 (W.D. Wash.

ORDER - 5

Aug. 27, 2013) (noting "there is ample authority that borrowers, as third parties to the assignment of their mortgage (and securitization process), cannot mount a challenge to the chain of assignments unless a borrower has a genuine claim that they are at risk of paying the same debt twice if the assignment stands."). MERS notes that Plaintiffs have not alleged that the assignment of the deed of trust to RTR placed Plaintiffs at risk of paying the same debt twice.

In response, Plaintiffs assert that they "do not challenge the validity of the documents signed and recorded by MERS but assert actual reliance on them." Dkt. No. 24 at 5. Plaintiffs maintain that MERS's assignment of the deed of trust to RTR in 2020 directly contradicted the 2009 Reconveyance, and that these documents "created cloud on [Plaintiffs'] title and threatened their ownership interest in their home due to the impending nonjudicial foreclosure." *Id.* Plaintiffs argue "this case is not about any alleged risk that Plaintiffs would have to pay the underlying debt more than once; it is about having to contest a lien that was released some eleven years prior." *Id.*

However, Plaintiffs do not point to any provision of the Deed of Trust Act or any case law that would authorize them to maintain a claim under the Deed of Trust Act against MERS under the facts alleged here. Plaintiffs also have not provided the Court with any basis to find that the complaint could be amended to state a cognizable claim under the Deed of Trust Act against MERS. Therefore, the Court will grant MERS's motion to dismiss Plaintiffs' Deed of Trust Act claims against MERS with prejudice.

### 2. Declaratory Judgment Claim

Plaintiffs' complaint indicates that they seek "a declaratory judgment under RCW 7.24.020 from the Court entitling Plaintiff to be freed from the current nonjudicial foreclosure initiated by the defendants." Dkt. No. 1 at 11. Plaintiffs' complaint further requests "declaratory

relief that the Reconveyance of the Property recorded in 2009 has the legal force and effect of extinguishing the second mortgage lien upon the Property." *Id.* at 19.

To have standing to sue for a declaratory judgment under RCW 7.24.020, a plaintiff must show that there is a justiciable controversy with the defendant.  Under Washington law, a justiciable controversy has been defined as "(1) . . . an actual, present and existing dispute, or the mature seeds of one, as distinguished from a possible, dormant, hypothetical, speculative, or moot disagreement, (2) between parties having genuine and opposing interests, (3) which involves interests that must be direct and substantial, rather than potential, theoretical, abstract or academic, and (4) a judicial determination of which will be final and conclusive." *Diversified Indus. Dev. Corp. v. Ripley*, 514 P.2d  137, 139 (Wash. 1973).

MERS argues that because it no longer holds any interest in Plaintiffs' property and has not sought to foreclose on Plaintiffs' property, there is no justiciable controversy between Plaintiffs and MERS.  As a result, MERS contends that Plaintiffs' claims for declaratory relief against MERS should be dismissed.

In their response brief, Plaintiffs contend that MERS has a "nominal" interest in the deed of trust.  Dkt. No. 24 at 6.  However, Plaintiffs cite no authority to support this bare assertion.  In addition, as noted above, a justiciable controversy must involve interests that are "direct and substantial," rather than "nominal."  Here, MERS has assigned its interests in Plaintiffs' deed of trust to Defendant RTR and has not sought to foreclose on Plaintiffs' home.  To the extent that Plaintiffs seek declaratory relief that the 2009 Reconveyance "has the legal force and effect of extinguishing the second mortgage lien" on Plaintiffs' home, as requested in their complaint (Dkt. No. 1 at 19), such a claim should be directed at Defendant RTR, who has been assigned the interest in Plaintiffs' deed of trust by MERS and who has pursued the nonjudicial foreclosure

1    proceedings against Plaintiffs.  Therefore, the Court will dismiss Plaintiffs' claim for declaratory

2    relief against MERS with prejudice.

