Exhibit 1

THE TERMS OF THIS LOAN CONTAIN PROVISIONS WHICH MAY REQUIRE A BALLOON PAYMENT AT MATURITY

MIN: 100237600000820753

Loan Number: [redacted]0718

# NOTE

FEBRUARY 27, 2007
**Date**

BELLEVUE
**City**

WASHINGTON
**State**

23829 SE 248TH STREET, MAPLE VALLEY, WASHINGTON 98038
**Property Address**          **City**          **State**          **Zip Code**

## 1   BORROWER'S PROMISE TO PAY

In return for a loan that I have received, I promise to pay U S $ 79,600.00          (this amount will be called "principal"), plus interest, to the order of the Lender   The Lender is   LIBERTY FINANCIAL GROUP, INC, A WASHINGTON CORPORATION
I understand that the Lender may transfer this Note   The Lender or anyone who takes this Note by transfer and who is entitled to receive payments under this Note will be called the "Note Holder "

## 2   INTEREST

I will pay interest at a yearly rate of          12.250 %
Interest will be charged on unpaid principal until the full amount of principal has been paid

## 3   PAYMENTS

I will pay principal and interest by making payments each month of U S $   834.13
I will make my payments on the   1st   day of each month beginning on   APRIL 1, 2007
I will make these payments every month until I have paid all of the principal and interest and any other charges, described below, that I may owe under this Note   If, on MARCH 1, 2022          , I still owe amounts under this Note, I will pay all those amounts, in full, on that date
I will make my monthly payments at   950 IRON POINT ROAD SUITE 240, FOLSOM, CALIFORNIA 95630

or at a different place if required by the Note Holder

## 4   BORROWER'S FAILURE TO PAY AS REQUIRED

(A)  **Late Charge for Overdue Payments**

If the Note Holder has not received the full amount of any of my monthly payments by the end of   10
calendar days after the date it is due, I will pay a late charge to the Note Holder   The amount of the charge will be          5.000 % of my overdue payment, but not less than U S $ N/A          and not more than
U S $ N/A          I will pay this late charge only once on any late payment

(B)  **Default**

If I do not pay the full amount of each monthly payment by the date stated in Section 3 above, I will be in default

Even if, at a time when I am in default, the Note Holder does not require me to pay immediately in full as described below, the Note Holder will still have the right to do so if I am in default at a later time

(C)  **Notice From Note Holder**

If I am in default, the Note Holder may send me a written notice telling me that, if I do not pay the overdue amount by a certain date, the Note Holder may require me to pay immediately the full amount of principal which has not been paid and all the interest that I owe on that amount   That date must be at least 10 days after the date on which the notice is mailed to me or, if it is not mailed, 10 days after the date on which it is delivered to me

WASHINGTON-SECOND MORTGAGE-1/80
3948          Page 1 of 3          *DocMagic eForms* 800 649 1362
www docmagic com

**(D)   Payment of Note Holder's Costs and Expenses**

If the Note Holder has required me to pay immediately in full as described above, the Note Holder will have the right to be paid back for all of its costs and expenses to the extent not prohibited by applicable law   Those expenses include, for example, reasonable attorneys' fees

## 5   THIS NOTE SECURED BY A DEED OF TRUST

In addition to the protections given to the Note Holder under this Note, a Deed of Trust, dated FEBRUARY 27, 2007            , protects the Note Holder from possible losses which might result if I do not keep the promises which I make in this Note   That Deed of Trust describes how and under what conditions I may be required to make immediate payment in full of all amounts that I owe under this Note

## 6   BORROWER'S PAYMENTS BEFORE THEY ARE DUE

I have the right to make payments of principal at any time before they are due   A payment of principal only is known as a "prepayment"   When I make a prepayment, I will tell the Note Holder in a letter that I am doing so   A prepayment of all of the unpaid principal is known as a "full prepayment"   A prepayment of only part of the unpaid principal is known as a "partial prepayment"

I may make a full prepayment or a partial prepayment without paying any penalty   The Note Holder will use all of my prepayments to reduce the amount of principal that I owe under this Note   If I make a partial prepayment, there will be no delays in the due dates or changes in the amounts of my monthly payments unless the Note Holder agrees in writing to those delays or changes   I may make a full prepayment at any time   If I choose to make a partial prepayment, the Note Holder may require me to make the prepayment on the same day that one of my monthly payments is due   The Note Holder may also require that the amount of my partial prepayment be equal to the amount of principal that would have been part of my next one or more monthly payments

## 7   BORROWER'S WAIVERS

I waive my rights to require the Note Holder to do certain things   Those things are   (A) to demand payment of amounts due (known as "presentment"), (B) to give notice that amounts due have not been paid (known as "notice of dishonor"), (C) to obtain an official certification of nonpayment (known as a "protest")   Anyone else who agrees to keep the promises made in this Note, or who agrees to make payments to the Note Holder if I fail to keep my promises under this Note, or who signs this Note to transfer it to someone else also waives these rights   These persons are known as "guarantors, sureties and endorsers"

## 8   GIVING OF NOTICES

Any notice that must be given to me under this Note will be given by delivering it or by mailing it by certified mail addressed to me at the Property Address above   A notice will be delivered or mailed to me at a different address if I give the Note Holder a notice of my different address

Any notice that must be given to the Note Holder under this Note will be given by mailing it by certified mail to the Note Holder at the address stated in Section 3 above   A notice will be mailed to the Note Holder at a different address if I am given a notice of that different address