3         **3.  Washington Consumer Protection Act Claim**

4         Plaintiffs also raise a claim against MERS under the Washington Consumer Protection

5    Act (CPA).  A CPA claim requires a plaintiff to prove five elements:  (1) an unfair or deceptive

6    act or practice; (2) occurring in trade or commerce; (3) public interest impact; (4) injury to

7    plaintiff in his or her business or property; and (5) causation.  *Hangman Ridge Training Stables,*

8    *Inc. v. Safeco Title Ins. Co.*, 719 P.2d 531, 533 (Wash. 1986).

9         Plaintiffs' complaint alleges that MERS violated the CPA by causing conflicting

10   documents regarding the deed of trust for Plaintiffs' second mortgage to be signed and recorded.

11   Plaintiffs assert that "one [document] reconveyed a mortgage lien upon Plaintiff's property, and

12   the other purports to assign the same mortgage lien to another entity."  Dkt. No. 1 at 12.  As a

13   result, Plaintiffs allege that "MERS' documents are both deceptive and unfair; they deceptively

14   induce reliance on the part of Plaintiff and the public where the information is contradictory" and

15   argue that "[t]he unfairness stems from the exceedingly long period of time MERS allowed to

16   pass between the creation and recording of these two documents."  *Id.*

17        MERS argues that Plaintiffs' CPA claim should be dismissed because "MERS committed

18   no unfair or deceptive act, nor has MERS caused Plaintiff any injuries."  Dkt. No. 16 at 9.  As a

19   preliminary matter, MERS contends that Plaintiffs' CPA claim must be dismissed because

20   MERS "did not even execute the disputed reconveyance part" of the 2009 Reconveyance.  Dkt.

21   No. 16 at 2 (emphasis omitted).  MERS notes that Nationwide Title Clearing, Inc. executed the

22   "reconveyance part" of the document in its role as the substitute trustee for the deed of trust.

23   However, the "reconveyance part of the document" specifically states that Nationwide Title

ORDER - 8

Clearing had "received from the Beneficiary under said Deed of Trust [i.e., MERS] a written request to reconvey" the subject deed of trust.  Dkt. No. 16, Ex. B.[4]  This language indicates that the 2009 Reconveyance occurred at the request of MERS, even if MERS itself did not sign the portion of the document that reconveyed the deed of trust.  As a result, the Court will not dismiss Plaintiffs' CPA claim under Rule 12(b)(6) on the grounds that MERS did not execute the "reconveyance part" of the document.

MERS also argues that it did not proximately cause injuries to Plaintiffs, as required to maintain a CPA claim.  Instead, MERS argues that any injuries that Plaintiffs suffered were caused by Plaintiffs' default on their second mortgage.

However, Plaintiffs allege in their complaint that they relied on the representations made within the 2009 Reconveyance.  Dkt. No. 1 at 6.  Viewing the factual allegations in the light most favorable to Plaintiffs, it can also reasonably be inferred from Plaintiffs' complaint that they stopped making payments on their second mortgage in reliance the 2009 Reconveyance, as the complaint indicates that Plaintiffs made no payments on their second mortgage since June 2009, the same month that the 2009 Reconveyance was recorded.  Dkt. No. 1 at 5.  As such, the Court finds that Plaintiffs' complaint sufficiently alleges that their reliance on the 2009 Reconveyance caused them to stop making payments on their second mortgage.

MERS also disputes that its 2020 assignment of the deed of trust to RTR caused injuries to Plaintiffs.  MERS argues that "[i]t is not the disputed Assignment [of the deed of trust] that empowers a beneficiary to pursue foreclosure under Washington law, but possession of the note

---

[4] *See also* RCW 61.24.110(1) (providing "[t]he trustee of record shall reconvey all or any part of the property encumbered by the deed of trust to the person entitled thereto *on written request of the beneficiary*, or  upon satisfaction of the obligation secured and written request for reconveyance made by the beneficiary or the person entitled thereto") (emphasis added).