## 9   RESPONSIBILITY OF PERSONS UNDER THIS NOTE

If more than one person signs this Note, each of us is fully and personally obligated to pay the full amount owed and to keep all of the promises made in this Note   Any guarantor, surety, or endorser of this Note (as described in Section 7 above) is also obligated to do these things   The Note Holder may enforce its rights under this Note against each of us individually or against all of us together   This means that any one of us may be required to pay all of the amounts owed under this Note   Any person who takes over my rights or obligations under this Note will have all of my rights and must keep all of my promises made in this Note   Any person who takes over the rights or obligations of a guarantor, surety, or endorser of this Note (as described in Section 7 above) is also obligated to keep all of the promises made in this Note

WASHINGTON-SECOND MORTGAGE-1/80
3948                          Page 2 of 3                    *DocMagic eForms* 800 649 1362
                                                              *www docmagic com*

WITNESS THE HAND(S) AND SEAL(S) OF THE UNDERSIGNED

_____ (Seal)        _____ (Seal)
ALBERTO RIVERA MONROY              -Borrower                                        -Borrower

_____ (Seal)        _____ (Seal)
                                   -Borrower                                        -Borrower

_____ (Seal)        _____ (Seal)
                                   -Borrower                                        -Borrower

*[Sign Original Only]*

DocMagic *eForms* 800 649 1362
www.docmagic.com

MIN  100237600000820753                        Loan Number: 0718

# BALLOON NOTE ADDENDUM
# SECOND MORTGAGE

This Balloon Note Addendum is made this 27th day of FEBRUARY, 2007 and is incorporated into and shall be deemed to amend and supplement the Note of the same date (the "Note") made by the undersigned (the "Borrower") to evidence indebtedness to LIBERTY FINANCIAL GROUP, INC, A WASHINGTON CORPORATION
(the "Lender"), which debt is secured by a Mortgage or Deed of Trust or comparable security instrument (the "Security Instrument") of the same date and covering the property described in the Security Instrument and located at
23829 SE 248TH STREET, MAPLE VALLEY, WASHINGTON 98038

(the "Property")

**Additional Covenants** Notwithstanding anything to the contrary set forth in the Note, Borrower and Lender further covenant and agree as follows

THIS LOAN IS PAYABLE IN FULL AT MATURITY   YOU MUST REPAY THE ENTIRE PRINCIPAL BALANCE OF THE LOAN AND UNPAID INTEREST THEN DUE   LENDER IS UNDER NO OBLIGATION TO REFINANCE THE LOAN AT THAT TIME   YOU WILL, THEREFORE, BE REQUIRED TO MAKE PAYMENT OUT OF OTHER ASSETS THAT YOU MAY OWN, OR YOU WILL HAVE TO FIND A LENDER, WHICH MAY BE THE LENDER YOU HAVE THIS LOAN WITH, WILLING TO LEND YOU THE MONEY   IF YOU REFINANCE THIS LOAN AT MATURITY, YOU MAY HAVE TO PAY SOME OR ALL OF THE CLOSING COSTS NORMALLY ASSOCIATED WITH A NEW LOAN EVEN IF YOU OBTAIN REFINANCING FROM THE SAME LENDER

If, on MARCH 1, 2022 I still owe amounts under this Note, I will pay those amounts in full on that date, which is called the "Maturity Date "

All other provisions of the Note are unchanged and remain in full force and effect

WITNESS THE HAND(S) AND SEAL(S) OF THE UNDERSIGNED

_____ (Seal)        _____ (Seal)
ALBERTO RIVERA MONROY    -Borrower                              -Borrower


_____ (Seal)        _____ (Seal)
                          -Borrower                              -Borrower


_____ (Seal)        _____ (Seal)
                          -Borrower                              -Borrower


BALLOON NOTE ADDENDUM SECOND MORTGAGE
FORM 650 10/21/04

DocMagic *eForms* 800 649 1362
www docmagic com

## ALLONGE

LOAN # ████ 0718

**Borrower(s)** ALBERTO RIVERA MONROY

**Property Address** 23829 SE 248TH STREET, MAPLE VALLEY, WASHINGTON 98038

**Principal Balance** $79,600.00

**Loan Date** FEBRUARY 27, 2007

### PAY TO THE ORDER OF

**Lehman Brothers Bank, FSB**

Without Recourse

Company Name LIBERTY FINANCIAL GROUP, INC

By _____
(Name)
KORI McKINNEY

_assistant Secret_
(Title)
ASSISTANT SECRETARY

Pay To The Order Of
Lehman Brothers Holding Inc
Without Recourse
Lehman Brothers Bank, FSB
By _____
E Todd Whittemore
Vice President

PAY TO THE ORDER OF
Lehman Brothers Bank, FSB
WITHOUT RECOURSE
LEHMAN BROTHERS HOLDINGS INC
BY _____
PAUL E. SVEEN
AUTHORIZED SIGNATORY

Pay To The Order Of
Without Recourse
Lehman Brothers Bank, FSB
By _____
Leo C. Trautman, Jr.
Vice President

Multistate Note Allonge

A lst c

After Recording Return To:
LIBERTY FINANCIAL GROUP, INC
205 108TH AVENUE NE #270, POST CLOSING
BELLEVUE, WASHINGTON 98004
Loan Number: 11120718



200703010001246
FIRST AMERICAN DT                45.00
PAGE001 OF 013
03/01/2007 13:22
KING COUNTY, WA

———————————————— [Space Above This Line For Recording Data] ————————————————

# DEED OF TRUST

**MIN:** 100237600000820753

13/$45

Grantor(s) (Last name first, then first name and initials):
1. MONROY, ALBERTO RIVERA
2. PARRA-RIVERA, IRMA
3.                                    FIRST AMERICAN 937269
4.
5.
6.
☐ Additional names on page        of document.