ORDER - 9

with the right to enforce."  Dkt. No. 16 at 10.  In effect, MERS argues that RTR could have initiated nonjudicial foreclosure proceedings against Plaintiffs under Washington law as the holder of Plaintiffs' promissory note, even if MERS had not executed an assignment of Plaintiffs' deed of trust to RTR.  As other courts have noted, "the sole purpose of recording assignments of deeds of trust is to provide notice to third parties of the security interest, not to provide notice to the borrower."  *McPherson v. Homeward Residential*, No. C12-5920, 2014 WL 442378, at *5 (W.D. Wash. Feb. 4, 2014).

However, Plaintiffs contend that the 2020 Assignment of Deed of Trust "affects the title of Plaintiffs' property directly because it conflicts with the Reconveyance which extinguished the lien represented by the same Deed of Trust being assigned by MERS."  Dkt. No. 24 at 9.  Plaintiffs maintain that "[b]ecause the [2009 Reconveyance] effectively released the lien, MERS' recording of the Assignment of Deed of Trust in 2020 suggests that the same lien is still intact and subjecting Plaintiffs' home to be under nonjudicial foreclosure."  *Id.* at 10.

Construing the factual allegations in the light most favorable to Plaintiffs, the Court finds that Plaintiffs' complaint contains sufficient allegations that MERS's execution and recording of the 2020 Assignment of Deed of Trust to RTR caused injury to Plaintiffs.  Even if RTR could have sought to initiate nonjudicial foreclosure proceedings against Plaintiffs under Washington law without the recording of the Assignment of Deed of Trust, the execution and recording of the document provided notice to third parties that a security interest existed against the Plaintiffs' home.  As discussed above, Plaintiffs allege that this security interest had been extinguished 11 years earlier by the 2009 Reconveyance.  As a result, Plaintiffs have plausibly alleged that the 2020 Assignment of the Deed of Trust caused them injury.

Therefore, the Court denies MERS's motion to dismiss Plaintiff's CPA claim.

ORDER - 10

### 4. Negligent Misrepresentation Claim

Plaintiffs have also brought a claim for negligent misrepresentation against MERS.  A negligent misrepresentation claim requires Plaintiffs to establish six elements by clear, cogent, and convincing evidence: (1) the defendant supplied information for the guidance of others in their business transactions that was false, (2) the defendant knew or should have known that the information was supplied to guide the plaintiff in his business transactions, (3) the defendant was negligent in obtaining or communicating the false information, (4) the plaintiff relied on the false information, (5) the plaintiff's reliance was reasonable, and (6) the false information proximately caused the plaintiff damages.  *Ross v. Kirner*, 172 P.3d 701, 704 (Wash. 2007).

MERS argues that Plaintiffs' complaint fails to allege that MERS "supplied any false information." Dkt. No. 16 at 11.  However, Plaintiffs' complaint alleges that MERS signed documents "that directly conflict with each other: one reconveyed a mortgage lien upon Plaintiff's property, and the other purports to assign to mortgage lien to another entity for specific purpose of nonjudicial foreclosure." Dkt. No 1 at 14.  The Court finds that this allegation is sufficient to meet the pleading requirements that MERS supplied false information for the purposes of a negligent misrepresentation claim.

Similar to its arguments seeking dismissal of Plaintiffs' CPA claim, MERS also contends that Plaintiffs' negligent misrepresentation claim should be dismissed because MERS "did not execute" the 2009 Reconveyance.  Dkt. No. 16 at 11.  However, as noted above, the 2009 Reconveyance indicates that the reconveyance occurred at the request of MERS as the beneficiary of the deed of trust, even if MERS itself did not execute the "reconveyance part" of the document.

ORDER - 11

MERS also argues that Plaintiffs fail to allege reliance on any false information provided by MERS.  However, as discussed above, Plaintiffs' complaint alleges that they relied on the 2009 Reconveyance, and it can reasonably be inferred from the complaint that Plaintiffs allege that they stopped making payments on their second mortgage in June 2009 in reliance on the 2009 Reconveyance.