Grantee(s) (Last name first, then first name and initials):
1. MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC., (MERS)
2.
3.
4.
5.
6.
☐ Additional names on page        of document.

Legal Description (abbreviated: i.e., lot, block, plat or section, township, range):
LOT 57, BELMONT WOODS DIV. II, VOL. 172, P. 77-85.



Full legal description on page    2    of document.

Assessor's Property Tax Parcel(s) or Account Number(s): 070571-0570-02

Reference Number(s) Assigned or Released:

☐ Additional references on page        of document.

---

WASHINGTON-SECOND MORTGAGE
Form 3848 - AS AMENDED FOR MERS          Page 1 of 9          DocMagic *eForms* 800-649-1362
                                                              www.docmagic.com

THIS DEED OF TRUST is made this 27th day of FEBRUARY   2007           , among
the Grantor, ALBERTO RIVERA MONROY AND IRMA PARRA-RIVERA,
HUSBAND AND WIFE

(herein "Borrower"),
FIRST AMERICAN TITLE INSURANCE COMPANY 2101 FOURTH AVE
SUITE 800, SEATTLE, WASHINGTON 98121           (herein "Trustee"),
and the Beneficiary, Mortgage Electronic Registration Systems, Inc. ("MERS"), (solely as nominee for
Lender, as hereinafter defined, and Lender's successors and assigns).  MERS is organized and existing under
the laws of Delaware, and has an address and telephone number of P.O. Box 2026, Flint, MI 48501-2026,
tel. (888) 679-MERS.
LIBERTY FINANCIAL GROUP, INC, A WASHINGTON CORPORATION
is organized and existing under the laws of WASHINGTON           and has an address of
205 108TH AVENUE NE, #270, BELLEVUE, WASHINGTON 98004

(herein "Lender").

BORROWER, in consideration of the indebtedness herein recited and the trust herein created,
irrevocably grants and conveys to Trustee, in trust, with power of sale, the following described property
located in the County of   KING                    , State of Washington:
LOT(S) 57, BELMONT WOODS DIVISION II, ACCORDING TO THE PLAT
THEREOF RECORDED IN VOLUME 172 OF PLATS, PAGE(S) 77 THROUGH
85, RECORDS OF KING COUNTY, WASHINGTON. SITUATE IN THE
COUNTY OF KING, STATE OF WASHINGTON.
A.P.N.: 070571-0570-02


THIS SECURITY INSTRUMENT IS SECOND AND SUBORDINATE TO A
FIRST LIEN RECORDING CONCURRENTLY.
which has the address of 23829 SE 248TH STREET
                                                    [Street]
MAPLE VALLEY           , Washington   98038      (herein "Property Address");
[City]                                              [Zip Code]

TOGETHER with all the improvements now or hereafter erected on the property, and all easements,
rights, appurtenances and rents (subject however to the rights and authorities given herein to Lender to
collect and apply such rents), all of which shall be deemed to be and remain a part of the property covered
by this Deed of Trust; and all of the foregoing, together with said property (or the leasehold estate if this
Deed of Trust is on a leasehold) are hereinafter referred to as the "Property."  Borrower understands and
agrees that MERS holds only legal title to the interests granted by Borrower in this Deed of Trust;  but, if
necessary to comply with law or custom, MERS, (as nominee for Lender and Lender's successors and
assigns), has the right:  to exercise any or all of those interests, including, but not limited to, the right to
foreclose and sell the Property; and to take any action required of Lender including, but not limited to,
releasing or cancelling this Deed of Trust.

WASHINGTON-SECOND MORTGAGE
Form 3848 - AS AMENDED FOR MERS          Page 2 of 9          DocMagic eForms 800-649-1362
www.docmagic.com

TO SECURE to Lender the repayment of the indebtedness evidenced by Borrower's note dated FEBRUARY 27, 2007 and extensions and renewals thereof (herein "Note"), in the principal sum of U.S. $ 79,600.00 , with interest thereon, providing for monthly installments of principal and interest, with the balance of the indebtedness, if not sooner paid, due and payable on MARCH 1, 2022 ; the payment of all other sums, with interest thereon, advanced in accordance herewith to protect the security of this Deed of Trust; and the performance of the covenants and agreements of Borrower herein contained.

BORROWER COVENANTS that Borrower is lawfully seised of the estate hereby conveyed and has the right to grant and convey the Property, and that the Property is unencumbered, except for encumbrances of record. Borrower covenants that Borrower warrants and will defend generally the title to the Property against all claims and demands, subject to encumbrances of record.

**UNIFORM COVENANTS.** Borrower and Lender covenant and agree as follows:

1. **Payment of Principal and Interest.** Borrower shall promptly pay when due the principal and interest indebtedness evidenced by the Note and late charges as provided in the Note.