Therefore, the Court denies MERS's motion to dismiss Plaintiffs' negligent misrepresentation claim.

### 5.  Negligence Claim

Plaintiffs have also brought a common law claim for negligence against MERS.  To prevail on a claim for negligence, Plaintiffs must prove:  (1) the existence of a duty; (2) breach of that duty; (3) resulting injury; and (4) proximate cause.  *Ranger Ins. Co. v. Pierce County*, 192 P.3d 886, 889 (Wash. 2008).  The existence of a duty is a question of law.  *Kim v. Budget Rent A Car Systems, Inc.*, 15 P.3d 1283, 1285 (Wash. 2001).  "At common law, every individual owes a duty of reasonable care to refrain from causing foreseeable harm in interactions with others." *Beltran-Serrano v. City of Tacoma*, 442 P.3d 608, 614 (Wash. 2019).

Plaintiffs assert that MERS "owed them a duty not to create and record documents that affect their land title that are false, misleading, or simply conflict with one another."  Dkt. No. 24 at 12; *see also* Dkt. No. 1 at 17.  MERS argues that it owes no such duty to Plaintiffs, pointing to a number of cases from district courts in the Ninth Circuit in which MERS was held not to owe a duty to borrowers under a variety of circumstances.  *See* Dkt. No. 16 at 12-13.  However, the

federal district court cases cited by MERS do not involve factual allegations that appear to be analogous to those alleged by Plaintiffs here.[5]

Indeed, the factual allegations in this case are quite unusual.  There is no dispute that the 2009 Reconveyance listed the instrument number for Plaintiffs' deed of trust.  MERS itself maintains that the 2009 Reconveyance was "defective."  Dkt. No. 16 at 2.  As noted above, it can reasonably be inferred from the allegations in Plaintiffs' complaint that they stopped making payment on their second mortgage as a result of the 2009 Reconveyance – only to have MERS execute and record an assignment of the deed of trust 11 years later, and in turn to have RTR begin foreclosure proceedings as the assignee of the deed of trust.

Taking the unusual set of factual allegations in the complaint as true, the Court will deny MERS's motion to dismiss Plaintiffs' negligence claim.  The allegations in Plaintiffs' complaint are sufficient to support a claim that MERS violated a common law duty of reasonable care to refrain from causing foreseeable harm to Plaintiffs.

### III. Conclusion

For the foregoing reasons, the Court GRANTS in part and DENIES in part Defendant MERS's motion to dismiss.  The Court GRANTS MERS's motion to dismiss with prejudice Plaintiffs' claims against MERS for: (1) violation of the Washington State Deed of Trust Act; and (2) a declaratory judgment under RCW 7.24.020.  The Court DENIES MERS's motion to

---

[5] MERS appears to suggest that the district court cases cited in its briefing are "binding" precedent.  *See* Dkt. No. 16 at 12, Dkt. No. 35 at 6.  However, "[a] decision of a federal district court judge is not binding precedent in either a different judicial district, the same judicial district, or even upon the same judge in a different case."  *Camreta v. Greene*, 563 U.S. 692, 709 n.7 (2011) (quoting 18 J. Moore *et al.*, Moore's Federal Practice §134.02[1][d], p. 134-26 (3d ed. 2011)).  MERS also cites the Washington Court of Appeals' unpublished decision in *Daviscourt v. Quality Loan Servs. Corp. of Washington*, No. 74979-0-I, 2017 WL 3589249 (Wash. App. Aug. 21, 2017).  However, unpublished cases from the Washington Court of Appeals are not precedential nor binding on any court.  *See* Wash. Gen. R. 14.1(a).

ORDER - 13

1    dismiss Plaintiffs' Consumer Protection Act, negligent misrepresentation, and negligence claims

2    against MERS.

3        Dated:  March 24, 2022.

4

5

6        Barbara Jacobs Rothstein
         U.S. District Court Judge
7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

ORDER - 14