2. **Funds for Taxes and Insurance.** Subject to applicable law or a written waiver by Lender, Borrower shall pay to Lender on the day monthly payments of principal and interest are payable under the Note, until the Note is paid in full, a sum (herein "Funds") equal to one-twelfth of the yearly taxes and assessments (including condominium and planned unit development assessments, if any) which may attain priority over this Deed of Trust and ground rents on the Property, if any, plus one-twelfth of yearly premium installments for hazard insurance, plus one-twelfth of yearly premium installments for mortgage insurance, if any, all as reasonably estimated initially and from time to time by Lender on the basis of assessments and bills and reasonable estimates thereof. Borrower shall not be obligated to make such payments of Funds to Lender to the extent that Borrower makes such payments to the holder of a prior mortgage or deed of trust if such holder is an institutional lender.

If Borrower pays Funds to Lender, the Funds shall be held in an institution the deposits or accounts of which are insured or guaranteed by a Federal or state agency (including Lender if Lender is such an institution). Lender shall apply the Funds to pay said taxes, assessments, insurance premiums and ground rents. Lender may not charge for so holding and applying the Funds, analyzing said account or verifying and compiling said assessments and bills, unless Lender pays Borrower interest on the Funds and applicable law permits Lender to make such a charge. Borrower and Lender may agree in writing at the time of execution of this Deed of Trust that interest on the Funds shall be paid to Borrower, and unless such agreement is made or applicable law requires such interest to be paid, Lender shall not be required to pay Borrower any interest or earnings on the Funds. Lender shall give to Borrower, without charge, an annual accounting of the Funds showing credits and debits to the Funds and the purpose for which each debit to the Funds was made. The Funds are pledged as additional security for the sums secured by this Deed of Trust.

If the amount of the Funds held by Lender, together with the future monthly installments of Funds payable prior to the due dates of taxes, assessments, insurance premiums and ground rents, shall exceed the amount required to pay said taxes, assessments, insurance premiums and ground rents as they fall due, such excess shall be, at Borrower's option, either promptly repaid to Borrower or credited to Borrower on monthly installments of Funds. If the amount of the Funds held by Lender shall not be sufficient to pay taxes, assessments, insurance premiums and ground rents as they fall due, Borrower shall pay to Lender any amount necessary to make up the deficiency in one or more payments as Lender may require.

Upon payment in full of all sums secured by this Deed of Trust, Lender shall promptly refund to Borrower any Funds held by Lender. If under paragraph 17 hereof the Property is sold or the Property is otherwise acquired by Lender, Lender shall apply, no later than immediately prior to the sale of the Property

WASHINGTON-SECOND MORTGAGE
Form 3848 - AS AMENDED FOR MERS          Page 3 of 9          DocMagic *eFarms* 800-649-1362
www.docmagic.com

or its acquisition by Lender, any Funds held by Lender at the time of application as a credit against the sums secured by this Deed of Trust.

3. **Application of Payments.** Unless applicable law provides otherwise, all payments received by Lender under the Note and paragraphs 1 and 2 hereof shall be applied by Lender first in payment of amounts payable to Lender by Borrower under paragraph 2 hereof, then to interest payable on the Note, and then to the principal of the Note.

4. **Prior Mortgages and Deeds of Trust; Charges; Liens.** Borrower shall perform all of Borrower's obligations under any mortgage, deed of trust or other security agreement with a lien which has priority over this Deed of Trust, including Borrower's covenants to make payments when due. Borrower shall pay or cause to be paid all taxes, assessments and other charges, fines and impositions attributable to the Property which may attain a priority over this Deed of Trust, and leasehold payments or ground rents, if any.

5. **Hazard Insurance.** Borrower shall keep the improvements now existing or hereafter erected on the Property insured against loss by fire, hazards included within the term "extended coverage", and such other hazards as Lender may require and in such amounts and for such periods as Lender may require.

The insurance carrier providing the insurance shall be chosen by Borrower subject to approval by Lender; provided, that such approval shall not be unreasonably withheld. All insurance policies and renewals thereof shall be in a form acceptable to Lender and shall include a standard mortgage clause in favor of and in a form acceptable to Lender. Lender shall have the right to hold the policies and renewals thereof, subject to the terms of any mortgage, deed of trust or other security agreement with a lien which has priority over this Deed of Trust.

In the event of loss, Borrower shall give prompt notice to the insurance carrier and Lender. Lender may make proof of loss if not made promptly by Borrower.

If the Property is abandoned by Borrower, or if Borrower fails to respond to Lender within 30 days from the date notice is mailed by Lender to Borrower that the insurance carrier offers to settle a claim for insurance benefits, Lender is authorized to collect and apply the insurance proceeds at Lender's option either to restoration or repair of the Property or to the sums secured by this Deed of Trust.

6. **Preservation and Maintenance of Property; Leaseholds; Condominiums; Planned Unit Developments.** Borrower shall keep the Property in good repair and shall not commit waste or permit impairment or deterioration of the Property and shall comply with the provisions of any lease if this Deed of Trust is on a leasehold. If this Deed of Trust is on a unit in a condominium or a planned unit development, Borrower shall perform all of Borrower's obligations under the declaration or covenants creating or governing the condominium or planned unit development, the by-laws and regulations of the condominium or planned unit development, and constituent documents.

7. **Protection of Lender's Security.** If Borrower fails to perform the covenants and agreements contained in this Deed of Trust, or if any action or proceeding is commenced which materially affects Lender's interest in the Property, then Lender, at Lender's option, upon notice to Borrower, may make such appearances, disburse such sums, including reasonable attorneys' fees, and take such action as is necessary to protect Lender's interest. If Lender required mortgage insurance as a condition of making the loan secured by this Deed of Trust, Borrower shall pay the premiums required to maintain such insurance in effect until such time as the requirement for such insurance terminates in accordance with Borrower's and Lender's written agreement or applicable law.

Any amounts disbursed by Lender pursuant to this paragraph 7, with interest thereon, at the Note rate, shall become additional indebtedness of Borrower secured by this Deed of Trust. Unless Borrower and Lender agree to other terms of payment, such amounts shall be payable upon notice from Lender to Borrower requesting payment thereof. Nothing contained in this paragraph 7 shall require Lender to incur any expense or take any action hereunder.

WASHINGTON-SECOND MORTGAGE
Form 3848 - AS AMENDED FOR MERS                    Page 4 of 9                    *DocMagic eForms* 800-649-1362
www.docmagic.com

**8. Inspection.** Lender may make or cause to be made reasonable entries upon and inspections of the Property, provided that Lender shall give Borrower notice prior to any such inspection specifying reasonable cause therefor related to Lender's interest in the Property.

**9. Condemnation.** The proceeds of any award or claim for damages, direct or consequential, in connection with any condemnation or other taking of the Property, or part thereof, or for conveyance in lieu of condemnation, are hereby assigned and shall be paid to Lender, subject to the terms of any mortgage, deed of trust or other security agreement with a lien which has priority over this Deed of Trust.

**10. Borrower Not Released; Forbearance By Lender Not a Waiver.** Extension of the time for payment or modification of amortization of the sums secured by this Deed of Trust granted by Lender to any successor in interest of Borrower shall not operate to release, in any manner, the liability of the original Borrower and Borrower's successors in interest. Lender shall not be required to commence proceedings against such successor or refuse to extend time for payment or otherwise modify amortization of the sums secured by this Deed of Trust by reason of any demand made by the original Borrower and Borrower's successors in interest. Any forbearance by Lender in exercising any right or remedy hereunder, or otherwise afforded by applicable law, shall not be a waiver of or preclude the exercise of any such right or remedy.

**11. Successors and Assigns Bound; Joint and Several Liability; Co-signers.** The covenants and agreements herein contained shall bind, and the rights hereunder shall inure to, the respective successors and assigns of Lender and Borrower, subject to the provisions of paragraph 16 hereof. All covenants and agreements of Borrower shall be joint and several. Any Borrower who co-signs this Deed of Trust, but does not execute the Note, (a) is co-signing this Deed of Trust only to grant and convey that Borrower's interest in the Property to Trustee under the terms of this Deed of Trust, (b) is not personally liable on the Note or under this Deed of Trust, and (c) agrees that Lender and any other Borrower hereunder may agree to extend, modify, forbear, or make any other accommodations with regard to the terms of this Deed of Trust or the Note without that Borrower's consent and without releasing that Borrower or modifying this Deed of Trust as to that Borrower's interest in the Property.

**12. Notice.** Except for any notice required under applicable law to be given in another manner, (a) any notice to Borrower provided for in this Deed of Trust shall be given by delivering it or by mailing such notice by certified mail addressed to Borrower at the Property Address or at such other address as Borrower may designate by notice to Lender as provided herein, and (b) any notice to Lender shall be given by certified mail to Lender's address stated herein or to such other address as Lender may designate by notice to Borrower as provided herein. Any notice provided for in this Deed of Trust shall be deemed to have been given to Borrower or Lender when given in the manner designated herein.

**13. Governing Law; Severability.** The state and local laws applicable to this Deed of Trust shall be the laws of the jurisdiction in which the Property is located. The foregoing sentence shall not limit the applicability of Federal law to this Deed of Trust. In the event that any provision or clause of this Deed of Trust or the Note conflicts with applicable law, such conflict shall not affect other provisions of this Deed of Trust or the Note which can be given effect without the conflicting provision, and to this end the provisions of this Deed of Trust and the Note are declared to be severable. As used herein, "costs", "expenses" and "attorneys' fees" include all sums to the extent not prohibited by applicable law or limited herein.

**14. Borrower's Copy.** Borrower shall be furnished a conformed copy of the Note and of this Deed of Trust at the time of execution or after recordation hereof.

**15. Rehabilitation Loan Agreement.** Borrower shall fulfill all of Borrower's obligations under any home rehabilitation, improvement, repair, or other loan agreement which Borrower enters into with Lender. Lender, at Lender's option, may require Borrower to execute and deliver to Lender, in a form acceptable to

WASHINGTON-SECOND MORTGAGE
Form 3848 - AS AMENDED FOR MERS          Page 5 of 9          DocMagic *eForms* 800-649-1362
www.docmagic.com

Lender, an assignment of any rights, claims or defenses which Borrower may have against parties who supply labor, materials or services in connection with improvements made to the Property.

16.  **Transfer of the Property or a Beneficial Interest in Borrower.** If all or any part of the Property or any interest in it is sold or transferred (or if a beneficial interest in Borrower is sold or transferred and Borrower is not a natural person) without Lender's prior written consent, Lender may, at its option, require immediate payment in full of all sums secured by this Deed of Trust. However, this option shall not be exercised by Lender if exercise is prohibited by Federal law as of the date of this Deed of Trust.

If Lender exercises this option, Lender shall give Borrower notice of acceleration. The notice shall provide a period of not less than 30 days from the date the notice is delivered or mailed within which Borrower must pay all sums secured by this Deed of Trust. If Borrower fails to pay these sums prior to the expiration of this period, Lender may invoke any remedies permitted by this Deed of Trust without further notice or demand on Borrower.

**NON-UNIFORM COVENANTS.** Borrower and Lender further covenant and agree as follows:

17.  **Acceleration; Remedies.** Except as provided in paragraph 16 hereof, upon Borrower's breach of any covenant or agreement of Borrower in this Deed of Trust, including the covenants to pay when due any sums secured by this Deed of Trust, Lender prior to acceleration shall give notice to Borrower as provided in paragraph 12 hereof specifying: (1) the breach; (2) the action required to cure such breach; (3) a date, not less than 10 days from the date the notice is mailed to Borrower, by which such breach must be cured; and (4) that failure to cure such breach on or before the date specified in the notice may result in acceleration of the sums secured by this Deed of Trust and sale of the Property at public auction at a date not less than 120 days in the future. The notice shall further inform Borrower of (i) the right to reinstate after acceleration, (ii) the right to bring a court action to assert the nonexistence of a default or any other defense of Borrower to acceleration and foreclosure, and (iii) any other matters required to be included in such notice by applicable law. If the breach is not cured on or before the date specified in the notice, Lender, at Lender's option, may declare all of the sums secured by this Deed of Trust to be immediately due and payable without further demand and may invoke the power of sale and any other remedies permitted by applicable law. Lender shall be entitled to collect all reasonable costs and expenses incurred in pursuing the remedies provided in this paragraph 17, including, but not limited to, reasonable attorneys' fees.

If Lender invokes the power of sale, Lender shall give written notice to Trustee of the occurrence of an event of default and of Lender's election to cause the Property to be sold. Trustee and Lender take such action regarding notice of sale and shall give such notices to Borrower and to other persons as applicable law may require. After the lapse of such time as may be required by applicable law and after publication of the notice of sale, Trustee, without demand on Borrower, shall sell the Property at public auction to the highest bidder at the time and place and under the terms designated in the notice of sale in one or more parcels and in such order as Trustee may determine. Trustee may postpone sale of the Property for a period or periods not exceeding a total of 30 days by public announcement at the time and place fixed in the notice of sale. Lender or Lender's designee may purchase the Property at any sale.

Trustee shall deliver to the purchaser Trustee's deed conveying the Property so sold without any covenant or warranty, expressed or implied. The recitals in the Trustee's deed shall be prima facie evidence of the truth of the statements made therein. Trustee shall apply the proceeds of the sale in the following order: (a) to all reasonable costs and expenses of the sale, including, but not limited to, reasonable Trustee's and attorneys' fees and costs of title evidence; (b) to all sums secured by this Deed of Trust; and (c) the excess, if any, to the person or persons legally entitled thereto, or to the Clerk of the Superior Court of the County in which the sale took place.

WASHINGTON-SECOND MORTGAGE
Form 3848 - AS AMENDED FOR MERS                    Page 6 of 9                    DocMagic *eForms* 800-649-1362
www.docmagic.com

**18. Borrower's Right to Reinstate.** Notwithstanding Lender's acceleration of the sums secured by this Deed of Trust due to Borrower's breach, Borrower shall have the right to have any proceedings begun by Lender to enforce this Deed of Trust discontinued at any time prior to the earlier to occur of (i) the tenth day before sale of the Property pursuant to the power of sale contained in this Deed of Trust or (ii) entry of a judgment enforcing this Deed of Trust if: (a) Borrower pays Lender all sums which would then be due under this Deed of Trust and the Note had no acceleration occurred; (b) Borrower cures all breaches of any other covenants or agreements Borrower contained in this Deed of Trust; (c) Borrower pays all reasonable expenses incurred by Lender and Trustee in enforcing the covenants and agreements of Borrower contained in this Deed of Trust, and in enforcing Lender's and Trustee's remedies as provided in paragraph 17 hereof, including, but not limited to, reasonable attorneys' fees; and (d) Borrower takes such action as Lender may reasonably require to assure that the lien of this Deed of Trust, Lender's interest in the Property and Borrower's obligation to pay the sums secured by this Deed of Trust shall continued unimpaired. Upon such payment and cure by Borrower, this Deed of Trust and the obligations secured hereby shall remain in full force and effect as if no acceleration had occurred.

**19. Assignment of Rents; Appointment of Receiver; Lender in Possession.** As additional security hereunder, Borrower hereby assigns to Lender the rents of the Property, provided that Borrower shall, prior to acceleration under paragraph 17 hereof or abandonment of the Property, have the right to collect and retain such rents as they become due and payable.

Upon acceleration under paragraph 17 hereof or abandonment of the Property, Lender, in person, by agent or by judicially appointed receiver shall be entitled to enter upon, take possession of and manage the Property and to collect the rents of the Property including those past due. All rents collected by Lender or the receiver shall be applied first to payment of the costs of management of the Property and collection of rents, including, but not limited to, receiver's fees, premiums on receiver's bonds and reasonable attorneys' fees, and then to the sums secured by this Deed of Trust. Lender and the receiver shall be liable to account only for those rents actually received.

**20. Reconveyance.** Upon payment of all sums secured by this Deed of Trust, Lender shall request Trustee to reconvey the Property and shall surrender this Deed of Trust and all notes evidencing indebtedness secured by this Deed of Trust to Trustee. Trustee shall reconvey the Property without warranty to the person or persons legally entitled thereto. Such person or persons shall pay all costs of recordation, if any. Lender may charge such person or persons a fee for reconveying the Property, but only if the fee is paid to a third party (such as the Trustee) for services rendered and the charging of the fee is permitted under applicable law.

**21. Substitute Trustee.** In accordance with applicable law, Lender may, from time to time, appoint a successor trustee to any Trustee appointed hereunder who has ceased to act. Without conveyance of the Property, the successor trustee shall succeed to all the title, power and duties conferred upon the Trustee herein and by applicable law.

**22. Use of Property.** The Property is not used principally for agricultural or farming purposes.

**23. The following Riders are to be executed by Borrower.** [check box as applicable:]

| | | |
|---|---|---|
| ☐ Adjustable Rate Rider | ☐ Condominium Rider | ☐ Second Home Rider |
| ☒ Balloon Rider | ☒ Planned Unit Development Rider | ☐ Other(s) [specify] |
| ☐ 1-4 Family Rider | ☐ Biweekly Payment Rider | |

WASHINGTON-SECOND MORTGAGE
Form 3848 - AS AMENDED FOR MERS          Page 7 of 9          DocMagic *eForms* 800-649-1362
www.docmagic.com

## REQUEST FOR NOTICE OF DEFAULT
## AND FORECLOSURE UNDER SUPERIOR
## MORTGAGES OR DEEDS OF TRUST

Borrower and Lender request the holder of any mortgage, deed of trust or other encumbrance with a lien which has priority over this Deed of Trust to give Notice to Lender, at Lender's address set forth on page one of this Deed of Trust, of any default under the superior encumbrance and of any sale or other foreclosure action.

IN WITNESS WHEREOF, Borrower has executed and acknowledges receipt of pages 1 through 8 of this Deed of Trust.

_____ (Seal)
ALBERTO RIVERA MONROY  -Borrower

_Rivera Parra Irma_ (Seal)
IRMA PARRA-RIVERA      -Borrower

_____ (Seal)
                       -Borrower

_____ (Seal)
                       -Borrower

_____ (Seal)
                       -Borrower

_____ (Seal)
                       -Borrower

Witness:

Witness:

_____

_____

WASHINGTON-SECOND MORTGAGE
Form 3848 - AS AMENDED FOR MERS          Page 8 of 9

DocMagic *eForms* 800-649-1362
www.docmagic.com

State of Washington                       )
County of KING                          )

On this day personally appeared before me   ALBERTO RIVERA MONROY AND IRMA PARRA-RIVERA

, to me known to be the individual or individuals described in and who executed the within and foregoing instrument, and acknowledged that he/she/they signed the same as his/her/their free and voluntary act and deed, for the uses and purposes therein mentioned.

Given under my hand and official seal this *28* day *February 2007*

_____
Notary Public in and for the State of Washington, residing at: *Ravensdale.*

My commission expires: *2/11/10*

---

WASHINGTON-SECOND MORTGAGE
Form 3848 - AS AMENDED FOR MERS        Page 9 of 9        DocMagic *eForms* 800-649-1362
www.docmagic.com

Loan Number: 11120718

# PLANNED UNIT DEVELOPMENT RIDER

THIS PLANNED UNIT DEVELOPMENT RIDER is made this     27th     day of FEBRUARY, 2007                 , and is incorporated into and shall be deemed to amend and supplement the Mortgage, Deed of Trust or Security Deed (the "Security Instrument") of the same date, given by the undersigned (the "Borrower") to secure Borrower's Note to   LIBERTY FINANCIAL GROUP, INC, A WASHINGTON CORPORATION
(the "Lender") of the same date and covering the Property described in the Security Instrument and located at:

23829 SE 248TH STREET, MAPLE VALLEY, WASHINGTON 98038

[Property Address]

The Property includes, but is not limited to, a parcel of land improved with a dwelling, together with other such parcels and certain common areas and facilities, as described in covenants, conditions, and restrictions (the "Declaration").  The Property is a part of a planned unit development known as:

BELMONT WOODS

[Name of Planned Unit Development]

(the "PUD").  The Property also includes Borrower's interest in the homeowners association or equivalent entity owning or managing the common areas and facilities of the PUD (the "Owners Association") and the uses, benefits and proceeds of Borrower's interest.

PUD COVENANTS.  In addition to the covenants and agreements made in the Security Instrument, Borrower and Lender further covenant and agree as follows:

A.  PUD Obligations.  Borrower shall perform all of Borrower's obligations under the PUD's Constituent Documents. The "Constituent Documents" are the: (i) Declaration; (ii) articles of incorporation, trust instrument or any equivalent document which creates the Owners Association; and (iii) any by-laws or other rules or regulations of the Owners Association.  Borrower shall promptly pay, when due, all dues and assessments imposed pursuant to the Constituent Documents.

B.  Hazard Insurance.  So long as the Owners Association maintains, with a generally accepted insurance carrier, a "master" or "blanket" policy insuring the Property which is satisfactory to Lender and which provides insurance coverage in the amounts, for the periods, and against the hazards Lender requires, including fire and hazards included within the term "extended coverage," then:

    (i)   Lender waives the provision in the Uniform Covenant 2 for the monthly payment to Lender of one-twelfth of the yearly premium installments for hazard insurance on the Property; and

    (ii)  Borrower's obligation under Uniform Covenant 5 to maintain hazard insurance coverage on the Property is deemed satisfied to the extent that the required coverage is provided by the Owners Association policy.

Borrower shall give Lender prompt notice of any lapse in required hazard insurance coverage provided by the master or blanket policy.

In the event of a distribution of hazard insurance proceeds in lieu of restoration or repair following a loss to the Property, or to common areas and facilities of the PUD, any proceeds payable to Borrower are

DocMagic *eForms* 800-649-1362
www.docmagic.com

hereby assigned and shall be paid to Lender.  Lender shall apply the proceeds to the sums secured by the Security Instrument, with any excess paid to Borrower.

     **C.  Public Liability Insurance.**  Borrower shall take such actions as may be reasonable to insure that the Owners Association maintains a public liability insurance policy acceptable in form, amount, and extent of coverage to Lender.

     **D.  Condemnation.**  The proceeds of any award or claim for damages, direct or consequential, payable to Borrower in connection with any condemnation or other taking of all or any part of the Property or the common areas and facilities of the PUD, or for any conveyance in lieu of condemnation, are hereby assigned and shall be paid to Lender.  Such proceeds shall be applied by Lender to the sums secured by the Security Instrument as provided in Uniform Covenant 9.

     **E.  Lender's Prior Consent.**  Borrower shall not, except after notice to Lender and with Lender's prior written consent, either partition or subdivide the Property or consent to:

          (i)    the abandonment or termination of the PUD, except for abandonment or termination required by law in the case of substantial destruction by fire or other casualty or in the case of a taking by condemnation or eminent domain;

          (ii)   any amendment to any provision of the "Constituent Documents" if the provision is for the express benefit of Lender;

          (iii)  termination of professional management and assumption of self-management of the Owners Association; or

          (iv)  any action which would have the effect of rendering the public liability insurance coverage maintained by the Owners Association unacceptable to Lender.

     **F.  Remedies.**  If Borrower does not pay PUD dues and assessments when due, then Lender may pay them.  Any amounts disbursed by Lender under this paragraph F shall become additional debt of Borrower secured by the Security Instrument.  Unless Borrower and Lender agree to other terms of payment, these amounts shall bear interest from the date of disbursement at the Note rate and shall be payable, with interest, upon notice from Lender to Borrower requesting payment.

---

MULTISTATE PUD RIDER - Single Family
FNMA/FHLMC UNIFORM INSTRUMENT
Form 3150  9/90

Page 2 of 3

DocMagic *eForms* 800-649-1362
*www.docmagic.com*

BY SIGNING BELOW, Borrower accepts and agrees to the terms and provisions contained in this PUD Rider.


_____ (Seal)
ALBERTO RIVERA MONROY  -Borrower

_____ (Seal)
IRMA PARRA-RIVERA          -Borrower


_____ (Seal)
                           -Borrower

_____ (Seal)
                           -Borrower


_____ (Seal)
                           -Borrower

_____ (Seal)
                           -Borrower


MULTISTATE PUD RIDER - Single Family
FNMA/FHLMC UNIFORM INSTRUMENT
Form 3150  9/90                    Page 3 of 3

DocMagic eForms 800-649-1362
www.docmagic.com

MIN: 100237600000820753                Loan Number: 0718

# BALLOON RIDER
# SECOND MORTGAGE

This Balloon Rider is made this  27th  day of FEBRUARY, 2007                 and is
incorporated into and shall be deemed to amend and supplement the Mortgage, Deed of Trust or Security
Deed (the "Security Instrument") of the same date given by the undersigned (the "Borrower") to secure
Borrower's Note (the "Note") to LIBERTY FINANCIAL GROUP, INC, A
WASHINGTON CORPORATION
(the "Lender") of the same date and covering the property described in the Security Instrument and located
at 23829 SE 248TH STREET, MAPLE VALLEY, WASHINGTON 98038

(the "Property").

**Additional Covenants.**  Notwithstanding anything to the contrary set forth in the Note or Security
Instrument, Borrower and Lender further covenant and agree as follows:

**THIS LOAN IS PAYABLE IN FULL AT MATURITY.  YOU MUST REPAY THE ENTIRE
PRINCIPAL BALANCE OF THE LOAN AND UNPAID INTEREST THEN DUE.  LENDER IS
UNDER NO OBLIGATION TO REFINANCE THE LOAN AT THAT TIME.  YOU WILL,
THEREFORE, BE REQUIRED TO MAKE PAYMENT OUT OF OTHER ASSETS THAT YOU MAY
OWN, OR YOU WILL HAVE TO FIND A LENDER, WHICH MAY BE THE LENDER YOU HAVE
THIS LOAN WITH, WILLING TO LEND YOU THE MONEY.  IF YOU REFINANCE THIS LOAN
AT MATURITY, YOU MAY HAVE TO PAY SOME OR ALL OF THE CLOSING COSTS
NORMALLY ASSOCIATED WITH A NEW LOAN EVEN IF YOU OBTAIN REFINANCING FROM
THE SAME LENDER.**

By signing below, Borrower accepts and agrees to the terms and covenants contained in this Balloon
Rider.

_____ (Seal)        _____ (Seal)
ALBERTO RIVERA MONROY -Borrower         IRMA PARRA-RIVERA        -Borrower

_____ (Seal)        _____ (Seal)
-Borrower                                -Borrower

_____ (Seal)        _____ (Seal)
-Borrower                                -Borrower

BALLOON RIDER SECOND MORTGAGE
FORM 651 10/21/04                        DocMagic eForms 800-649-1362
                                         www.docmagic.com